UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ernest Payton, *et al.*,

    Plaintiffs,

v.

Union Pacific Railroad Company,

    Defendant.

Case No. 24 C 153

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Defendant Union Pacific Railroad Company moves for a more definite statement under Federal Rule of Civil Procedure 12(e). (ECF No. 14.) For the reasons below, the Court denies Union Pacific's motion.

## Background

In January 2024, Plaintiffs brought claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, against Union Pacific, which operates several railyards in Illinois. In Plaintiffs' complaint, they allege that Union Pacific required them and other truck drivers who visit three of its railyards to scan their fingerprints at identity-verification kiosks upon entry and departure as part of its biometric-tracking system. (Compl. ¶ 17, ECF No. 1.) Plaintiffs claim that Union Pacific's biometric-tracking system violates multiple provisions of BIPA, including those related to data retention, written consent, and third-party disclosure. Plaintiffs allege how many times each of them was required to scan his fingerprints at one of Union Pacific's railyards, but do not allege when the incidents took place or at which railyard, or precisely when Plaintiffs were working as truck drivers. (*Id.* ¶¶ 30–43.)

Union Pacific has moved for a more definite statement under Rule 12(e); Plaintiffs responded, and Union Pacific did not file a reply. (ECF Nos. 14, 21.) While Union Pacific's motion has been pending, the parties have proceeded to discovery; Union Pacific at one point considered moving for a stay of discovery until the Court resolved its Rule 12(e) motion, but ultimately decided against it. (*See* ECF Nos. 22, 27, 33, 35, 44.) The Court now considers Union Pacific's motion for a more definite statement.

## Discussion

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions under Rule 12(e) are disfavored generally, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Rivera v. Lake Cnty.*, 974 F. Supp. 2d 1179, 1195 (N.D. Ill. 2013). The rule therefore "is designed to strike at unintelligibility rather than want of detail." *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 992 (N.D. Ill. 2009) (cleaned up). Whether to grant a Rule 12(e) motion falls within the Court's discretion. *Meyer v. United Airlines, Inc.*, 624 F. Supp. 2d 923, 932 (N.D. Ill. 2008).

Union Pacific argues that Plaintiffs' complaint is deficient because it does not specifically allege when Plaintiffs were truck drivers, when they visited Union Pacific's railyards, and which of three railyards they visited. According to Union Pacific, this information is necessary for it to formulate its answer, potential pre-discovery motions, and discovery (though Union Pacific has since willingly proceeded to discovery).

The Court disagrees. At the pleading stage, Plaintiffs need only plead a plausible claim; "[a] full description of the facts that will prove the plaintiff's claim comes later." *Chapman v.*

*Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (explaining that plaintiffs are only required "to plead *claims* rather than facts corresponding to the elements of a legal theory"). Plaintiffs have done so—their complaint brings plausible BIPA claims against Union Pacific, including by alleging how Union Pacific's biometric-tracking system works for truck drivers at its railyards and approximately how many times each plaintiff was required to scan his fingerprints at Union Pacific's railyards without BIPA compliance. This is enough for Union Pacific to "understand the specific nature of the claim and form a responsive pleading." *Hackman v. Dickerson Realtors, Inc.*, 520 F. Supp. 2d 954, 975 (N.D. Ill. 2007) (cleaned up). Further details regarding Plaintiffs' visits to Union Pacific's railyards will no doubt be disclosed during discovery but need not be pleaded at this time to sufficiently notify Union Pacific of Plaintiffs' claims. *Remien v. EMC Corp.*, No. 04 C 3727, 2004 WL 2381876, at *2 (N.D. Ill. Oct. 19, 2004) ("Rule 12(e) motions do not function as substitutes for discovery, requiring a party to flesh out its preliminary assertions to the satisfaction of its opponent before the case can proceed out of the pleadings stage.").

Union Pacific claims that Plaintiffs' lack of more detailed allegations prevents it from deciding how it should respond and whether it should assert affirmative defenses. Specifically, Union Pacific seems to be interested in finding out whether its alleged conduct falls outside of BIPA's five-year statute-of-limitations period. That is not a proper basis for a Rule 12(e) motion. Rather, "given that Plaintiffs are not required to anticipate or plead around the affirmative defense of statute of limitations in the first instance, granting a request for a more definite statement to solidify the defense is particularly inapt." (citation omitted)). *Rose v. Nat'l Collegiate Athletic Ass'n*, 346 F. Supp. 3d 1212, 1224 (N.D. Ill. 2018); *see also Kraszinski v. Rob Roy Country Club Vill. Ass'n*, No. 17-CV-2228, 2019 WL 1239690, at *6 (N.D. Ill. Mar. 18,

3

2019) ("Defendants' request serves as a thinly veiled attempt to make Plaintiff plead facts that will in turn allow them to present their statute of limitations defense. Plaintiff's [complaint] is not unintelligible, and the law does not require him to plead around the statute of limitations to ease his opponents' burden of conducting routine discovery."); *Caruth v. Wexford Health Sources, Inc.*, No. 16 C 6621, 2018 WL 3630014, at *3 (N.D. Ill. July 31, 2018) ("So, really, the motion for a more definite statement seems to be an effort to get Caruth to plead facts that would help Wexford present its statute of limitations defense at the pleadings stage. That is not the purpose of Rule 12(e) . . . ."). Union Pacific will need to consider whether BIPA's statute of limitations precludes any of Plaintiffs' claims in the normal course of litigation.

Moreover, Union Pacific does not convincingly argue that it cannot find out the details it requests from Plaintiffs' complaint for itself. Presumably it, not Plaintiffs, keeps and can most easily access and evaluate records of Plaintiffs' visits to its railyards based on Plaintiffs' existing allegations. *See Richardson v. Kharbouch*, No. 19 C 02321, 2020 WL 1445629, at *8 (N.D. Ill. Mar. 25, 2020) ("[G]iven that the Defendants are much more likely to know [] the dates . . . it makes little sense to force Richardson to identify specific dates at the pleading stage."); *Caruth*, 2018 WL 3630014, at *3 ("Indeed, forcing Caruth to identify specific dates at this stage would be particularly inappropriate, because Wexford is far more likely than Caruth to have specific information about the dates . . . ."). Indeed, Union Pacific evidently has not found itself at much of an impasse based on Plaintiffs' allegations—it opted not to ask for a stay of discovery pending a ruling on its Rule 12(e) motion, and discovery on Plaintiffs' claims as pleaded has been proceeding without incident. (*See* ECF Nos. 33, 35, 44.) The Court sees no reason to doubt that even without the requested additional details in Plaintiffs' allegations, there is enough to "enable [Union Pacific] to respond intelligently and the court to handle the litigation effectively."

*Chapman*, 875 F.3d at 849. The Court therefore finds that Plaintiffs' complaint is not so unintelligible as to require a more definite statement and denies Union Pacific's motion.

## Conclusion

The Court denies Union Pacific's motion for a more definite statement (ECF No. 14). Union Pacific shall file a responsive pleading to Plaintiffs' complaint within fourteen days following entry of this order.

SO ORDERED.                               ENTERED: October 4, 2024

 

_____
**HON. JORGE ALONSO**
**United States District Judge**