**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ERNEST PAYTON, TOMMY HILL, MARCUS WRIGHT, DAVID UTI, JORGE SANTOYO, MAURICE MADKINS, LLEWELLYN LENARD, TONY JOHNSON, JC JOHNSON II, PERISS CRAWFORD, SUNAIR RAMCHANDANI, and JEROME BUCKNER | Case No. 24-cv-153 <br><br> District Judge Jorge L. Alonso <br><br> Magistrate Judge Heather K. McShain |
| Plaintiffs, | |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' COMPLAINT**

Defendant Union Pacific Railroad Company ("Union Pacific") hereby submits its Answer and Affirmative Defenses to the Complaint of Plaintiffs Ernest Payton, Tommy Hill, Marcus Wright, David Uti, Jorge Santoyo, Maurice Madkins, Llewellyn Lenard, Tony Johnson, JC Johnson II, Periss Crawford, Sunair Ramchandani, and Jerome Buckner (collectively, "Plaintiffs") as follows:

Union Pacific denies all factual allegations set forth in the Complaint unless expressly admitted. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts. Although Union Pacific need not admit or deny legal conclusions or arguments, Union Pacific affirmatively denies that it violated any state law, including the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"). Union Pacific further asserts that Plaintiffs should be denied any relief whatsoever, including but not limited to the relief requested in the Complaint.

Union Pacific does not respond to the headings set forth in the Complaint. To the extent that any headings contain any factual allegations, they are denied.

Union Pacific further answers the numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1.     This is an action to recover statutory liquidated damages and for injunctive relief arising out of Defendant's unlawful collection, receipt, use, possession, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiffs in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1 (2008).

**ANSWER:**  Union Pacific admits that Plaintiffs purport to bring this action to recover statutory damages and for injunctive relief under BIPA. The remaining allegations in Paragraph 1 state a legal conclusion to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 1. Union Pacific further denies that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

## THE PARTIES

2.     Each Plaintiff is a natural person and a resident and citizen of the state of Illinois.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2 and therefore denies those allegations.

3.     Defendant is a Delaware corporation that has its principal place of business in the State of Nebraska.

**ANSWER:**  Union Pacific admits it is a Delaware corporation that is headquartered in Nebraska. Union Pacific denies any remaining allegation in Paragraph 3.

4.     Defendant is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

2

**ANSWER:** Union Pacific admits it is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

<strong>JURISDICTION AND VENUE</strong>

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00 exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

**ANSWER:** Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Union Pacific admits that the amount in controversy exceeds the jurisdictional minimum.

6.      Each Plaintiff has worked as a truck driver in Illinois and is a citizen of Illinois.

**ANSWER:** Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 6 and therefore denies the allegations.

7.      Defendant is a railroad company and a Delaware corporation with its principal place of business located in the State of Nebraska.

**ANSWER:** Union Pacific admits it is a railroad company and a Delaware corporation that is headquartered in Nebraska. Union Pacific denies any remaining allegation in Paragraph 7.

8.      This Court has personal jurisdiction over Defendant because it conducts substantial business in the State of Illinois.

**ANSWER:** Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Union Pacific admits it conducts business in Illinois. Union Pacific denies the remaining allegation in Paragraph 8.

9.      Venue lies in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant can be found in this District.

**ANSWER:** Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Union Pacific admits that Union Pacific operates in this District. Union Pacific denies the remaining allegation in Paragraph 9.

## RELEVANT FACTS

10.     BIPA was enacted in 2008 for the purpose of addressing a "very serious need for protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276.

**ANSWER:** Paragraph 10 states a legal conclusion and argument to which no response is required. To the extent a response is required, Union Pacific admits that BIPA was enacted in 2008 and refers to BIPA and its legislative history for their complete and accurate contents. Union Pacific denies the remaining allegations in Paragraph 10.

11.     Biometrics are unlike other unique identifiers used to access finances or other sensitive information. "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS § 14/5(c).

**ANSWER:** Paragraph 11 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies the remaining allegations in Paragraph 11.

12.     For purposes of BIPA, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes fingerprints or a scan of hand geometry. 740 ILCS § 14/10.

**ANSWER:** Paragraph 12 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies the remaining allegations in Paragraph 12.

13.     BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id.*

**ANSWER:** Paragraph 13 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies the remaining allegations in Paragraph 13.

14.     Union Pacific Railroad Company is a railroad company.

**ANSWER:** Union Pacific admits it is a railroad company.

15.     An intermodal terminal is a railyard terminal where cargo is transferred from one mode of transport to another, such as transferring a cargo container from a truck to a train and vice versa.

**ANSWER:** Union Pacific admits that the allegations in Paragraph 15 describe one function of an intermodal terminal. Union Pacific denies that the allegations in Paragraph 15 provide the only definition of an intermodal terminal and denies that the allegations in Paragraph 15 include an exhaustive list of the functions of an intermodal terminal.

16.     Defendant operates several intermodal railyards in the State of Illinois, including railyards at the following locations:

    a.     Global 2 Intermodal Terminal located at 301 W. Lake Street, Northlake, IL 60164;

     b.    Global 4 Intermodal Terminal located at 3000 Centerpoint Way, Joliet, IL 60436; and,

     c.    Yard Center Intermodal Terminal located at 147th & Indiana, Dolton, IL 60419.

**ANSWER:** Union Pacific admits it operates intermodal facilities in the State of Illinois, including the intermodal facilities listed in Paragraph 16. Union Pacific denies the remaining allegations in Paragraph 16.

17. Defendant requires truck drivers who visit its intermodal facilities to scan their "biometric identifiers" or "biometric information" in the form of fingerprints into identity verification kiosks upon entry and departure (the "Biometric Tracking System") in order to efficiently track and process their loads through its facilities.

**ANSWER:** Union Pacific denies the allegations in Paragraph 17.

18. Each truck driver is first required to enroll into the Biometric Tracking System, by providing a scan of their "biometric identifiers" so that a digital copy or mathematical template "based on" their "biometric identifiers" (i.e. "biometric information") can be stored on a database.

**ANSWER:** Union Pacific denies the allegations in Paragraph 18.

19. The database contains a copy of each user's "biometric information," and their associated identity information.

**ANSWER:** Union Pacific denies the allegations in Paragraph 19.

20. Once a user is enrolled, each time they use the Biometric Tracking System upon entry and departure, their biometrics are scanned, analyzed, or otherwise converted into digital information that is transmitted to and compared with the database to find a matching copy or template.

**ANSWER:** Union Pacific denies the allegations in Paragraph 20.

21. Each time a truck driver uses the Biometric Tracking System, their biometric information is disseminated, disclosed, and/or redisclosed to a third-party that manages the database for purposes of verification and identification.

**ANSWER:** Union Pacific denies the allegations in Paragraph 21.

22. Once a match is found, the user is identified and authenticated, and the time of the scan is recorded.

**ANSWER:** Union Pacific admits that the purpose of the identity verification process is to identify and authenticate drivers' identities. Union Pacific denies any remaining allegations in Paragraph 22.

23. Defendant's website states that its "Intermodal terminals feature state-of-the-art technology to limit truck idling time. Driver scanning technology allows a truck to enter our facilities faster than ever, cutting each truck's processing time from several minutes to as little as 60 seconds."

**ANSWER:** Union Pacific admits its website includes the statement in Paragraph 23.

24. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS § 14/15(a) and (b).

**ANSWER:** Paragraph 24 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 24.

25.     BIPA also establishes standards for how private entities must handle biometric identifiers and biometric information. *See* 740 ILCS § 14/15(c)-(d). BIPA makes it unlawful for companies to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." Furthermore, no company may "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless":

(1)     the person or customer consents to the disclosure or redisclosure;

(2)     the disclosure or redisclosure completes a financial transaction requested or authorized by the person or customer;

(3)     the disclosure or redisclosure is required by state or federal law or municipal ordinance; or

(4)     the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

*See* 740 ILCS § 14/15(c)-(d).

**ANSWER:** Paragraph 25 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 25.

26.     BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

**ANSWER:** Paragraph 26 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 26.

27. Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. For example, the BIPA does not limit what kinds of biometric data may be obtained, collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be obtained, collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

**ANSWER:** Paragraph 27 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 27.

28. The Illinois legislature concluded that the increased risk of future harm is a compensable loss under BIPA. *Rosenbach* v. *Six Flags Entm't Corp.,* 2019 IL 123186, ¶ 35, 129 N.E.3d 1197, 1206 citing 740 ILCS § 14/5(c) (noting increased risk of identity theft should biometrics be compromised); *Dillon* v. *Evanston Hosp.,* 199 Ill. 2d 483, 507, 771 N.E.2d 357, 372 (2002) (finding risk of future injury compensable as an element of damages in medical malpractice case). The legislature's decision is particularly reasonable given that the statute of limitations on BIPA claims presumably runs from the date of the collection of biometrics, whereas the future injury may not occur until after the statute has run.

**ANSWER:** Paragraph 28 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA and its legislative history, and

to BIPA case law, for their complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 28.

29.     Plaintiffs seek an award of liquidated damages due to the difficulty in quantifying their harm.

**ANSWER:**  Union Pacific admits that Plaintiffs seek liquidated damages. Union Pacific denies the remaining allegations in Paragraph 29. Union Pacific further denies that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

## FACTS SPECIFIC TO THE PLAINTIFFS

30.     While working as truck drivers, Plaintiffs were required to visit various intermodal railyards, including railyards owned and operated by the Defendant to drop off and pick up loads.

**ANSWER:**  Union Pacific admits that Plaintiffs visited railyards it owned and operated to drop off and pick up loads. Union Pacific denies any remaining allegations in Paragraph 30.

31.     Each time a Plaintiff visited a railyard operated by the Defendant, the Plaintiffs were required to scan their finger at a kiosk connected to the Defendant's Biometric Tracking System two times; once upon arriving, and once upon leaving.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 31.

32.     While employed as a truck driver, Plaintiff, Ernest Payton, was required to scan his finger at Defendant's railyards at least 4,000 times.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 32 and therefore denies those allegations.

33.     While employed as a truck driver, Plaintiff, Tommy Hill, was required to scan his finger at Defendant's railyards at least 800 times.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33 and therefore denies those allegations.

34.     While employed as a truck driver, Plaintiff, Marcus Wright, was required to scan his finger at Defendant's railyards at least 2,000 times.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 34 and therefore denies those allegations.

35.     While employed as a truck driver, Plaintiff David Uti, was required to scan his finger at Defendant's railyards at least 5,000 times.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 35 and therefore denies those allegations.

36.     While employed as a truck driver, Plaintiff, Jorge Santoyo, was required to scan his finger at Defendant's railyards.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 36 and therefore denies those allegations.

37.     While employed as a truck driver, Plaintiff, Maurice Madkins, was required to scan his finger at Defendant's railyards at least 100 times.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 37 and therefore denies those allegations.

38.     While employed as a truck driver, Plaintiff, Llewellyn Lenard, was required to scan his finger at Defendant's railyards at least 2,000 times.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38 and therefore denies those allegations.

39.     While employed as a truck driver, Plaintiff, Tony Johnson, was required to scan his finger at Defendant's railyards at least 2,000 times.

**ANSWER**: Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 39 and therefore denies those allegations.

40.    While employed as a truck driver, Plaintiff, JC Johnson II, was required to scan his finger at Defendant's railyards at least 700 times.

**ANSWER**: Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 40 and therefore denies those allegations.

41.    While employed as a truck driver, Plaintiff, Periss Crawford, was required to scan his finger at Defendant's railyards at least 150 times.

**ANSWER**: Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 41 and therefore denies those allegations.

42.    While employed as a truck driver, Plaintiff, Sunair Ramchandani, was required to scan his finger at Defendant's railyards at least 400 times.

**ANSWER**: Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 42 and therefore denies those allegations.

43.    While employed as a truck driver, Plaintiff, Jerome Buckner, was required to scan his finger at Defendant's railyards at least 750 times.

**ANSWER**: Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 43 and therefore denies those allegations.

44.    Defendant's Biometric Tracking System used, collected, and stored a scan of each Plaintiff's fingerprint or hand geometry.

**ANSWER**: Union Pacific denies the allegations in Paragraph 44.

45.    Alternatively, Defendant's Biometric Tracking System used, collected, and stored an encrypted mathematical representation of each Plaintiffs fingerprint or hand geometry.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 45.

46.     In either event, Defendant's Biometric Tracking System used, collected, and stored unique ¨biometric identifiers" and "biometric information" as both terms are defined in BIPA, that belong to the Plaintiffs.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 46.

47.     Defendant never informed Plaintiffs of the specific limited purpose or length of time for which the Defendants collected, stored, or used their "biometric identifier" or "biometric information."

**ANSWER:**  Union Pacific denies the allegations in Paragraph 47.

48.     Similarly, Defendant never informed Plaintiffs of any biometric data retention policy it developed, nor whether it will ever permanently delete their ¨biometric information."

**ANSWER:**  Union Pacific denies the allegations in Paragraph 48.

49.     Defendant did not have a data retention policy at the time it collected the Plaintiffs' "biometric information."

**ANSWER:**  Union Pacific denies the allegations in Paragraph 49.

50.     Defendant did not comply with any data retention policy regarding its use of Plaintiffs' "biometric information."

**ANSWER:**  Union Pacific denies the allegations in Paragraph 50.

51.     Defendant did not delete Plaintiffs' "biometric information" after the initial purpose of collecting same, i.e. tracking, verification, and authentication, had been satisfied.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 51.

52.     Plaintiffs never signed a written release allowing Defendant to collect, capture, or otherwise obtain their "biometric information."

**ANSWER:**  Union Pacific denies the allegations in Paragraph 52.

53.     Plaintiffs have continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's repeated violations of the BIPA alleged herein.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 53.

54.     This lawsuit is Plaintiffs' one and only chance to obtain compensation for Defendant's violations of BIPA. Depending on how technology evolves years into the future, losing control of and ownership over very personal identifiers could have untold harmful consequences.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 54 and therefore denies those allegations. Union Pacific further denies that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, the relief requested in the Complaint.

## COUNT I

**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, et seq.**

55.     Plaintiffs restate paragraphs 1 through 54 of the complaint as if set out here in full.

**ANSWER:**  Union Pacific incorporates the foregoing answers as if fully set forth herein.

56.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy. Specifically, these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 15(a).

14

**ANSWER:** Paragraph 56 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 56.

57. Defendant failed to comply with these BIPA mandates.

**ANSWER:** Union Pacific denies the allegations in Paragraph 57.

58. Defendant is a non-governmental entity registered to do business in Illinois and is a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER:** Paragraph 58 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific admits that it is a private entity but denies that it is a "private entity" under BIPA or that it is subject to liability under BIPA.

59. Plaintiffs are each an individual who had "biometric identifiers" (in the form of fingerprints) collected by Defendant. *See* 740 ILCS § 14/10.

**ANSWER:** Union Pacific denies the allegations in Paragraph 59.

60. Plaintiffs' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

**ANSWER:** Union Pacific denies the allegations in Paragraph 60.

61. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 15(a).

**ANSWER:** Union Pacific denies the allegations in Paragraph 61.

62. Defendant failed to make any written policy establishing a retention schedule and guidelines for permanent deletion of biometric data publicly available.

**ANSWER:** Union Pacific denies the allegations in Paragraph 62.

63.     Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' biometric data when the purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 63.

64.     Plaintiffs have never seen, been able to access, or ever informed of any publicly available biometric data retention policy or guidelines developed by Defendant, nor have they ever seen, been able to access, or ever informed of whether Defendant would ever permanently delete their biometric data.

**ANSWER:**  Union Pacific lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 64 and therefore denies those allegations.

65.     Defendant knew, or was reckless in not knowing, that the Biometric Tracking System it used would be subject to the provisions of BIPA, a law in effect since 2008, yet has completely failed to comply with Section 15(a) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(a) of BIPA.

**ANSWER:**  Paragraph 65 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 65.

66.     Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(a) of BIPA.

**ANSWER:**  Paragraph 66 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 66.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court provide each Plaintiff with the following relief:

a.   Declaring that Defendant violated Section 15(a) of BIPA;

b.   Requiring Defendant to comply with BIPA's requirements for the collection, otherwise obtainment, storage, use, and dissemination of biometric identifiers and biometric information as described herein;

c.   Requiring Defendant to destroy biometric identifiers or biometric information pursuant to and in compliance with Section 15(a) of BIPA;

d.   Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

e.   Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

f.   Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

g.   Enjoining Defendant from further violations of Section 15(a) of BIPA.

**ANSWER:**  Union Pacific denies that Plaintiffs are entitled to recover any of the relief sought in the Complaint, including but not limited to the relief sought in the "Wherefore" clause above.

## COUNT II

**Violation of § 15(b) of BIPA**
**[Failure to Obtain Informed Written Consent and Release**
**Before Obtaining Biometric Identifiers or Information]**

67.   Plaintiffs restate paragraphs 1 through 54 of the complaint as if set out here in full.

**ANSWER:**  Union Pacific incorporates the foregoing answers as if fully set forth herein.

68.   BIPA requires companies to obtain informed written consent from its workers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in

17

writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

**ANSWER:** Paragraph 68 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 68.

69. "A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron* v. *White Castle System, Inc.,* 2023 IL 128004 ¶ 24 (internal citation omitted).

**ANSWER:** The allegations in Paragraph 69 purport to paraphrase or quote an opinion, which speaks for itself, and Union Pacific respectfully refers the Court to that opinion for a full and complete recitation of the contents therein. Union Pacific denies any remaining allegations in Paragraph 69.

70. Informed consent is the "heart of BIPA." *Bryant* v. *Compass Grp. USA, Inc.,* 958 F.3d 617, 626 (7th Cir. 2020).

**ANSWER:** The allegations in Paragraph 70 purport to paraphrase or quote an opinion, which speaks for itself, and Union Pacific respectfully refers the Court to that opinion for a full and complete recitation of the contents therein. Union Pacific denies any remaining allegations in Paragraph 70.

71.     Defendant failed to comply with these BIPA mandates.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 71.

72.     Defendant is a non-governmental entity registered to do business in Illinois and is a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER:**  Paragraph 72 states a legal conclusion to which no response is required. To the extent a response is required, Union Pacific admits that it is a private entity but denies that it is a "private entity" under BIPA or that it is subject to liability under BIPA.

73.     Plaintiffs are each an individual who had "biometric identifiers" (in the form of fingerprints) collected by Defendant *See* 740 ILCS § 14/10.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 73.

74.     Plaintiffs' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

**ANSWER:**  Union Pacific denies the allegations in Paragraph 74.

75.     Defendant collected, captured or otherwise obtained Plaintiffs' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

**ANSWER:**  Union Pacific denies the allegations in Paragraph 75.

76.     Defendant never informed Plaintiffs in writing that their biometric identifier or biometric information was being collected or stored, or of the specific length of term for which their biometric identifiers and/or biometric information were being collected, stored or used before collecting, storing or using them as required by 740 ILCS § 14/15(b)(l)-(2).

**ANSWER:**  Union Pacific denies the allegations in Paragraph 76.

77.      Prior to collecting Plaintiffs' biometric identifiers and information, Defendant never obtained a written release authorizing such collection. 740 ILCS § 14/15(b)(3).

**ANSWER:**  Union Pacific denies the allegations in Paragraph 77.

78.      By collecting, capturing, and otherwise obtaining Plaintiffs' biometric identifiers or information as described herein, Defendant violated Plaintiffs' privacy in their biometric identifiers and information as set forth in BIPA *each time* the Defendant collected, captured, obtained, stored or used Plaintiffs' biometric identifiers or information. *See* 740 ILCS § 14/1, *et seq.; Cothron* v. *White Castle System, Inc.,* 2023 IL 128004 ¶ 24. "[T]he plain language of section 15(b) and 15(d) demonstrates that such violations occur with every scan or transmission." *Id.* at ¶ 30.

**ANSWER:**  Paragraph 78 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 78.

79.      Defendant knew, or was reckless in not knowing, that the Biometric Tracking System would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with Section 15(b) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

**ANSWER:**  Paragraph 79 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 79.

80.      Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(b) of BIPA.

**ANSWER:**  Paragraph 80 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 80.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court provide each Plaintiff with the following relief:

> a.     Declaring that Defendant violated Section 15(b) of BIPA;
>
> b.     Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);
>
> c.     Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2);
>
> d.     Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and
>
> e.     Enjoining Defendant from further violations of Section 15(b) of BIPA.

**ANSWER:** Union Pacific denies that Plaintiffs are entitled to recover any of the relief sought in the Complaint, including but not limited to the relief sought in the "Wherefore" clause above.

## COUNT III

### Violation of § 15(d) of BIPA
### [Disclosure of Biometric Identifiers or Information Without Obtaining Consent]

81.     Plaintiffs restate paragraphs 1 through 54 of the complaint as if set out here in full.

**ANSWER:** Union Pacific incorporates the foregoing answers as if fully set forth herein.

82.     BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS § 14/15(d).

**ANSWER:** Paragraph 82 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific refers to BIPA for its complete and accurate contents. Union Pacific denies any remaining allegations in Paragraph 82.

21

83.     Defendant failed to comply with this BIPA mandate.

**ANSWER:** Paragraph 83 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 83.

84.     Defendant is a non-governmental entity registered to do business in Illinois and is a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER:** Paragraph 84 states a legal conclusion and argument to which no response is required. To the extent a response is required, Union Pacific admits that it is a private entity but denies that it is a "private entity" under BIPA or that it is subject to liability under BIPA.

85.     Plaintiffs are each an individual who had "biometric identifiers" (in the form of fingerprints) collected by Defendant, as explained in detail above. *See* 740 ILCS § 14/10.

**ANSWER:** Paragraph 85 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 85.

86.     Plaintiffs' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

**ANSWER:** Paragraph 86 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 86.

87.     Defendant systematically and automatically collected, captured, or otherwise disseminated each Plaintiff's biometric identifiers and/or biometric information without obtaining the consent required by 740 ILCS § 14/15(d)(l).

**ANSWER:** Paragraph 87 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 87.

88.     By utilizing Biometric Tracking System, Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers or biometric

information of Plaintiffs to at least a third-party database management company employed by the Defendant without first obtaining the Plaintiffs' consent required by 740 ILCS § 14/15(d)(1).

**ANSWER:** Paragraph 88 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 88.

89.     By disclosing, redisclosing, or otherwise disseminating Plaintiffs' biometric identifiers and biometric information without their consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of the Plaintiffs' biometric identifiers in violation of Plaintiffs' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

**ANSWER:** Paragraph 89 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 89.

90.     Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with the statute, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

**ANSWER:** Paragraph 90 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 90.

91.     Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(d) of BIPA.

**ANSWER:** Paragraph 91 states legal conclusions and argument to which no response is required. To the extent a response is required, Union Pacific denies the allegations in Paragraph 91.

92.　"[T]he plain language of section 15(d) supports the conclusion that a claim accrues upon each transmission of a person's biometric identifier or information without prior informed consent." *White Castle System, Inc.,* 2023 IL 128004 at ¶ 29.

**ANSWER:**　The allegations in Paragraph 92 purport to paraphrase or quote an opinion, which speaks for itself, and Union Pacific respectfully refers the Court to that opinion for a full and complete recitation of the contents therein. Union Pacific denies any remaining allegations in Paragraph 92.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court provide each Plaintiff with the following relief:

    a.　Declaring that Defendant violated Section 15(d) of BIPA;

    b.　Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

    c.　Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2);

    d.　Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

    e.　Enjoining Defendant from further violations of Section 15(d) of BIPA.

**ANSWER:** Union Pacific denies that Plaintiffs are entitled to recover any of the relief sought in the Complaint, including but not limited to the relief sought in the "Wherefore" clause above.

## JURY DEMAND

Plaintiffs hereby respectfully demand a trial by jury.

**ANSWER:** Union Pacific admits that Plaintiffs purport to seek a jury trial, but denies that Plaintiffs are entitled to recover any of the relief sought in the Complaint.

## **AFFIRMATIVE DEFENSES**

Alternatively, and without waiving the foregoing denials, Union Pacific asserts the affirmative and additional defenses below. The defenses asserted below are based on Union Pacific's knowledge, information, and belief at this time. Union Pacific reserves the right to modify, amend, or supplement any defense below at any time. Union Pacific further specifically reserves the right to assert in response to the Complaint any additional or different defenses and affirmative defenses based on knowledge or information obtained during discovery or investigation. Further, these affirmative defenses may be employer-specific and customer-specific based on facts not known to Union Pacific. Union Pacific reserves the right to add employer-specific and customer-specific defenses or any other applicable defenses as the litigation develops.

By pleading these defenses, Union Pacific does not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issues in this action. Moreover, all defenses, which may be applied in the alternative, do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever. Finally, for the avoidance of doubt, Union Pacific is overinclusive in setting forth these affirmative defenses, meaning that it includes as affirmative defenses certain defenses that it believes to be ordinary defenses rather than affirmative defenses under Federal Rule of Civil Procedure 8(c).

**FIRST AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part because BIPA is preempted by federal laws, including, but not limited to, the Federal Railroad Safety Act, the Interstate Commerce Commission Termination Act, and the Federal Aviation Administration Authorization Act.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part because BIPA is preempted by federal labor law. To the extent that Plaintiffs were members of a union during the period applicable to the Complaint, their claims are preempted by federal labor law.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part because Plaintiffs consented to the conduct that is alleged to violate BIPA. Plaintiffs, who used a finger-scan device voluntarily, consented to the practices the Complaint challenges by agreeing to use the technology at issue. Plaintiffs further retroactively and prospectively consented to use the technology at issue.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part because it is time-barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part under the doctrines of release, estoppel, waiver, ratification, and/or acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part by the doctrine of laches because Plaintiffs unreasonably delayed seeking recovery under BIPA.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under the doctrine of unclean hands. Plaintiffs approved and, in some cases, participated in the complained-of conduct by using and agreeing to use the technology at issue.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Union Pacific substantially complied with BIPA at all times relevant to the allegations in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the technology at issue does not collect, store, or capture "biometric identifiers" or "biometric information" as defined in BIPA. To the extent the statute applies to the technology at issue, Plaintiffs' claims are barred in whole or in part based on Union Pacific's good faith and reasonable interpretation of BIPA, substantial compliance therewith, and/or the absence of any intentional, reckless, or negligent violation of the statute.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the 2024 amendments to BIPA in Illinois Senate Bill 2979.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of primary assumption of the risk because Plaintiffs were fully aware of the privacy risks associated with their use of the technology at issue, and they approved of and participated in the conduct of which they now complain.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because BIPA's damages provisions, if applied in the manner sought by Plaintiffs, would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and further violate similar guarantees provided by the Illinois Constitution, including but not limited to Article I, Section 2.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because BIPA's damages provisions, if applied in the manner sought by Plaintiffs to Union Pacific's operation of its intermodal rail terminals, constitute an undue and impermissible tax, burden, and regulation of interstate commerce in violation of the Commerce Clause, Article I, Section 8 of the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent they require the extraterritorial application of BIPA.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they are subject to arbitration agreements.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they relate to Union Pacific's conduct as a contractor, subcontractor, or agent of a state agency, local unit of government, or other applicable unit of government.

For the reasons stated herein, Union Pacific prays that:

1. Plaintiffs' Complaint be dismissed in its entirety, with prejudice, and that judgment be entered in favor of Union Pacific;

2. Any and all claims for damages of any sort be denied;

3. Union Pacific be awarded attorneys' fees, expenses, and costs; and

4. For such other relief as the Court deems proper and just.

Dated: October 18, 2024      Respectfully submitted,

**DEFENDANT UNION PACIFIC RAILROAD COMPANY**

By:     */s/ Johanna Spellman*
           Johanna Spellman, One of the Attorneys for
           Defendant Union Pacific Railroad Company

           Sean M. Berkowitz (Illinois Bar No. 6209701)
             sean.berkowitz@lw.com
           Johanna Spellman (Illinois Bar No. 6293851)
             johanna.spellman@lw.com
           Kathryn A. Running (Illinois Bar No. 6330369)
             kathryn.running@lw.com
           LATHAM & WATKINS LLP
           330 North Wabash Avenue, Suite 2800
           Chicago, Illinois 60611
           Telephone: (312) 876-7700
           Facsimile: (312) 993-9767