**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERNEST PAYTON, TOMMY HILL, MARCUS WRIGHT, DAVID UTI, JORGE SANTOYO, MAURICE MADKINS, LLEWELLYN LENARD, TONY JOHNSON, JC JOHNSON II, PERISS CRAWFORD, SUNAIR RAMCHANDANI, and JEROME BUCKNER, <br><br>Plaintiffs, <br><br>v. <br><br>UNION PACIFIC RAILROAD COMPANY, <br><br>Defendant. | Case No. 24-cv-153 <br><br>District Judge Jorge L. Alonso <br><br>Magistrate Judge Heather K. McShain |

**JOINT MOTION TO ENTER AN AGREED BRIEFING SCHEDULE AND
STAY DISCOVERY PENDING RULING ON UNION PACIFIC RAILROAD
COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 1 and 16(b)(4), Plaintiffs Ernest Payton, Tommy Hill, Marcus Wright, David Uti, Jorge Santoyo, Maurice Madkins, Llewellyn Lenard, Tony Johnson, JC Johnson II, Periss Crawford, Sunair Ramchandani, and Jerome Buckner (collectively, "Plaintiffs") and Defendant Union Pacific Railroad Company ("Union Pacific" and, together with Plaintiffs, the "Parties") jointly request that this Court enter an Order (a) setting a briefing schedule for Union Pacific's Motion for Summary Judgment (Dkt. 65), (b) staying discovery pending a ruling on that motion, and (c) vacating the March 6, 2025 fact discovery deadline (Dkt. 59). In support, the Parties state as follows:

1. Plaintiffs allege that Union Pacific violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), by collecting, using, and disclosing their biometric identifiers and information without their informed consent through the use of a finger scanning

1

device at Union Pacific's Illinois intermodal facilities. *See* Compl. (Dkt. 1). Section 25(e) of BIPA provides that the Act does not "apply to a contractor [or] subcontractor … of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e).

2. On February 10, 2025, Union Pacific filed the Motion for Summary Judgment. Dkt. 65. In the motion, Union Pacific argues it is exempt from liability under Section 25(e) because it is and was a government contractor and subcontractor at all pertinent times. Union Pacific's motion thus raises a dispositive issue—whether BIPA applies to Union Pacific at all—and if the motion is granted, this case will be dismissed.

3. Plaintiffs oppose the Motion for Summary Judgment and intend to file an Opposition.

4. For purposes of the Motion for Summary Judgment only, the Parties stipulate as follows: When Plaintiffs' fingers were scanned at Union Pacific's intermodal facilities, Plaintiffs were not performing work pursuant to the state or local government contracts cited in Union Pacific's Motion for Summary Judgment.

5. With this stipulation, the Parties agree that additional discovery is not needed for the Court to resolve the Motion.

6. In light of this stipulation and agreement, which streamlines the issues and avoids the possibility of contested and potentially costly discovery and related motion practice concerning the summary judgment motion, the Parties have agreed to and jointly request a stay of discovery pending resolution of the Motion. As noted above, Union Pacific's submits that its Motion for

Summary Judgment could dispose of the case. The requested stay is therefore in the interest of judicial economy.

7. The Parties have conferred and have reached an agreement on the following proposed briefing schedule on the Motion for Summary Judgment:

- Deadline for Plaintiffs' opposition: March 7, 2025.
- Deadline for Union Pacific's reply: March 21, 2025.

WHEREFORE, the Parties respectfully request that this Court enter an Order: (i) setting a deadline of March 7, 2025 for Plaintiffs' opposition to Union Pacific's Motion for Summary Judgment and a deadline of March 21, 2025 for Union Pacific's reply; (ii) staying discovery pending the Court's decision on Union Pacific's Motion for Summary Judgment; and (iii) given the stay, vacating the March 6, 2025 fact discovery deadline.

Dated: February 14, 2025　　　　　　　　　Respectfully submitted,

| | |
|---|---|
| */s/ David M. Bizar* (with consent) | */s/ Johanna Spellman* |
| David M. Bizar, One of the Attorneys for Plaintiffs | Johanna Spellman, One of the Attorneys for Defendant Union Pacific Railroad Company |
| | |
| David M. Bizar | Sean M. Berkowitz (Illinois Bar No. 6209701) |
| DJC LAW, PLLC | 　sean.berkowitz@lw.com |
| 1012 W. Anderson Lane | Johanna Spellman (Illinois Bar No. 6293851) |
| Austin, Texas 78757 | 　johanna.spellman@lw.com |
| Telephone: 512.220.1800 | Kathryn A. Running (Illinois Bar No. 6330369) |
| Email: dbizar@teamjustice.com | 　kathryn.running@lw.com |
| | LATHAM & WATKINS LLP |
| Samuel L. Eirinberg | 330 N. Wabash Avenue, Suite 2800 |
| DJC LAW, PLLC | Chicago, Illinois 60611 |
| 140 S. Dearborn Street, Suite 1610 | Telephone: (312) 876-7700 |
| Chicago, Illinois 60602 | Facsimile: (312) 993-9767 |
| Telephone: 872.804.3400 | |
| Email: sam@teamjustice.com | |
| | *Counsel for Union Pacific Railroad Company* |
| *Counsel for Plaintiffs* | |