# EXHIBIT B



# Transcript of Hearing

**Date:** May 29, 2024
**Case:** Rojo -v- Homer Tree Care, Inc.

**Planet Depos**
**Phone:** 888.433.3767
**Email:** transcripts@planetdepos.com
**www.planetdepos.com**

Transcript of Hearing

Conducted on May 29, 2024

1 (1 to 4)

---

**1**

```
1      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
2            COUNTY DEPARTMENT, LAW DIVISION
3   - - - - - - - - - - - - x
4   ALEJANDRO ROJO,        :
5           PLAINTIFF,     :
6      v.                  :   Case No.
7   HOMER TREE CARE,       :   Commercial Calendar N
8   INC.,                  :   23 L 8588
9           DEFENDANT.     :
10  - - - - - - - - - - - - x
11
12  B E F O R E :
13  JUDGE MARY COLLEEN ROBERTS
14
15                 MOTION HEARING
16              Virtual via Zoom
17           Wednesday, May 29, 2024
18             12:38 P.M. Eastern Time
19
20
21  Job No.:  537350
22  Pages:  1 - 41
23  Reported By:  Mary Vazquez-Jaime, CCR
24
```

---

**2**

```
1            A P P E A R A N C E S
2   ON BEHALF OF THE PLAINTIFF:
3       ADAM FEUER, ESQUIRE
4       DJC LAW, PLLC
5       140 South Dearborn Street
6       Suite 1610
7       Chicago, Illinois 60603
8       312.442.5555
9       adam@teamjustice.com
10
11  ON BEHALF OF THE DEFENDANT:
12      DANIELLE M. KAYS, ESQUIRE
13      FISHER PHILLIPS
14      10 South Wacker Drive
15      Suite 3450
16      Chicago, Illinois 60606
17      312.346.8061
18
19  ALSO PRESENT:
20      ANGELICA SMITHE, COURT CLERK
21
22
23
24
```

---

**3**

```
1              P R O C E E D I N G S
2        MS. KAYS:  Thank you, Your Honor.  So
3   again, you know, not to reiterate everything that
4   was in your papers, but the high level points.
5   This is our motion to dismiss.  We move under
6   2-619 as well as 2-615.  I'll address the 2-619
7   argument first and happy to address the other
8   arguments.
9        Our 2-619 argument is that my client,
10  Homer Tree is exempt under BIPA.  Section 25(e) of
11  BIPA very clearly states that the statute does not
12  apply to a contractor with a local or State
13  agency.  And it says that the exemption applies to
14  all sections of BIPA.
15       Under that exemption, we argue that the
16  statute does not apply to my client because my
17  client was a contractor of both state and local
18  governments of -- local units of government during
19  the entirety of the plaintiff's employment.  Now,
20  as a reminder, this is a single plaintiff lawsuit;
21  this is not a class action.  Regardless, during
22  the time that Mr. Rojo, the plaintiff, was working
23  for my client, our client was a government
24  contractor that entire time.  They contracted with
```

---

**4**

```
1   IDOT and hundreds of local government contracts
2   during the entirety that he claims there were
3   alleged violations of BIPA.  On top of it, we have
4   submitted a declaration to support that.  But
5   we've also submitted a declaration that says that
6   the plaintiff worked on those government contracts
7   for my client.
8        Now, the key issue that I think the
9   plaintiff takes up is, what does "when working
10  for" mean.  Now, again, under BIPA, the language
11  specifically says that:  Nothing in this Act shall
12  be construed to apply to a government contractor,
13  subcontractor, agent of a State agency or local
14  unit of government when working for that State
15  agency or local unit of government.
16       Now, we do understand the Court's position
17  about the cases that have decided this issue.  But
18  the issue of "when working for" in the statute is
19  very clear.  Because of that, there is no need to
20  go to legislative intent.  The issue is if the
21  defendant was a contractor and if it was working
22  for that unit of government at the time that it
23  collected or disseminated biometric information.
24       Regardless to whether that is clear or
```

Transcript of Hearing

Conducted on May 29, 2024

5

1 not, plaintiff has not cited to a single decision
2 or authority that discusses of the legislature's
3 intent of this 25(e) section of BIPA.  Instead,
4 it's clear that "when working for" means it's a
5 temporal -- it's a temporal matter.  And again,
6 there's no evidence, there's nothing that
7 contradicts that my client was a government
8 contractor during the entire time that the
9 plaintiff was working; and on top of it, that he
10 worked on those contracts.
11      All that is required under the statute,
12 under the plain meaning, is that these alleged
13 violations occurred during the same period of
14 time.  And we have established that.  There's no,
15 you know, authority that says that the legislature
16 meant anything else.  But then again, it doesn't
17 matter because it's not unambiguous.
18      And just as a practical matter, what
19 they're arguing is that we need to only apply this
20 exemption to BIPA if a person is specifically
21 working on a day or moment or time on a government
22 contract.  And that, classically speaking, is
23 ludicrous.  That would mean that a defendant would
24 have to -- or a government contractor would have

6

1 to segregate his work force every single day, it's
2 ever changing, to make sure that they comply with
3 BIPA.  Some days and some employees or not for
4 others on other days?  That's unmanageable.
5 There's nothing in the statute that says that that
6 is required.  It doesn't say that this -- nothing
7 in the statute applies to individuals who are
8 working for a local government contract or a state
9 government contract.  It says that applies to
10 entities when they are working.
11      And so because of that, this exemption
12 applies to this case.  It defeats plaintiff's
13 claims under 2-619.  And we ask that the Court
14 dismiss the case entirely on that basis.
15      We do cite to the Enriquez decision, and
16 the Court took up the same time -- or took up the
17 same issue, and it said that what matters is
18 whether the entity was working for the unit of
19 government during the period that the alleged
20 violations occurred.  Therefore, we ask you to
21 reject plaintiff's arguments on that note.
22      I can go in to the rest of our motion,
23 but --
24      THE COURT:  Let's do this, I'll let

7

1 Mr. Feuer respond and then you can reply.  And
2 then we'll go into the 615.  How about that?
3      MS. KAYS:  Sure, that sounds good.
4      MR. FEUER:  Thank you, Your Honor.
5      THE COURT:  Just give me one second.
6      MR. FEUER:  Of course, yeah.
7      THE COURT:  Okay.  One more second.
8       Okay.  Go ahead.
9      MR. FEUER:  Thank you.  So, you know, Your
10 Honor, as you noted at the outset, this specific
11 issue is not settled law.  The defendant asserts
12 that it is -- that it was settled by Enriquez,
13 which is an unpublished First District decision.
14 However, that case did not address the specific
15 question at issue today in this case at all, and
16 it's unpublished and not binding in any event.
17      But the bottom line that the Court today
18 is free to rule on this issue consistent with what
19 it believes is the most fair.  There's no binding
20 interpretation of what the "when working for"
21 modifying clause to the government contractor
22 exemption means, whether it should be broadly
23 construed as an all-or-nothing temporal
24 limitation, as the defendant urges, or whether a

8

1 context-dependent inquiry is required to determine
2 the scope and contours of the exemption.
3      Under the exemption as advocated by
4 defendant, it would completely swallow the rule.
5 Any entity with a single government contract in
6 place at the time the biometric scanning occurs,
7 no matter how attenuated to the contract all that
8 company's biometric scanning may be, would enjoy
9 blanket immunity from BIPA.
10      I think we give some top-line
11 hypotheticals in our response brief that the
12 defendant doesn't really address.  Supermarkets,
13 gas stations, and school cafeterias, all of these
14 types of entities are specifically called out by
15 name by the literature in -- in passing BIPA.  All
16 of these entities have some amount of private
17 entity contracting with government entities.
18 Under the defendant's reading of the law, it would
19 make them all exempt from the protections of BIPA.
20      I thought of another hypothetical that I
21 wanted to discuss.  There is a McDonald's on the
22 Great Lakes Navy base, right.  The McDonald's on
23 the Great Lakes Navy base is there pursuant to one
24 or several government contracts.  If the

Transcript of Hearing
Conducted on May 29, 2024

9

1  McDonald's scans its employees' biometrics for
2  timekeeping on that Navy base pursuant to that
3  contract, those employees are not subject to the
4  protect -- are not protected by BIPA, because the
5  McDonald's operating under that government
6  contract would be exempt by the government
7  contractor exemptions.  If the law is extended the
8  way the defendant urges, all the employees of
9  McDonald's in the entire state of Illinois would
10  have no protections under BIPA by virtue of the
11  one McDonald's on a government base with a
12  government contract.
13      That is totally inconsistent with the
14  legislature's insertion of the "when working for"
15  language as a modifier of State agency, and unit
16  of government.  The defendant's interpretation
17  reads that modifier right out of statute.  If
18  that's what the legislature had intended to do, it
19  could have just stopped and wrote:  Nothing in
20  this Act shall be construed to apply to a
21  contractor, subcontractor, or agent of a State
22  agency or local unit of government, period.  It
23  didn't do that.  It added, comma, when working for
24  the government, right.  So it's not the case that

10

1  if you're a contractor you get blanket immunity.
2      The defendant calls this a temporal
3  limitation and says that the contours of it are
4  well-settled and defined by Enriquez.  But
5  Enriquez didn't even address this issue.  The
6  holding in Enriquez was very narrow because the
7  facts were so unique and specific.  In that case
8  NPI, Inc., which is Navy Pier, Incorporated,
9  existed exclusively for the purpose of operating
10  and managing Navy Pier.  It had no other purpose.
11  It did that under a contract with the Metropolitan
12  Pure Expansion Authority, which is the government
13  entity that owns the land of Navy Pier and its
14  buildings, right.
15      Enriquez gives no guidance on what the
16  contours of the so-called temporal limitation
17  "when working for" actually are, because Navy Pier
18  was never not working for the government entity.
19  All of its work was pursuant to performing that
20  government contract.  So this issue wasn't even
21  raised.  The sole question in that case was
22  whether Navy Pier, Incorporated satisfied the
23  definition of a government contractor, even though
24  its legal relationship was one of the government's

11

1  lessee.  And the Court found that it did, saying
2  that it performs governmental services on behalf
3  of MPEA pursuant to a contract, and MPEA retains a
4  level of oversight.  It was not the Court -- the
5  Enriquez Court was not called upon to define the
6  scope of any temporal limitation called for by
7  "when working for."  It only answered the very
8  narrow question presented in that case.  It's a
9  narrow holding that should be limited to its
10  facts, and it remains unpublished.
11      As Your Honor noted, there are some sister
12  court citations that, you know, both parties have
13  cited.  I'd like to discuss a couple of them if
14  that's okay.  The defendant --
15      THE COURT:  Can I ask you a question?
16      MR. FEUER:  Go ahead, Judge, of course.
17      THE COURT:  And don't -- it's your
18  position that while your client worked for Homer,
19  that Homer also had contracts with nongovernmental
20  units; is that correct?
21      MR. FEUER:  Yeah, that's undisputed by
22  Homer's declaration.
23      THE COURT:  Everybody agrees with that?
24      MR. FEUER:  Yeah, everybody agrees with

12

1  that.
2      THE COURT:  And it's also your position
3  that your client, while he worked for Homer and
4  did -- he was a climber, right?  He did
5  governmental work -- he did work on governmental
6  contracts.  Also during his employ, he did work
7  for private contracts, correct?
8      MR. FEUER:  That is correct.
9      THE COURT:  Okay.
10      MR. FEUER:  And so because BIPA -- this is
11  an individual action and the claim accrues with
12  each scanner transmission, was required as a fact
13  specific inquiry under into what projects Mr. Rojo
14  was working on when, and when he was doing work on
15  government contracts.  There's no liability for
16  those scans or transmissions; those are exempt,
17  right.  But when he's not doing work on government
18  contracts, the defendant cannot claim the 25(e)
19  exemption.
20      THE COURT:  Yes, that's your position.
21      MR. FEUER:  That's our position, yes.
22      THE COURT:  Okay.
23      MR. FEUER:  And so, you know, the
24  defendant cites to Miranda versus Pexco and argues

Transcript of Hearing
Conducted on May 29, 2024

13

1 that that case is more persuasive than the case
2 that we point to, which is, sorry, Navarrete
3 versus Josam Acquisitions.
4      THE COURT:  And again, Navarrete and
5 Miranda are both decisions by Courts that are at
6 (indiscernible) level, right, they're not
7 appellate.
8      MR. FEUER:  Yes.
9      THE COURT:  Right?
10      MR. FEUER:  They're both Cook County
11 Chancery Court decisions and came to the opposite
12 conclusions.
13      THE COURT:  Right.  But they're not
14 persuasive and they're not -- they're not
15 precedential, right?
16      MR. FEUER:  They are not precedential --
17      THE COURT:  They're just what my friends
18 over at Chancery are doing.
19      MR. FEUER:  Sure, yeah.  And if the Court
20 wishes to look at them as persuasive authority or
21 not, for guidance or not, that's up to the Court
22 to consider.
23      THE COURT:  Yes.
24      MR. FEUER:  We urge the Court to look at

14

1 25(e) and read Section 25 of BIPA as a whole to
2 aid its inquiry into the scope and limitations of
3 this government contractor exemption.  You have to
4 read -- we urge the Court to read it as all the
5 other exemptions in Section 25, which harmonize
6 BIPA with existing frameworks that are already in
7 place to regulate certain industries or to prevent
8 conflict with other laws, right.
9      So for example, 25(a), it prevents BIPA
10 from conflicting with codes of civil procedure and
11 criminal procedure and rules of evidence, right.
12 So biometric data can be freely used in court
13 proceedings without violating BIPA.
14      25(b) harmonizes BIPA and prevents it from
15 conflicting with HIPAA and the X-Ray Retention Act
16 as to covered entities under those laws, hospitals
17 and doctors.
18      25(c) harmonizes BIPA and prevents it from
19 conflicting with the Gramm-Leach-Bliley Act as to
20 covered financial institutions.
21      25(d) prevents BIPA from conflicting with
22 the Private Detective and Locksmith Act of 2004,
23 Right.
24      Those sections, those exemptions, all call

15

1 out the other law or -- or were code of laws that
2 BIPA is trying to interact with and not step on.
3      And with -- with 25(e), you know, it's --
4 it was written as intended to prevent conflict
5 with principles of sovereign and tort immunity
6 that are applicable to government contractors when
7 working for the government.  The insertion of that
8 adverbial modifier "when working for" narrows the
9 exemption by tying it to the work that's actually
10 being performed with or for the government.
11      And we think this is consistent with how
12 tort immunity provisions have always been
13 interpreted.  We cite a couple of cases in our
14 brief for this one, United States Supreme Court
15 case, that government contractors don't get
16 blanket tort immunity; they get it for the acts
17 they perform in the discharge of their government
18 contracts.
19      So we think that any other view of this
20 exemption would cause exemption to swallow the
21 rule and render the modifying phrase "when working
22 for" completely superfluous, which is not
23 consistent with statutory interpretation.
24      THE COURT:  Thank you.

16

1      Okay.  Ms. Kays, your reply to that?
2      MS. KAYS:  Yes, Your Honor.  Plaintiff's
3 arguments are just that, they are arguments.  They
4 are not reflected anywhere in the plain language
5 of the statute.  The statutory language is clear,
6 and so all these arguments about what should be
7 included, what should not, have no place in the
8 Court's decision and interpretation of language of
9 the statute.  The Illinois Supreme Court has made
10 clear that the language of the statute is what
11 applies and what prevails.
12      They also argue about legislative intent
13 and what they believe this exemption means under
14 BIPA.  But again, there's no citation to the
15 legislative intent in this case, nor do we even
16 need to go there because the language is clear and
17 plain.  The exemption applies to private entities
18 except for the exceptions listed in BIPA.  And
19 that exception is for any entity that has a
20 government contract during the period it is
21 working on that government contract.
22      Even though their arguments are not
23 supported by the plain language or by the
24 legislative intent, they try to appeal to senses

Transcript of Hearing
Conducted on May 29, 2024

5 (17 to 20)

17

1 by saying that this exemption would completely
2 swallow the rule. That is not the issue. The way
3 they're arguing it actually would take it exactly
4 the other way; it would completely alleviate the
5 exemption and rid government crews of the
6 exemption.
7     The hypotheticals that they bring up are
8 not evidence. There is no evidence at all with
9 all these other, you know, McDonald's or anything
10 like that, what those government contracts are or
11 anything like that. And just because an entity --
12 you know, we don't have any of those facts here,
13 nor do they apply.
14     We are looking here at the facts of this
15 case where the plaintiff worked on projects under
16 the IDOT and local government contracts during the
17 entirety of his position as a climber. There's
18 also no evidence to contest that the plaintiff
19 didn't work on those government contracts. Our
20 declaration says that he worked on those
21 government contracts during his employment. And
22 plaintiff has not provided any counter declaration
23 to dispute that. That's all argument. There's
24 nothing even in the pleadings that discusses that.

18

1     You know, going back to the cases they've
2 cited, I would say that Enriquez actually does
3 address what it means to be working for. There's
4 a section in Section 23 of the decision that we
5 would suggest is very persuasive.
6     THE COURT: Wait. You're saying that --
7 you're citing the unpublished decision that
8 Enriquez --
9     MS. KAYS: As persuasive --
10     THE COURT: Sure.
11     MS. KAYS: Not precedential, not binding,
12 but persuasive.
13     THE COURT: Sure. I get that.
14     MS. KAYS: And they look at what does it
15 mean for an entity to be working on a government
16 contract. And they say that that phrase means
17 that the unit -- or the company, the entity, is
18 working for a local government contract in some
19 type of services relationship. It doesn't look at
20 the temporal, you know, the -- I guess the time
21 frame of the government contract. It doesn't look
22 at whether the individuals were working on a
23 contract. But regardless, it does say that it's
24 simply -- "working for" simply means being in a

19

1 services agreement.
2     I would argue, you know, that is relevant
3 because, again, there's -- they're looking at it
4 broadly to say that it just -- it just -- the
5 language depends on if you are engaged in this
6 services agreement.
7     THE COURT: But can I ask you a question
8 about the Enriquez case?
9     MS. KAYS: Sure.
10     THE COURT: I don't recall. Was that a
11 pleadings decision or was that a motion for
12 summary judgment decision?
13     MS. KAYS: That was on a motion to
14 dismiss, Your Honor. I'll confirm that. Yes.
15     THE COURT: Okay.
16     MS. KAYS: And that's because this is --
17 again, this is a requirement in order to find a
18 private entity is -- you know, is covered by BIPA.
19     The other exemptions that the plaintiff
20 has pointed out regarding the health care
21 exemptions, again, those have recently been
22 brought before the Illinois Supreme Court, and
23 every single time they look at the plain language
24 of the statute. We would argue that that is what

20

1 is relevant here. There is no evidence to show
2 that this defendant was not a government
3 contractor during the period. And, you know,
4 their arguments are not legally sound. But also
5 they just -- as I mentioned earlier, it would be
6 ridiculous for a defendant to have to treat each
7 of his individuals differently depending on the
8 hour of the day.
9     THE COURT: Okay. Give me one second.
10     (Pause in proceedings.)
11     THE COURT: Okay. I just want to clarify
12 something with respect to Enriquez. With
13 Enriquez, the company that she worked for, it had
14 a contract with the Metropolitan Pier and
15 Exposition, right --
16     MR. FEUER: Correct.
17     THE COURT: -- Which is a unit of
18 government. It didn't say anything in the
19 opinion, I just went through it real cursory
20 again, that the contractor that Enriquez worked
21 for, that contractor also had contracts with
22 private entities. It specifically only talked
23 about her boss, you know, contracting for -- or
24 her actually working for Navy Pier, government

Transcript of Hearing
Conducted on May 29, 2024

21

1 contractor, right? There's no -- there's no
2 indication that that entity had worked in the
3 private sector.
4         MR. FEUER: That's correct. Navy Pier,
5 Incorporated is a not-for-profit organization
6 that's sole existence is tied to operating Navy
7 Pier on this contract from MPEA. It has no --
8         THE COURT: Okay. Okay. That's what I --
9 yes.
10         And you agree with that, Ms. Kays? Navy
11 Pier, or is it -- NPI is solely contracting with
12 the government. It has -- the opinion does not
13 identify that it also had contracts with private
14 entities. It did not -- the opinion does not talk
15 about NPI working also with private business. You
16 agree with that?
17         MS. KAYS: Yes, I agree with that.
18         THE COURT: Okay. And that is different
19 from your client, who has government contracts and
20 private contracts, right? Homer has private
21 contracts, right?
22         MS. KAYS: That is correct, Your Honor.
23 However --
24         THE COURT: Okay.

22

1         MS. KAYS: -- there is no evidence at all
2 that plaintiff worked on those private contracts.
3 What we have said is that they were a --
4         THE COURT: Well, okay. But then it would
5 be -- I mean, we're in the pleadings stage. Of
6 course there isn't evidence at this point, right?
7 We haven't done discovery.
8         MS. KAYS: But, Your Honor, if I may,
9 we've submitted a declaration under 2-619 saying
10 that since 2018 to the time of this declaration,
11 the plaintiff worked on projects under the IDOT
12 and local government contracts --
13         THE COURT: Right. And --
14         MS. KAYS: -- during his employment.
15         THE COURT: And did --
16         MS. KAYS: There is also --
17         THE COURT: Did you also indicate --
18 I'm sorry. I just violated my rule.
19         Sorry, Mary.
20         Is there any -- your declaration, you're
21 saying that the plaintiff did not work on any
22 nongovernmental projects.
23         MS. KAYS: There's nothing in the evidence
24 to say that. What we're saying is that since 2018

23

1 he's worked on those contracts. And if I may,
2 Your Honor, the statute doesn't say that when a
3 person is working on a government contract, it
4 says an entity when working on a government
5 contract. And --
6         THE COURT: Got it.
7         MS. KAYS: And we are -- we are the
8 entity; we were a government contractor that
9 entire time. We have said that plaintiff worked
10 on those contracts throughout his employment. And
11 there's nothing in the statute that says that the
12 exemption doesn't apply on an individual basis.
13         THE COURT: Okay. Okay. So your
14 position, Ms. Kays, is that the statutory language
15 is clear, and that statutory language is -- bear
16 with me.
17         MS. KAYS: I have it if you'd like.
18         THE COURT: No, I have it. No, I want
19 it -- I found it.
20         740 ILCS, Section 25(e) says: Nothing in
21 this Act shall be construed to apply to a
22 contractor, subcontractor, or agent of a State
23 agency or local unit of government when working
24 for that State agency or local unit of government.

24

1         I need to point out that I am persuaded by
2 Mr. Feuer's argument that if the language of this
3 statute wanted to say that the -- nothing in this
4 Act shall be construed to apply to a contractor,
5 subcontractor, or agent of a State agency or local
6 unit of government, it could have stopped there.
7 However, the Court must consider that phrase when
8 working for that State agency or local unit of
9 government.
10         And so in considering that, this Court
11 cannot find right now that there's an affirmative
12 matter that negates this complaint. There's a
13 question of fact as to whether or not this comes
14 into play. And because there's a question of
15 fact, I can't find that there is an affirmative
16 matter that this exemption that negates
17 plaintiff's complaint.
18         So for purposes of this pleading, statute,
19 and the fact that the case that -- the unpublished
20 case that you're relying on for persuasive
21 authority dealt with an entity that didn't have
22 any government -- nongovernment contracts, I can't
23 find that this -- this complaint should be
24 dismissed with prejudice under 619. So for the

25

1 reasons I've just stated, the motion as to 619 is
2 denied.
3     I think we have some things to talk about
4 with respect to 615. We have a five -- is it a
5 five-count complaint?
6     MR. FEUER: It's a three-count complaint,
7 Judge, I think.
8     THE COURT: I didn't mean to add.
9 Three-count complaint.
10     And, Ms. Kays, do you want to just briefly
11 state your concerns about the matter in which
12 the -- each of these counts are pled or the
13 complaint is pled?
14     MS. KAYS: Yes, absolutely. So starting
15 with Section 15(a), it involves the requirement
16 that the defendant have a policy to destroy
17 biometric information and keep that policy.
18 There's -- the Courts have held, with respect to
19 that specific section, that that only is a public
20 duty, it's not a private right, unless there is --
21 unless the plaintiff has been aggrieved. And that
22 under Section 15(a) specifically, there's an
23 allegation that the defendant failed to destroy
24 biometric information.

26

1     That does not exist here. Plaintiff is
2 trying to conflate disclosure cases with the --
3 you know, the 15(a) policy obligations. And the
4 Courts have held that the plaintiff cannot state a
5 claim under Section 15(a), on an individual basis
6 if there is not that allegation.
7     THE COURT: So there has been an
8 allegation that the plaintiff has been aggrieved
9 in some way. And your position is that count 1
10 doesn't delineate any way that the plaintiff has
11 been aggrieved; is that correct?
12     MS. KAYS: That's right.
13     THE COURT: Okay.
14     Mr. Feuer, what's is your position on
15 that? I personally don't see anything
16 specifically saying that.
17     MR. FEUER: Yeah, 15(a) imposes a panoply
18 of duties. There's three distinct duties: The
19 duty to develop a data retention policy, a duty to
20 publicly disclose it, and the duty to comply with
21 it by destroying the biometrics when the company's
22 purpose for using them has ceased or within three
23 years after employment ends, whichever comes
24 first.

27

1     So to the extent that our allegations fall
2 short of that, I would be happy to amend it. You
3 know, to be frank, this is one of our earlier
4 complaints, and I think we're doing them a little
5 different now. So if the Court would permit it, I
6 would be glad to amend the 15(a) count to more
7 clearly allege that defendant failed to have a
8 retention policy in place at the time that it
9 scanned its biometrics and failed to actually
10 destroy its biometrics consistent with its policy
11 with BIPA.
12     THE COURT: And I think you need to get a
13 little more specific than that, sir. I mean, how
14 does it affect your client? Where's the harm?
15 The defendant has a right to know what he's
16 being -- what they're being accused of and they
17 have the right to have the opportunity to respond.
18 I mean, you can put what you just said in, but
19 really, where's the right of action if you're not
20 alleging specifically, to some sense specific, how
21 your client's been harmed.
22     So count 1 is dismissed with leave to
23 amend.
24     Count 2 then, Ms. Kays?

28

1     MS. KAYS: Your Honor, so count 2 falls
2 under Section 15(d). There are no facts that
3 supports a claim that there was any disclosure.
4 You know, I posit that there is no disclosure.
5 But regardless, we can't -- you know, the Illinois
6 pleading standards do require facts, not just
7 assumptions, not just conclusions, not just
8 parroting of the statute. The plaintiff has not
9 cited, you know, cases -- they cite cases saying
10 that the standard should be different if there's a
11 vendor versus not a vendor. However, again, they
12 don't cite cases that -- that pertain to the
13 section -- excuse me -- 15(d) allegations or
14 violations. And, you know, Courts have agreed
15 that there needs to be some facts to support that
16 there has been a disclosure. So we ask that this
17 count also be dismissed.
18     THE COURT: Go ahead, Mr. Feuer.
19     MR. FEUER: We don't cite cases that say
20 the standard should be different. We say that the
21 standard is different. In cases against an
22 employer, the case law sort of roundly holds that
23 a disseminate -- allegations of a dissemination to
24 a payroll company are sufficient for purposes of

Transcript of Hearing
Conducted on May 29, 2024

---

**29**

1  stating a claim under 15(d) of BIPA.
2       You know, we don't know this specific
3  details about the dissemination from Homer and
4  its vendors; that's something that we need
5  discovery to understand.  We do know the name of
6  the payroll company, and we could amend the
7  complaint to add that and some more facts that we,
8  we may -- that Mr. Rojo may have that form the
9  basis of why he believes his biometric data was
10 transmitted to ADP, you know, consistent with our
11 understanding of how these systems generally work.
12 So our hands are sort of tied at this stage
13 without the benefit of discovery.  And the case
14 law that we have cited we think is reasonably
15 clear that, you know, when you're not suing, like,
16 a data processing technology company or having
17 nebulous claims of data sharing, it's a
18 straightforward allegation that the biometric
19 information was captured by the scanner and was
20 transmitted in the form of a mathematical
21 representation, which is biometric information to
22 ADP for the purposes of payroll processing.  I
23 don't think that we need more than that.  But if
24 the Court disagrees, we would like an opportunity

**30**

1  to try to flesh this out a little bit more.
2       THE COURT:  Well, I do think that is --
3  it's -- there's -- like paragraph 65, defendant
4  knew or was reckless in not knowing that biometric
5  timekeeping systems would be subject to the
6  provisions of BIPA.  You know, what I expect with
7  these allegations that you're putting forth is not
8  conclusions, not suppositions, but, you know,
9  facts, we're a fact-pleading jurisdiction.
10      So count 2 is dismissed with leave to
11 amend.  And you need to fill in the blanks.
12 Don't -- the defendant doesn't have to guess, nor
13 does the Court have to guess at what you're trying
14 to get at.  There's a lot that you can -- you can
15 add in here with respect to your -- the allegation
16 of dissemination to notify the -- or at least put
17 the defendant on notice as to what they have to
18 respond to.
19      MR. FEUER:  Understood, Judge.  Just
20 for --
21      THE COURT:  Yes, sir.
22      MR. FEUER:  Sorry, count 15(d) is count 3,
23 that's the dissemination, so --
24      THE COURT:  Count 2 -- 15(a).  I

**31**

1  apologize, I apologize.  Count 3.  15(a), do you
2  have an issue with count 2?  No, no, I apologize.
3  Let me back up.
4       Count 2 is 15(b).  Count 3 was 15(b).
5  That's what you just talked about right, Ms. Kays?
6       MS. KAYS:  Yes, Your Honor.
7       THE COURT:  What about count 2?
8       MS. KAYS:  I don't believe that we
9  brought -- if you can give me a moment.  I don't
10 think we filed a motion to dismiss that count.
11 But I mean, to be honest, Your Honor, the
12 allegations in the complaint we feel are cookie
13 cutter and sparse and don't have facts to support
14 them in any of the claims.
15      THE COURT:  So, Mr. Feuer, you're correct,
16 paragraph 65 does go to count 2, and it's on the
17 Court's motion then that it is dismissed with
18 leave to amend to be made more specific --
19 consistent with the Court's position on count 1.
20      And count 3, the only thing that I would
21 like to say at this point with count 3 is that
22 it's the same, it's just too sparse; it's just too
23 many conclusions; it's not specific enough.  It
24 needs to be briefed up.  This is a very important

**32**

1  case, as all cases are.
2       MR. FEUER:  We agree, Judge.
3       THE COURT:  But you guys are on the
4  cutting edge of new law that's being created and
5  looked at.  So the more information that you can
6  get into this complaint the better able I will be
7  able to resolve the issues.
8       MR. FEUER:  Understood.  So 1, 2, and 3
9  are dismissed with leave to replead.
10      THE COURT:  Certainly, yes.  How long is
11 it going to take you?
12      MR. FEUER:  14 days.
13      THE COURT:  Oh.
14      MR. FEUER:  I can take more if the
15 Court -- let's say 21, give me some breathing
16 room.
17      THE COURT:  I'll give you 21.
18      MR. FEUER:  Thank you.
19      THE COURT:  And then, Ms. Kays, you want
20 28 to review and determine whether or not you're
21 going to answer or file a responsive pleading?
22      MS. KAYS:  Yes, Your Honor.  And just one
23 more note.  I think the recklessness allegation
24 you --

Transcript of Hearing
Conducted on May 29, 2024

33

1    THE COURT: Yes.
2    MS. KAYS: -- you brought them up in
3 count 2.
4    THE COURT: Yeah.
5    MS. KAYS: You think that they are in each
6 of the counts. And so we ask that that -- you
7 know, that the reason for dismissal be on that
8 basis as well.
9    THE COURT: Yes. Let me just identify
10 something with respect to the recklessness.
11    So, Mr. Feuer, your response to the
12 plaintiff -- so this is what I don't understand:
13 Plaintiff asserts that -- I'm sorry.
14    Defendant asserts that you have, the
15 plaintiff, has failed to plead recklessness or
16 intent as required under BIPA. And your position
17 is you're not required to plead recklessness or
18 intent because they're not essential elements of
19 the claim under BIPA. Yet, your complaint pleads
20 recklessness. Why? It seems confusing. You say,
21 I'm pleading recklessness, and then you're like,
22 well, I am not required to.
23    MR. FEUER: Yeah, Judge --
24    THE COURT: What are you going to do?

34

1    MR. FEUER: Our position is that it's a --
2 it's a measure of damages that the factfinder can
3 determine after liability has been established.
4 And so pleading a culpability standard is not
5 required because it's a strict liability statute.
6 But there's some divergence of opinion on those
7 points, and so, you know, because we're seeking
8 recklessness damages, we -- we called that out in
9 our complaint that that is -- that that is a level
10 of culpability that we're going to seek to prove
11 in order to be entitled to the higher of the two
12 statutory damage awards. Courts have held that
13 there's -- there really isn't any need to, you
14 know, plead specific facts beyond what we've pled
15 to at least state negligence. The Courts have
16 also stricken recklessness allegations that are
17 pled similar to the way we have with leave to
18 replead them.
19    So, you know, the law isn't super clear on
20 this, but I think that it is relatively clear that
21 negligence and recklessness are not elements of a
22 BIPA claim; they're -- they are standards of
23 damages that -- standards of culpability that must
24 be met in order to obtain measures of liquidated

35

1 damages. So a plaintiff can prevail on a BIPA
2 case without proving any negligence or
3 recklessness, in our view. But that would not
4 entitle the plaintiff to damages for negligence or
5 damages for recklessness, they would have to prove
6 some level of culpability being entitled to those
7 damages, but not to prove their case, which would
8 entitle them to attorney's fees and injunctive
9 relief that the biometrics be dealt with according
10 to the law.
11    THE COURT: So if I can make an analogy.
12 In a personal injury case, the pleading of willful
13 and wanton behavior, it's not necessarily pled in
14 the negligent count, it's a separate count;
15 correct? That -- when it gets pled. So that -- I
16 mean, I think in personal injury cases you have to
17 actually be given leave by the Court to file a
18 willful and wanton count. Is that -- I don't
19 think anyone disagree with me on that. And I'm
20 not saying that that's suggested here.
21    MR. FEUER: Yeah.
22    THE COURT: But what I'm hearing you say
23 is that you're pleading it because it affords you
24 the opportunity to go after other forms of relief,

36

1 such as payment of attorney's fees.
2    MR. FEUER: The statutory damages that are
3 available to plaintiff are available based on the
4 level of culpability that the plaintiff can
5 ultimately prove. So we plead the levels of
6 culpability that we intend to prove, either both
7 or in the alternative, in order to alert the Court
8 and the factfinder and opposing counsel of what
9 our claim is about and what we're seeking. I
10 think that we would be entitled to win a case
11 without respect to culpability, negligence or
12 recklessness, and that would entitle us to
13 attorney's fees, costs of the case, and injunctive
14 relief if applicable. I don't think that requires
15 proven culpability.
16    But culpability is -- while it's not an
17 element of the claim, it's a term reflecting --
18 negligence and recklessness, as we say in our
19 brief, were terms reflecting degrees of
20 culpability that we will ultimately attempt to
21 prove at trial. And I think that, you know, the
22 cases that we cite support that the allegations --
23 specifically with respect to number 65 that you
24 pointed out, there have been cases, you know,

Transcript of Hearing
Conducted on May 29, 2024

10 (37 to 40)

---

37

1  cases in the Northern District, published
2  opinions, that discuss -- alleging that the
3  defendant violated a law in 2024 that's been in
4  effect since 2008 is a sufficient allegation to
5  state the recklessness standard.  Whether -- you
6  know, obviously, more facts will need to be
7  deduced to prove recklessness.  But there is BIPA
8  case law which holds that that is a sufficient
9  allegation to plead it.
10     MS. KAYS:  May I?
11     THE COURT:  Yes, you may.  Just give me
12 one second.
13      Okay.  Yes, please.
14     MS. KAYS:  Your Honor, I mean, as this
15 Court knows, the pleadings standards in federal
16 court are different than in state court.  The
17 cases they cite are not binding nor applicable.
18 And, you know, we've cited a number of cases by
19 your fellow colleagues that do find that if they
20 want to seek the heightened standard for damages,
21 that they need to file -- or they need to submit
22 facts to support why this was reckless.
23     Essentially what they're saying is that,
24 well, we should have known.  But that's not

38

1  willful or reckless conduct; that goes back to
2  negligent conduct.  For them to seek heightened
3  damages in this case at the level that they are
4  seeking, we posit that this Court should dismiss
5  their claim without any facts to support it.  And
6  some Courts have dismissed it with prejudice.
7      THE COURT:  So I think I'm just going to
8  go back to the fact that Illinois is a
9  fact-pleading jurisdiction, and that the whole
10 idea is for everybody to know, going into the
11 litigation, what it's about.  And so because
12 there's really no guidance from the Appellate
13 Court and the Courts seem to be all over the place
14 just where to land on this, if you're going to say
15 their mental state was reckless, give some facts
16 to lead to that conclusion.  Don't state the
17 conclusion and just leave it there.  Provide us,
18 provide the Court, provide the defendant, with
19 some information that will -- that substantially
20 can point to that.
21     MR. FEUER:  Understood, Your Honor.  We'll
22 endeavor to do that, absolutely.
23     THE COURT:  Okay.  That's easy.  Thanks.
24 This has been a really good hearing.  I appreciate

39

1  it.  I've learned a lot.  And we just need a -- we
2  start at 21 to amend, 28 to respond, to either
3  answer or otherwise plead.  And what's it,
4  about -- that's almost 50 days.
5      So how about, Angie, can we come back for
6  status about 60 days out?
7      COURT CLERK:  Yes.  We can do July 29 at
8  9:30.
9      THE COURT:  Okay.  Continue for status,
10 July 29th at 9:30.
11     MS. KAYS:  Your Honor, if I may, I'm gone
12 that week.
13     THE COURT:  That's fine.
14     MS. KAYS:  Can we instead look at the
15 week, like, after the 6th?
16     THE COURT:  Of May -- May.
17     MS. KAYS:  August, yes.
18     THE COURT:  That's fine.  So our
19 coordinator is out sick today and so we have --
20     Angie, did she give you any days in August
21 or should we throw a dart and see what works?
22     COURT CLERK:  I suppose I'll throw a dart
23 and then --
24     THE COURT:  Throw a dart.  Let's see.

40

1      COURT CLERK:  What about maybe August 1st.
2      THE COURT:  Are you still going to be
3  gone?
4      MS. KAYS:  Yes.  I think that is the same
5  week.  So the week of August 6th, please.
6      THE COURT:  Yeah, let -- let me give you a
7  date.
8      COURT CLERK:  I know the 5th through the
9  9th won't work for the Court.
10     THE COURT:  Correct.  That's where I was
11 going.  How about the 12th, would that work?
12     MR. FEUER:  There's nothing on my
13 calendar, which must be a mistake, so -- must be a
14 glitch.  But I'm sure that -- we'll make that work
15 on the plaintiff's end.
16     THE COURT:  I mean, it's just a status.
17 Somebody can jump in.
18     MR. FEUER:  Exactly.
19     MS. KAYS:  Yeah.  Thank you, Your Honor.
20     THE COURT:  You're welcome.  And, yeah,
21 we'll just go from there.
22     (Proceedings conclude at 1:34 p.m.)
23
24

Transcript of Hearing
Conducted on May 29, 2024

41

```
1              CERTIFICATE
2
3         I, MARY VAZQUEZ-JAIME, a Certified Court
4    Reporter of the State of New Jersey, do hereby
5    CERTIFY that the foregoing is a true and accurate
6    transcript of the Motion Hearing as taken
7    stenographically by and before me at the time,
8    place and on the date hereinbefore set forth.
9         I DO FURTHER CERTIFY that I am neither a
10   relative nor employee nor attorney nor counsel of
11   any of the parties to this action, and that I am
12   neither a relative nor employee of such attorney
13   or counsel, and that I am not financially
14   interested in the action.
15
16       Mary Vazquez - Jaime
17   _____
18       MARY VAZQUEZ-JAIME, CCR
         My commission expires June 30, 2024
19       License No. XI00382
20       Dated:  June 8, 2024
21
22
23
24
```

Transcript of Hearing
Conducted on May 29, 2024                                      12

| **A** |
| --- |

**able**
32:6, 32:7
**about**
4:17, 7:2,
16:6, 16:12,
19:8, 20:23,
21:15, 25:3,
25:11, 29:3,
31:5, 31:7,
36:9, 38:11,
39:4, 39:5,
39:6, 40:1,
40:11
**absolutely**
25:14, 38:22
**according**
35:9
**accrues**
12:11
**accurate**
41:5
**accused**
27:16
**acquisitions**
13:3
**act**
4:11, 9:20,
14:15, 14:19,
14:22, 23:21,
24:4
**action**
3:21, 12:11,
27:19, 41:11,
41:14
**acts**
15:16
**actually**
10:17, 15:9,
17:3, 18:2,
20:24, 27:9,
35:17
**adam**
2:3
**adam@teamjustice**
2:9
**add**
25:8, 29:7,

**added**
30:15
9:23
**address**
3:6, 3:7, 7:14,
8:12, 10:5, 18:3
**adp**
29:10, 29:22
**adverbial**
15:8
**advocated**
8:3
**affect**
27:14
**affirmative**
24:11, 24:15
**affords**
35:23
**after**
26:23, 34:3,
35:24, 39:15
**again**
3:3, 4:10, 5:5,
5:16, 13:4,
16:14, 19:3,
19:17, 19:21,
20:20, 28:11
**against**
28:21
**agency**
3:13, 4:13,
4:15, 9:15,
9:22, 23:23,
23:24, 24:5,
24:8
**agent**
4:13, 9:21,
23:22, 24:5
**aggrieved**
25:21, 26:8,
26:11
**agree**
21:10, 21:16,
21:17, 32:2
**agreed**
28:14
**agreement**
19:1, 19:6

**agrees**
11:23, 11:24
**ahead**
7:8, 11:16,
28:18
**aid**
14:2
**alejandro**
1:4
**alert**
36:7
**all**
3:14, 5:11,
7:15, 8:7, 8:13,
8:15, 8:19, 9:8,
10:19, 14:4,
14:24, 16:6,
17:8, 17:9,
17:23, 22:1,
32:1, 38:13
**all-or-nothing**
7:23
**allegation**
25:23, 26:6,
26:8, 29:18,
30:15, 32:23,
37:4, 37:9
**allegations**
27:1, 28:13,
28:23, 30:7,
31:12, 34:16,
36:22
**allege**
27:7
**alleged**
4:3, 5:12, 6:19
**alleging**
27:20, 37:2
**alleviate**
17:4
**almost**
39:4
**already**
14:6
**also**
2:19, 4:5,
11:19, 12:2,
12:6, 16:12,

**added**
17:18, 20:4,
20:21, 21:13,
21:15, 22:16,
22:17, 28:17,
34:16
**alternative**
36:7
**always**
15:12
**amend**
27:2, 27:6,
27:23, 29:6,
30:11, 31:18,
39:2
**amount**
8:16
**analogy**
35:11
**angelica**
2:20
**angie**
39:5, 39:20
**another**
8:20
**answer**
32:21, 39:3
**answered**
11:7
**any**
7:16, 8:5,
11:6, 15:19,
16:19, 17:12,
17:22, 22:20,
22:21, 24:22,
26:10, 28:3,
31:14, 34:13,
35:2, 38:5,
39:20, 41:11
**anyone**
35:19
**anything**
5:16, 17:9,
17:11, 20:18,
26:15
**anywhere**
16:4
**apologize**
31:1, 31:2

Transcript of Hearing
Conducted on May 29, 2024                                    13

appeal
16:24
appellate
13:7, 38:12
applicable
15:6, 36:14,
37:17
applies
3:13, 6:7, 6:9,
6:12, 16:11,
16:17
apply
3:12, 3:16,
4:12, 5:19,
9:20, 17:13,
23:12, 23:21,
24:4
appreciate
38:24
argue
3:15, 16:12,
19:2, 19:24
argues
12:24
arguing
5:19, 17:3
argument
3:7, 3:9,
17:23, 24:2
arguments
3:8, 6:21,
16:3, 16:6,
16:22, 20:4
asserts
7:11, 33:13,
33:14
assumptions
28:7
attempt
36:20
attenuated
8:7
attorney
41:10, 41:12
attorney's
35:8, 36:1,
36:13
august
39:17, 39:20,

40:1, 40:5
authority
5:2, 5:15,
10:12, 13:20,
24:21
available
36:3
awards
34:12

**B**

b
14:14, 31:4
back
18:1, 31:3,
38:1, 38:8, 39:5
base
8:22, 8:23,
9:2, 9:11
based
36:3
basis
6:14, 23:12,
26:5, 29:9, 33:8
bear
23:15
because
3:16, 4:19,
5:17, 6:11, 9:4,
10:6, 10:17,
12:10, 16:16,
17:11, 19:3,
19:16, 24:14,
33:18, 34:5,
34:7, 35:23,
38:11
been
15:12, 19:21,
25:21, 26:7,
26:8, 26:11,
27:21, 28:16,
34:3, 36:24,
37:3, 38:24
before
19:22, 41:7
behalf
2:2, 2:11, 11:2
behavior
35:13

being
15:10, 18:24,
27:16, 32:4,
35:6
believe
16:13, 31:8
believes
7:19, 29:9
benefit
29:13
better
32:6
between
29:3
beyond
34:14
binding
7:16, 7:19,
18:11, 37:17
biometric
4:23, 8:6, 8:8,
14:12, 25:17,
25:24, 29:9,
29:18, 29:21,
30:4
biometrics
9:1, 26:21,
27:9, 27:10,
35:9
bipa
3:10, 3:11,
3:14, 4:3, 4:10,
5:3, 5:20, 6:3,
8:9, 8:15, 8:19,
9:4, 9:10,
12:10, 14:1,
14:6, 14:9,
14:13, 14:14,
14:18, 14:21,
15:2, 16:14,
16:18, 19:18,
27:11, 29:1,
30:6, 33:16,
33:19, 34:22,
35:1, 37:7
bit
30:1
blanket
8:9, 10:1,

15:16
blanks
30:11
boss
20:23
both
3:17, 11:12,
13:5, 13:10,
36:6
bottom
7:17
breathing
32:15
brief
8:11, 15:14,
36:19
briefed
31:24
briefly
25:10
bring
17:7
broadly
7:22, 19:4
brought
19:22, 31:9,
33:2
buildings
10:14
business
21:15

**C**

c
14:18
cafeterias
8:13
calendar
1:7, 40:13
call
14:24
called
8:14, 11:5,
11:6, 34:8
calls
10:2
came
13:11

Transcript of Hearing
Conducted on May 29, 2024

14

can't
24:15, 24:22,
28:5
cannot
12:18, 24:11,
26:4
captured
29:19
care
1:7, 19:20
case
1:6, 6:12,
6:14, 7:14,
7:15, 9:24,
10:7, 10:21,
11:8, 13:1,
15:15, 16:15,
17:15, 19:8,
24:19, 24:20,
28:22, 29:13,
32:1, 35:2,
35:7, 35:12,
36:10, 36:13,
37:8, 38:3
cases
4:17, 15:13,
18:1, 26:2,
28:9, 28:12,
28:19, 28:21,
32:1, 35:16,
36:22, 36:24,
37:1, 37:17,
37:18
cause
15:20
ccr
1:23, 41:18
ceased
26:22
certain
14:7
certainly
32:10
certificate
41:1
certified
41:3
certify
41:5, 41:9

chancery
13:11, 13:18
changing
6:2
chicago
2:7, 2:16
circuit
1:1
citation
16:14
citations
11:12
cite
6:15, 15:13,
28:9, 28:12,
28:19, 36:22,
37:17
cited
5:1, 11:13,
18:2, 28:9,
29:14, 37:18
cites
12:24
citing
18:7
civil
14:10
claim
12:11, 12:18,
26:5, 28:3,
29:1, 33:19,
34:22, 36:9,
36:17, 38:5
claims
4:2, 6:13,
29:17, 31:14
clarify
20:11
class
3:21
classically
5:22
clause
7:21
clear
4:19, 4:24,
5:4, 16:5,
16:10, 16:16,

23:15, 29:15,
34:19, 34:20
clearly
3:11, 27:7
clerk
2:20, 39:7,
39:22, 40:1,
40:8
client
3:9, 3:16,
3:17, 3:23, 4:7,
5:7, 11:18,
12:3, 21:19,
27:14
client's
27:21
climber
12:4, 17:17
code
15:1
codes
14:10
colleagues
37:19
collected
4:23
colleen
1:13
com
2:9
come
39:5
comes
24:13, 26:23
comma
9:23
commercial
1:7
commission
41:19
company
18:17, 20:13,
28:24, 29:6,
29:16
company's
8:8, 26:21
complaint
24:12, 24:17,

24:23, 25:5,
25:6, 25:9,
25:13, 29:7,
31:12, 32:6,
33:19, 34:9
complaints
27:4
completely
8:4, 15:22,
17:1, 17:4
comply
6:2, 26:20
concerns
25:11
conclude
40:22
conclusion
38:16, 38:17
conclusions
13:12, 28:7,
30:8, 31:23
conduct
38:1, 38:2
confirm
19:14
conflate
26:2
conflict
14:8, 15:4
conflicting
14:10, 14:15,
14:19, 14:21
confusing
33:20
consider
13:22, 24:7
considering
24:10
consistent
7:18, 15:11,
15:23, 27:10,
29:10, 31:19
construed
4:12, 7:23,
9:20, 23:21,
24:4
contest
17:18

Transcript of Hearing
Conducted on May 29, 2024                                    15

context-dependent
8:1
continue
39:9
contours
8:2, 10:3,
10:16
contract
5:22, 6:8, 6:9,
8:5, 8:7, 9:3,
9:6, 9:12,
10:11, 10:20,
11:3, 16:20,
16:21, 18:16,
18:18, 18:21,
18:23, 20:14,
21:7, 23:3, 23:5
contracted
3:24
contracting
8:17, 20:23,
21:11
contractor
3:12, 3:17,
3:24, 4:12,
4:21, 5:8, 5:24,
7:21, 9:7, 9:21,
10:1, 10:23,
14:3, 20:3,
20:20, 20:21,
21:1, 23:8,
23:22, 24:4
contractors
15:6, 15:15
contracts
4:1, 4:6, 5:10,
8:24, 11:19,
12:6, 12:7,
12:15, 12:18,
15:18, 17:10,
17:16, 17:19,
17:21, 20:21,
21:13, 21:19,
21:20, 21:21,
22:2, 22:12,
23:1, 23:10,
24:22
contradicts
5:7

cook
1:1, 13:10
cookie
31:12
coordinator
39:19
correct
11:20, 12:7,
12:8, 20:16,
21:4, 21:22,
26:11, 31:15,
35:15, 40:10
costs
36:13
could
9:19, 24:6,
29:6
counsel
36:8, 41:10,
41:13
count
26:9, 27:6,
27:22, 27:24,
28:1, 28:17,
30:10, 30:22,
30:24, 31:1,
31:2, 31:4,
31:7, 31:10,
31:16, 31:19,
31:20, 31:21,
33:3, 35:14,
35:18
counter
17:22
counts
25:12, 33:6
county
1:1, 1:2, 13:10
couple
11:13, 15:13
course
7:6, 11:16,
22:6
court's
4:16, 16:8,
31:17, 31:19
courts
13:5, 25:18,

26:4, 28:14,
34:12, 34:15,
38:6, 38:13
covered
14:16, 14:20,
19:18
created
32:4
crews
17:5
criminal
14:11
culpability
34:4, 34:10,
34:23, 35:6,
36:4, 36:6,
36:11, 36:15,
36:16, 36:20
cursory
20:19
cutter
31:13
cutting
32:4

**D**

d
14:21, 28:2,
28:13, 29:1,
30:22
damage
34:12
damages
34:2, 34:8,
34:23, 35:1,
35:4, 35:5,
35:7, 36:2,
37:20, 38:3
danielle
2:12
dart
39:21, 39:22,
39:24
data
14:12, 26:19,
29:9, 29:16,
29:17
date
40:7, 41:8

dated
41:21
day
5:21, 6:1, 20:8
days
6:3, 6:4,
32:12, 39:4,
39:6, 39:20
dealt
24:21, 35:9
dearborn
2:5
decided
4:17
decision
5:1, 6:15,
7:13, 16:8,
18:4, 18:7,
19:11, 19:12
decisions
13:5, 13:11
declaration
4:4, 4:5,
11:22, 17:20,
17:22, 22:9,
22:10, 22:20
deduced
37:7
defeats
6:12
defendant
1:9, 2:11,
4:21, 5:23,
7:11, 7:24, 8:4,
8:12, 9:8, 10:2,
11:14, 12:18,
12:24, 20:2,
20:6, 25:16,
25:23, 27:7,
27:15, 30:3,
30:12, 30:17,
33:14, 37:3,
38:18
defendant's
8:18, 9:16
define
11:5
defined
10:4

Transcript of Hearing
Conducted on May 29, 2024

16

definition
10:23
degrees
36:19
delineate
26:10
denied
25:2
department
1:2
depending
20:7
depends
19:5
destroy
25:16, 25:23,
27:10
destroying
26:21
details
29:3
detective
14:22
determine
8:1, 32:20,
34:3
develop
26:19
different
21:18, 27:5,
28:10, 28:20,
28:21, 37:16
differently
20:7
disagree
35:19
disagrees
29:24
discharge
15:17
disclose
26:20
disclosure
26:2, 28:3,
28:4, 28:16
discovery
22:7, 29:5,
29:13

discuss
8:21, 11:13,
37:2
discusses
5:2, 17:24
dismiss
3:5, 6:14,
19:14, 31:10,
38:4
dismissal
33:7
dismissed
24:24, 27:22,
28:17, 30:10,
31:17, 32:9,
38:6
dispute
17:23
disseminate
28:23
disseminated
4:23
dissemination
28:23, 29:3,
30:16, 30:23
distinct
26:18
district
7:13, 37:1
divergence
34:6
division
1:2
djc
2:4
doctors
14:17
doing
12:14, 12:17,
13:18, 27:4
done
22:7
drive
2:14
during
3:18, 3:21,
4:2, 5:8, 5:13,
6:19, 12:6,

16:20, 17:16,
17:21, 20:3,
22:14
duties
26:18
duty
25:20, 26:19,
26:20

**E**

e
1:12, 3:10,
5:3, 12:18,
14:1, 15:3,
23:20
each
12:12, 20:6,
25:12, 33:5
earlier
20:5, 27:3
eastern
1:18
easy
38:23
edge
32:4
effect
37:4
either
36:6, 39:2
element
36:17
elements
33:18, 34:21
else
5:16
employ
12:6
employee
41:10, 41:12
employees
6:3, 9:1, 9:3,
9:8
employer
28:22
employment
3:19, 17:21,
22:14, 23:10,

26:23
end
40:15
endeavor
38:22
ends
26:23
engaged
19:5
enjoy
8:8
enough
31:23
enriquez
6:15, 7:12,
10:4, 10:5,
10:6, 10:15,
11:5, 18:2,
18:8, 19:8,
20:12, 20:13,
20:20
entire
3:24, 5:8, 9:9,
23:9
entirely
6:14
entirety
3:19, 4:2,
17:17
entities
6:10, 8:14,
8:16, 8:17,
14:16, 16:17,
20:22, 21:14
entitle
35:4, 35:8,
36:12
entitled
34:11, 35:6,
36:10
entity
6:18, 8:5,
8:17, 10:13,
10:18, 16:19,
17:11, 18:15,
18:17, 19:18,
21:2, 23:4,
23:8, 24:21

Transcript of Hearing
Conducted on May 29, 2024                                                    17

**esquire**
2:3, 2:12
**essential**
33:18
**essentially**
37:23
**established**
5:14, 34:3
**even**
10:5, 10:20,
10:23, 16:15,
16:22, 17:24
**event**
7:16
**ever**
6:2
**every**
6:1, 19:23
**everybody**
11:23, 11:24,
38:10
**everything**
3:3
**evidence**
5:6, 14:11,
17:8, 17:18,
20:1, 22:1,
22:6, 22:23
**exactly**
17:3, 40:18
**example**
14:9
**except**
16:18
**exception**
16:19
**exceptions**
16:18
**exclusively**
10:9
**excuse**
28:13
**exempt**
3:10, 8:19,
9:6, 12:16
**exemption**
3:13, 3:15,
5:20, 6:11,

7:22, 8:2, 8:3,
12:19, 14:3,
15:9, 15:20,
16:13, 16:17,
17:1, 17:5,
17:6, 23:12,
24:16
**exemptions**
9:7, 14:5,
14:24, 19:19,
19:21
**exist**
26:1
**existed**
10:9
**existence**
21:6
**existing**
14:6
**expansion**
10:12
**expect**
30:6
**expires**
41:19
**exposition**
20:15
**extended**
9:7
**extent**
27:1

_____
        **F**
_____
**fact**
12:12, 24:13,
24:15, 24:19,
38:8
**fact-pleading**
30:9, 38:9
**factfinder**
34:2, 36:8
**facts**
10:7, 11:10,
17:12, 17:14,
28:2, 28:6,
28:15, 29:7,
30:9, 31:13,
34:14, 37:6,

37:22, 38:5,
38:15
**failed**
25:23, 27:7,
27:9, 33:15
**fair**
7:19
**fall**
27:1
**falls**
28:1
**federal**
37:15
**feel**
31:12
**fees**
35:8, 36:1,
36:13
**fellow**
37:19
**feuer**
2:3, 7:1, 7:4,
7:6, 7:9, 11:16,
11:21, 11:24,
12:8, 12:10,
12:21, 12:23,
13:8, 13:10,
13:16, 13:19,
13:24, 20:16,
21:4, 25:6,
26:14, 26:17,
28:18, 28:19,
30:19, 30:22,
31:15, 32:2,
32:8, 32:12,
32:14, 32:18,
33:11, 33:23,
34:1, 35:21,
36:2, 38:21,
40:12, 40:18
**feuer's**
24:2
**file**
32:21, 35:17,
37:21
**filed**
31:10
**fill**
30:11

**financial**
14:20
**financially**
41:13
**find**
19:17, 24:11,
24:15, 24:23,
37:19
**fine**
39:13, 39:18
**first**
3:7, 7:13,
26:24
**fisher**
2:13
**five**
25:4
**five-count**
25:5
**flesh**
30:1
**force**
6:1
**foregoing**
41:5
**form**
29:8, 29:20
**forms**
35:24
**forth**
30:7, 41:8
**found**
11:1, 23:19
**frame**
18:21
**frameworks**
14:6
**frank**
27:3
**free**
7:18
**freely**
14:12
**friends**
13:17
**further**
41:9
_____
        **G**
_____
**gas**
8:13

Transcript of Hearing
Conducted on May 29, 2024                                18

generally
29:11
give
7:5, 8:10,
20:9, 31:9,
32:15, 32:17,
37:11, 38:15,
39:20, 40:6
given
35:17
gives
10:15
glad
27:6
glitch
40:14
go
4:20, 6:22,
7:2, 7:8, 11:16,
16:16, 28:18,
31:16, 35:24,
38:8, 40:21
goes
38:1
going
18:1, 32:11,
32:21, 33:24,
34:10, 38:7,
38:10, 38:14,
40:2, 40:11
gone
39:11, 40:3
good
7:3, 38:24
government
3:18, 3:23,
4:1, 4:6, 4:12,
4:14, 4:15,
4:22, 5:7, 5:21,
5:24, 6:8, 6:9,
6:19, 7:21, 8:5,
8:17, 8:24, 9:5,
9:6, 9:11, 9:12,
9:16, 9:22,
9:24, 10:12,
10:18, 10:20,
10:23, 12:15,
12:17, 14:3,

15:6, 15:7,
15:10, 15:15,
15:17, 16:20,
16:21, 17:5,
17:10, 17:16,
17:19, 17:21,
18:15, 18:18,
18:21, 20:2,
20:18, 20:24,
21:12, 21:19,
22:12, 23:3,
23:4, 23:8,
23:23, 23:24,
24:6, 24:9,
24:22
government's
10:24
governmental
11:2, 12:5
governments
3:18
gramm-leach-blil-
ey
14:19
great
8:22, 8:23
guess
18:20, 30:12,
30:13
guidance
10:15, 13:21,
38:12
guys
32:3

                H
hands
29:12
happy
3:7, 27:2
harm
27:14
harmed
27:21
harmonize
14:5
harmonizes
14:14, 14:18

health
19:20
hearing
1:15, 35:22,
38:24, 41:6
heightened
37:20, 38:2
held
25:18, 26:4,
34:12
here
17:12, 17:14,
20:1, 26:1,
30:15, 35:20
hereby
41:4
hereinbefore
41:8
high
3:4
higher
34:11
hipaa
14:15
holding
10:6, 11:9
holds
28:22, 37:8
homer
1:7, 3:10,
11:18, 11:19,
12:3, 21:20,
29:3
homer's
11:22
honest
31:11
honor
3:2, 7:4, 7:10,
11:11, 16:2,
19:14, 21:22,
22:8, 23:2,
28:1, 31:6,
31:11, 32:22,
37:14, 38:21,
39:11, 40:19
hospitals
14:16

hour
20:8
however
7:14, 21:23,
24:7, 28:11
hundreds
4:1
hypothetical
8:20
hypotheticals
8:11, 17:7

                I
idea
38:10
identify
21:13, 33:9
idot
4:1, 17:16,
22:11
ilcs
23:20
illinois
1:1, 2:7, 2:16,
9:9, 16:9,
19:22, 28:5,
38:8
immunity
8:9, 10:1,
15:5, 15:12,
15:16
important
31:24
imposes
26:17
inc
1:8, 10:8
included
16:7
inconsistent
9:13
incorporated
10:8, 10:22,
21:5
indicate
22:17
indication
21:2

Transcript of Hearing
Conducted on May 29, 2024                    19

**individual**
12:11, 23:12, 26:5
**individuals**
6:7, 18:22, 20:7
**industries**
14:7
**information**
4:23, 25:17, 25:24, 29:19, 29:21, 32:5, 38:19
**injunctive**
35:8, 36:13
**injury**
35:12, 35:16
**inquiry**
8:1, 12:13, 14:2
**insertion**
9:14, 15:7
**instead**
5:3, 39:14
**institutions**
14:20
**intend**
36:6
**intended**
9:18, 15:4
**intent**
4:20, 5:3, 16:12, 16:15, 16:24, 33:16, 33:18
**interact**
15:2
**interested**
41:14
**interpretation**
7:20, 9:16, 15:23, 16:8
**interpreted**
15:13
**involves**
25:15
**issue**
4:8, 4:17,

4:18, 4:20, 6:17, 7:11, 7:15, 7:18, 10:5, 10:20, 17:2, 31:2
**issues**
32:7

**J**

**jersey**
41:4
**job**
1:21
**josam**
13:3
**judge**
1:13, 11:16, 25:7, 30:19, 32:2, 33:23
**judgment**
19:12
**july**
39:7, 39:10
**jump**
40:17
**june**
41:19, 41:21
**jurisdiction**
30:9, 38:9

**K**

**kays**
2:12, 3:2, 7:3, 16:1, 16:2, 18:9, 18:11, 18:14, 19:9, 19:13, 19:16, 21:10, 21:17, 21:22, 22:1, 22:8, 22:14, 22:16, 22:23, 23:7, 23:14, 23:17, 25:10, 25:14, 26:12, 27:24, 28:1, 31:5, 31:6, 31:8, 32:19, 32:22, 33:2,

33:5, 37:10, 37:14, 39:11, 39:14, 39:17, 40:4, 40:19
**keep**
25:17
**key**
4:8
**knew**
30:4
**know**
3:3, 5:15, 7:9, 11:12, 12:23, 15:3, 17:9, 17:12, 18:1, 18:20, 19:2, 19:18, 20:3, 20:23, 26:3, 27:3, 27:15, 28:4, 28:5, 28:9, 28:14, 29:2, 29:5, 29:10, 29:15, 30:6, 30:8, 33:7, 34:7, 34:14, 34:19, 36:21, 36:24, 37:6, 37:18, 38:10, 40:8
**knowing**
30:4
**known**
37:24
**knows**
37:15

**L**

**lakes**
8:22, 8:23
**land**
10:13, 38:14
**language**
4:10, 9:15, 16:4, 16:5, 16:8, 16:10, 16:16, 16:23, 19:5, 19:23, 23:14, 23:15,

24:2
**law**
1:2, 2:4, 7:11, 8:18, 9:7, 15:1, 28:22, 29:14, 32:4, 34:19, 35:10, 37:3, 37:8
**laws**
14:8, 14:16, 15:1
**lawsuit**
3:20
**lead**
38:16
**learned**
39:1
**least**
30:16, 34:15
**leave**
27:22, 30:10, 31:18, 32:9, 34:17, 35:17, 38:17
**legal**
10:24
**legally**
20:4
**legislative**
4:20, 16:12, 16:15, 16:24
**legislature**
5:15, 9:18
**legislature's**
5:2, 9:14
**lessee**
11:1
**let's**
6:24, 32:15, 39:24
**level**
3:4, 11:4, 13:6, 34:9, 35:6, 36:4, 38:3
**levels**
36:5
**liability**
12:15, 34:3,

Transcript of Hearing
Conducted on May 29, 2024

20

34:5
**license**
41:20
**limitation**
7:24, 10:3,
10:16, 11:6
**limitations**
14:2
**limited**
11:9
**line**
7:17
**liquidated**
34:24
**listed**
16:18
**literature**
8:15
**litigation**
38:11
**little**
27:4, 27:13,
30:1
**local**
3:12, 3:17,
3:18, 4:1, 4:13,
4:15, 6:8, 9:22,
17:16, 18:18,
22:12, 23:23,
23:24, 24:5,
24:8
**locksmith**
14:22
**long**
32:10
**look**
13:20, 13:24,
18:14, 18:19,
18:21, 19:23,
39:14
**looked**
32:5
**looking**
17:14, 19:3
**lot**
30:14, 39:1
**ludicrous**
5:23

| M |
|---|
**made**
16:9, 31:18
**make**
6:2, 8:19,
35:11, 40:14
**managing**
10:10
**many**
31:23
**mary**
1:13, 1:23,
22:19, 41:3,
41:18
**mathematical**
29:20
**matter**
5:5, 5:17,
5:18, 8:7,
24:12, 24:16,
25:11
**matters**
6:17
**maybe**
40:1
**mcdonald's**
8:21, 8:22,
9:1, 9:5, 9:9,
9:11, 17:9
**mean**
4:10, 5:23,
18:15, 22:5,
25:8, 27:13,
27:18, 31:11,
35:16, 37:14,
40:16
**meaning**
5:12
**means**
5:4, 7:22,
16:13, 18:3,
18:16, 18:24
**meant**
5:16
**measure**
34:2
**measures**
34:24

**mental**
38:15
**mentioned**
20:5
**met**
34:24
**metropolitan**
10:11, 20:14
**miranda**
12:24, 13:5
**mistake**
40:13
**modifier**
9:15, 9:17,
15:8
**modifying**
7:21, 15:21
**moment**
5:21, 31:9
**more**
7:7, 13:1,
27:6, 27:13,
29:7, 29:23,
30:1, 31:18,
32:5, 32:14,
32:23, 37:6
**most**
7:19
**motion**
1:15, 3:5,
6:22, 19:11,
19:13, 25:1,
31:10, 31:17,
41:6
**move**
3:5
**mpea**
11:3, 21:7
**must**
24:7, 34:23,
40:13

| N |
|---|
**name**
8:15, 29:5
**narrow**
10:6, 11:8,
11:9

**narrows**
15:8
**navarette**
13:2, 13:4
**navy**
8:22, 8:23,
9:2, 10:8,
10:10, 10:13,
10:17, 10:22,
20:24, 21:4,
21:6, 21:10
**nebulous**
29:17
**necessarily**
35:13
**need**
4:19, 5:19,
16:16, 24:1,
27:12, 29:4,
29:23, 30:11,
34:13, 37:6,
37:21, 39:1
**needs**
28:15, 31:24
**negates**
24:12, 24:16
**negligence**
34:15, 34:21,
35:2, 35:4,
36:11, 36:18
**negligent**
35:14, 38:2
**neither**
41:9, 41:12
**never**
10:18
**new**
32:4, 41:4
**nongovernment**
24:22
**nongovernmental**
11:19, 22:22
**northern**
37:1
**not-for-profit**
21:5
**note**
6:21, 32:23

Transcript of Hearing
Conducted on May 29, 2024                                           21

noted
7:10, 11:11
nothing
4:11, 5:6, 6:5,
6:6, 9:19,
17:24, 22:23,
23:11, 23:20,
24:3, 40:12
notice
30:17
notify
30:16
npi
10:8, 21:11,
21:15
number
36:23, 37:18

O

obligations
26:3
obtain
34:24
obviously
37:6
occurred
5:13, 6:20
occurs
8:6
oh
32:13
okay
7:7, 7:8,
11:14, 12:9,
12:22, 16:1,
19:15, 20:9,
20:11, 21:8,
21:18, 21:24,
22:4, 23:13,
26:13, 37:13,
38:23, 39:9
one
7:5, 7:7, 8:23,
9:11, 10:24,
15:14, 20:9,
27:3, 32:22,
37:12
only
5:19, 11:7,

20:22, 25:19,
31:20
operating
9:5, 10:9, 21:6
opinion
20:19, 21:12,
21:14, 34:6
opinions
37:2
opportunity
27:17, 29:24,
35:24
opposing
36:8
opposite
13:11
order
19:17, 34:11,
34:24, 36:7
organization
21:5
other
3:7, 6:4,
10:10, 14:5,
14:8, 15:1,
15:19, 17:4,
17:9, 19:19,
35:24
others
6:4
otherwise
39:3
out
8:14, 9:17,
15:1, 19:20,
24:1, 30:1,
34:8, 36:24,
39:6, 39:19
outset
7:10
over
13:18, 38:13
oversight
11:4
owns
10:13

P

pages
1:22

panoply
26:17
papers
3:4
paragraph
30:3, 31:16
parroting
28:8
parties
11:12, 41:11
passing
8:15
pause
20:10
payment
36:1
payroll
28:24, 29:6,
29:22
perform
15:17
performed
15:10
performing
10:19
performs
11:2
period
5:13, 6:19,
9:22, 16:20,
20:3
permit
27:5
person
5:20, 23:3
personal
35:12, 35:16
personally
26:15
persuaded
24:1
persuasive
13:1, 13:14,
13:20, 18:5,
18:9, 18:12,
24:20
pertain
28:12

pexco
12:24
phillips
2:13
phrase
15:21, 18:16,
24:7
pier
10:8, 10:10,
10:13, 10:17,
10:22, 20:14,
20:24, 21:4,
21:7, 21:11
place
8:6, 14:7,
16:7, 27:8,
38:13, 41:8
plain
5:12, 16:4,
16:17, 16:23,
19:23
plaintiff
1:5, 2:2, 3:20,
3:22, 4:6, 4:9,
5:1, 5:9, 17:15,
17:18, 17:22,
19:19, 22:2,
22:11, 22:21,
23:9, 25:21,
26:1, 26:4,
26:8, 26:10,
28:8, 33:12,
33:13, 33:15,
35:1, 35:4,
36:3, 36:4
plaintiff's
3:19, 6:12,
6:21, 16:2,
24:17, 40:15
play
24:14
plead
33:15, 33:17,
34:14, 36:5,
37:9, 39:3
pleading
24:18, 28:6,
32:21, 33:21,

Transcript of Hearing
Conducted on May 29, 2024

22

34:4, 35:12,
35:23
**pleadings**
17:24, 19:11,
22:5, 37:15
**pleads**
33:19
**please**
37:13, 40:5
**pled**
25:12, 25:13,
34:14, 34:17,
35:13, 35:15
**pllc**
2:4
**point**
13:2, 22:6,
24:1, 31:21,
38:20
**pointed**
19:20, 36:24
**points**
3:4, 34:7
**policy**
25:16, 25:17,
26:3, 26:19,
27:8, 27:10
**posit**
28:4, 38:4
**position**
4:16, 11:18,
12:2, 12:20,
12:21, 17:17,
23:14, 26:9,
26:14, 31:19,
33:16, 34:1
**practical**
5:18
**precedential**
13:15, 13:16,
18:11
**prejudice**
24:24, 38:6
**present**
2:19
**presented**
11:8
**prevail**
35:1

**prevails**
16:11
**prevent**
14:7, 15:4
**prevents**
14:9, 14:14,
14:18, 14:21
**principles**
15:5
**private**
8:16, 12:7,
14:22, 16:17,
19:18, 20:22,
21:3, 21:13,
21:15, 21:20,
22:2, 25:20
**procedure**
14:10, 14:11
**proceedings**
14:13, 20:10,
40:22
**processing**
29:16, 29:22
**projects**
12:13, 17:15,
22:11, 22:22
**protect**
9:4
**protected**
9:4
**protections**
8:19, 9:10
**prove**
34:10, 35:5,
35:7, 36:5,
36:6, 36:21,
37:7
**proven**
36:15
**provide**
38:17, 38:18
**provided**
17:22
**proving**
35:2
**provisions**
15:12, 30:6
**public**
25:19

**publicly**
26:20
**published**
37:1
**pure**
10:12
**purpose**
10:9, 10:10,
26:22
**purposes**
24:18, 28:24,
29:22
**pursuant**
8:23, 9:2,
10:19, 11:3
**put**
27:18, 30:16
**putting**
30:7

**Q**

**question**
7:15, 10:21,
11:8, 11:15,
19:7, 24:13,
24:14

**R**

**raised**
10:21
**read**
14:1, 14:4
**reading**
8:18
**reads**
9:17
**real**
20:19
**really**
8:12, 27:19,
34:13, 38:12,
38:24
**reason**
33:7
**reasonably**
29:14
**reasons**
25:1

**recall**
19:10
**recently**
19:21
**reckless**
30:4, 37:22,
38:1, 38:15
**recklessness**
32:23, 33:10,
33:15, 33:17,
33:20, 33:21,
34:8, 34:16,
34:21, 35:3,
35:5, 36:12,
36:18, 37:5,
37:7
**reflected**
16:4
**reflecting**
36:17, 36:19
**regarding**
19:20
**regardless**
3:21, 4:24,
18:23, 28:5
**regulate**
14:7
**reiterate**
3:3
**reject**
6:21
**relationship**
10:24, 18:19
**relative**
41:10, 41:12
**relatively**
34:20
**relevant**
19:2, 20:1
**relief**
35:9, 35:24,
36:14
**relying**
24:20
**remains**
11:10
**reminder**
3:20

Transcript of Hearing
Conducted on May 29, 2024                                    23

render
15:21
replead
32:9, 34:18
reply
7:1, 16:1
reported
1:23
reporter
41:4
representation
29:21
require
28:6
required
5:11, 6:6, 8:1,
12:12, 33:16,
33:17, 33:22,
34:5
requirement
19:17, 25:15
requires
36:14
resolve
32:7
respect
20:12, 25:4,
25:18, 30:15,
33:10, 36:11,
36:23
respond
7:1, 27:17,
30:18, 39:2
response
8:11, 33:11
responsive
32:21
rest
6:22
retains
11:3
retention
14:15, 26:19,
27:8
review
32:20
rid
17:5

ridiculous
20:6
right
8:22, 9:17,
9:24, 10:14,
12:4, 12:17,
13:6, 13:9,
13:13, 13:15,
14:8, 14:11,
14:23, 20:15,
21:1, 21:20,
21:21, 22:6,
22:13, 24:11,
25:20, 26:12,
27:15, 27:17,
27:19, 31:5
roberts
1:13
rojo
1:4, 3:22,
12:13, 29:8
room
32:16
roundly
28:22
rule
7:18, 8:4,
15:21, 17:2,
22:18
rules
14:11
    _____S_____
said
6:17, 22:3,
23:9, 27:18
same
5:13, 6:16,
6:17, 31:22,
40:4
satisfied
10:22
say
6:6, 18:2,
18:16, 18:23,
19:4, 20:18,
22:24, 23:2,
24:3, 28:19,

28:20, 31:21,
32:15, 33:20,
35:22, 36:18,
38:14
saying
11:1, 17:1,
18:6, 22:9,
22:21, 22:24,
26:16, 28:9,
35:20, 37:23
says
3:13, 4:5,
4:11, 5:15, 6:5,
6:9, 10:3,
17:20, 23:4,
23:11, 23:20
scanned
27:9
scanner
12:12, 29:19
scanning
8:6, 8:8
scans
9:1, 12:16
school
8:13
scope
8:2, 11:6, 14:2
second
7:5, 7:7, 20:9,
37:12
section
3:10, 5:3,
14:1, 14:5,
18:4, 23:20,
25:15, 25:19,
25:22, 26:5,
28:2, 28:13
sections
3:14, 14:24
sector
21:3
see
26:15, 39:21,
39:24
seek
34:10, 37:20,
38:2

seeking
34:7, 36:9,
38:4
seem
38:13
seems
33:20
segregate
6:1
sense
27:20
senses
16:24
separate
35:14
services
11:2, 18:19,
19:1, 19:6
set
41:8
settled
7:11, 7:12
several
8:24
shall
4:11, 9:20,
23:21, 24:4
sharing
29:17
short
27:2
should
7:22, 11:9,
16:6, 16:7,
24:23, 28:10,
28:20, 37:24,
38:4, 39:21
show
20:1
sick
39:19
signature-kyoss
41:16
similar
34:17
simply
18:24
since
22:10, 22:24,

Transcript of Hearing
Conducted on May 29, 2024                                              24

37:4
**single**
3:20, 5:1, 6:1,
8:5, 19:23
**sir**
27:13, 30:21
**sister**
11:11
**smithe**
2:20
**so-called**
10:16
**sole**
10:21, 21:6
**solely**
21:11
**some**
6:3, 8:10,
8:16, 11:11,
18:18, 25:3,
26:9, 27:20,
28:15, 29:7,
32:15, 34:6,
35:6, 38:6,
38:15, 38:19
**somebody**
40:17
**something**
20:12, 29:4,
33:10
**sorry**
13:2, 22:18,
22:19, 30:22,
33:13
**sort**
28:22, 29:12
**sound**
20:4
**sounds**
7:3
**south**
2:5, 2:14
**sovereign**
15:5
**sparse**
31:13, 31:22
**speaking**
5:22

**specific**
7:10, 7:14,
10:7, 12:13,
25:19, 27:13,
27:20, 29:2,
31:18, 31:23,
34:14
**specifically**
4:11, 5:20,
8:14, 20:22,
25:22, 26:16,
27:20, 36:23
**stage**
22:5, 29:12
**standard**
28:10, 28:20,
28:21, 34:4,
37:5, 37:20
**standards**
28:6, 34:22,
34:23, 37:15
**start**
39:2
**starting**
25:14
**state**
3:12, 3:17,
4:13, 4:14, 6:8,
9:9, 9:15, 9:21,
23:22, 23:24,
24:5, 24:8,
25:11, 26:4,
34:15, 37:5,
37:16, 38:15,
38:16, 41:4
**stated**
25:1
**states**
3:11, 15:14
**stating**
29:1
**stations**
8:13
**status**
39:6, 39:9,
40:16
**statute**
3:11, 3:16,

4:18, 5:11, 6:5,
6:7, 9:17, 16:5,
16:9, 16:10,
19:24, 23:2,
23:11, 24:3,
24:18, 28:8,
34:5
**statutory**
15:23, 16:5,
23:14, 23:15,
34:12, 36:2
**stenographically**
41:7
**step**
15:2
**still**
40:2
**stopped**
9:19, 24:6
**straightforward**
29:18
**street**
2:5
**stricken**
34:16
**strict**
34:5
**subcontractor**
4:13, 9:21,
23:22, 24:5
**subject**
9:3, 30:5
**submit**
37:21
**submitted**
4:4, 4:5, 22:9
**substantially**
38:19
**sufficient**
28:24, 37:4,
37:8
**suggest**
18:5
**suggested**
35:20
**suing**
29:15
**suite**
2:6, 2:15

**summary**
19:12
**super**
34:19
**superfluous**
15:22
**supermarkets**
8:12
**support**
4:4, 28:15,
31:13, 36:22,
37:22, 38:5
**supported**
16:23
**supports**
28:3
**suppose**
39:22
**suppositions**
30:8
**supreme**
15:14, 16:9,
19:22
**sure**
6:2, 7:3,
13:19, 18:10,
18:13, 19:9,
40:14
**swallow**
8:4, 15:20,
17:2
**systems**
29:11, 30:5

---
**T**
---
**take**
17:3, 32:11,
32:14
**taken**
41:6
**takes**
4:9
**talk**
21:14, 25:3
**talked**
20:22, 31:5
**technology**
29:16

Transcript of Hearing
Conducted on May 29, 2024                                                25

| | | | |
|---|---|---|---|
| **temporal** | **time** | **type** | **unmanageable** |
| 5:5, 7:23, | 1:18, 3:22, | 18:19 | 6:4 |
| 10:2, 10:16, | 3:24, 4:22, 5:8, | **types** | **unpublished** |
| 11:6, 18:20 | 5:14, 5:21, | 8:14 | 7:13, 7:16, |
| **term** | 6:16, 8:6, | | 11:10, 18:7, |
| 36:17 | 18:20, 19:23, | **U** | 24:19 |
| **terms** | 22:10, 23:9, | **ultimately** | **urge** |
| 36:19 | 27:8, 41:7 | 36:5, 36:20 | 13:24, 14:4 |
| **th** | **timekeeping** | **unambiguous** | **urges** |
| 39:10, 40:11 | 9:2, 30:5 | 5:17 | 7:24, 9:8 |
| **thank** | **today** | **under** | **using** |
| 3:2, 7:4, 7:9, | 7:15, 7:17, | 3:5, 3:10, | 26:22 |
| 15:24, 32:18, | 39:19 | 3:15, 4:10, | |
| 40:19 | **took** | 5:11, 5:12, | **V** |
| **thanks** | 6:16 | 6:13, 8:3, 8:18, | **vazquez-jaime** |
| 38:23 | **top** | 9:5, 9:10, | 1:23, 41:3, |
| **therefore** | 4:3, 5:9 | 10:11, 12:13, | 41:18 |
| 6:20 | **top-line** | 14:16, 16:13, | **vendor** |
| **thing** | 8:10 | 17:15, 22:9, | 28:11 |
| 31:20 | **tort** | 22:11, 24:24, | **vendors** |
| **things** | 15:5, 15:12, | 25:22, 26:5, | 29:4 |
| 25:3 | 15:16 | 28:2, 29:1, | **versus** |
| **think** | **totally** | 33:16, 33:19 | 12:24, 13:3, |
| 4:8, 8:10, | 9:13 | **understand** | 28:11 |
| 15:11, 15:19, | **transcript** | 4:16, 29:5, | **via** |
| 25:3, 25:7, | 41:6 | 33:12 | 1:16 |
| 27:4, 27:12, | **transmission** | **understanding** | **view** |
| 29:14, 29:23, | 12:12 | 29:11 | 15:19, 35:3 |
| 30:2, 31:10, | **transmissions** | **understood** | **violated** |
| 32:23, 33:5, | 12:16 | 30:19, 32:8, | 22:18, 37:3 |
| 34:20, 35:16, | **transmitted** | 38:21 | **violating** |
| 35:19, 36:10, | 29:10, 29:20 | **undisputed** | 14:13 |
| 36:14, 36:21, | **treat** | 11:21 | **violations** |
| 38:7, 40:4 | 20:6 | **unique** | 4:3, 5:13, |
| **thought** | **tree** | 10:7 | 6:20, 28:14 |
| 8:20 | 1:7, 3:10 | **unit** | **virtual** |
| **three** | **trial** | 4:14, 4:15, | 1:16 |
| 26:18, 26:22 | 36:21 | 4:22, 6:18, | **virtue** |
| **three-count** | **true** | 9:15, 9:22, | 9:10 |
| 25:6, 25:9 | 41:5 | 18:17, 20:17, | |
| **through** | **try** | 23:23, 23:24, | **W** |
| 20:19, 40:8 | 16:24, 30:1 | 24:6, 24:8 | **wacker** |
| **throughout** | **trying** | **united** | 2:14 |
| 23:10 | 15:2, 26:2, | 15:14 | **wait** |
| **throw** | 30:13 | **units** | 18:6 |
| 39:21, 39:22, | **two** | 3:18, 11:20 | **want** |
| 39:24 | 34:11 | **unless** | 20:11, 23:18, |
| **tied** | **tying** | 25:20, 25:21 | 25:10, 32:19, |
| 21:6, 29:12 | 15:9 | | |

Transcript of Hearing
Conducted on May 29, 2024

26

| | | | |
|---|---|---|---|
| 37:20 | within | xi | 1st |
| **wanted** | 26:22 | 41:20 | 40:1 |
| 8:21, 24:3 | **without** | **Y** | **2** |
| **wanton** | 14:13, 29:13, | **yeah** | **2** |
| 35:13, 35:18 | 35:2, 36:11, | 7:6, 11:21, | 3:6, 3:9, 6:13, |
| **way** | 38:5 | 11:24, 13:19, | 22:9 |
| 9:8, 17:2, | **work** | 26:17, 33:4, | **2004** |
| 17:4, 26:9, | 6:1, 10:19, | 33:23, 35:21, | 14:22 |
| 26:10, 34:17 | 12:5, 12:6, | 40:6, 40:19, | **2008** |
| **we'll** | 12:14, 12:17, | 40:20 | 37:4 |
| 7:2, 38:21, | 15:9, 17:19, | **years** | **2018** |
| 40:14, 40:21 | 22:21, 29:11, | 26:23 | 22:10, 22:24 |
| **we're** | 40:9, 40:11, | **Z** | **2024** |
| 22:5, 22:24, | 40:14 | **zoom** | 1:17, 37:3, |
| 27:4, 30:9, | **worked** | 1:16 | 41:19, 41:21 |
| 34:7, 34:10, | 4:6, 5:10, | **.** | **21** |
| 36:9 | 11:18, 12:3, | **.5555** | 32:15, 32:17, |
| **we've** | 17:15, 17:20, | 2:8 | 39:2 |
| 4:5, 22:9, | 20:13, 20:20, | **.8061** | **23** |
| 34:14, 37:18 | 21:2, 22:2, | 2:17 | 1:8, 18:4 |
| **wednesday** | 22:11, 23:1, | **0** | **25** |
| 1:17 | 23:9 | **00382** | 3:10, 5:3, |
| **week** | **working** | 41:20 | 12:18, 14:1, |
| 39:12, 39:15, | 3:22, 4:9, | **1** | 14:5, 14:9, |
| 40:5 | 4:14, 4:18, | **1** | 14:14, 14:18, |
| **welcome** | 4:21, 5:4, 5:9, | 40:22 | 14:21, 15:3, |
| 40:20 | 5:21, 6:8, 6:10, | **10** | 23:20 |
| **well-settled** | 6:18, 7:20, | 2:14 | **28** |
| 10:4 | 9:14, 9:23, | **12** | 32:20, 39:2 |
| **went** | 10:17, 10:18, | 1:18, 40:11 | **29** |
| 20:19 | 11:7, 12:14, | **14** | 1:17, 39:7, |
| **whether** | 15:7, 15:8, | 32:12 | 39:10 |
| 4:24, 6:18, | 15:21, 16:21, | **140** | **3** |
| 7:22, 7:24, | 18:3, 18:15, | 2:5 | **30** |
| 10:22, 18:22, | 18:18, 18:22, | **15** | 39:8, 39:10, |
| 24:13, 32:20, | 18:24, 20:24, | 25:15, 25:22, | 41:19 |
| 37:5 | 21:15, 23:3, | 26:3, 26:5, | **312.346** |
| **whichever** | 23:4, 23:23, | 26:17, 27:6, | 2:17 |
| 26:23 | 24:8 | 28:2, 28:13, | **312.442** |
| **whole** | **works** | 29:1, 30:22, | 2:8 |
| 14:1, 38:9 | 39:21 | 30:24, 31:1, | **34** |
| **willful** | **written** | 31:4 | 40:22 |
| 35:12, 35:18, | 15:4 | **1610** | **3450** |
| 38:1 | **wrote** | 2:6 | 2:15 |
| **win** | 9:19 | | **38** |
| 36:10 | **X** | | 1:18 |
| **wishes** | **x-ray** | | |
| 13:20 | 14:15 | | |

Transcript of Hearing
Conducted on May 29, 2024                                          27

| 4 | |
|---|---|
| **41** | |
| 1:22 | |

| 5 | |
|---|---|
| **50** | |
| 39:4 | |
| **537350** | |
| 1:21 | |
| **5th** | |
| 40:8 | |

| 6 | |
|---|---|
| **60** | |
| 39:6 | |
| **60603** | |
| 2:7 | |
| **60606** | |
| 2:16 | |
| **615** | |
| 3:6, 7:2, 25:4 | |
| **619** | |
| 3:6, 3:9, 6:13, | |
| 22:9, 24:24, | |
| 25:1 | |
| **65** | |
| 30:3, 31:16, | |
| 36:23 | |
| **6th** | |
| 39:15, 40:5 | |

| 7 | |
|---|---|
| **740** | |
| 23:20 | |

| 8 | |
|---|---|
| **8588** | |
| 1:8 | |

| 9 | |
|---|---|
| **9** | |
| 39:8, 39:10 | |
| **9th** | |
| 40:9 | |