# EXHIBIT C

Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page: 2 of 34 PageID #:3853
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, N

FILED DATE: 4/8/2024 1:43 PM   2023L008588

FILED
4/8/2024 1:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L008588
Calendar, N
27163840

```
 1    STATE OF ILLINOIS    )
                           )  SS:
 2    COUNTY OF C O O K    )

 3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT - CHANCERY DIVISION
 4

 5    XIOMARA NAVARETTE, on          )
      behalf of herself and other    )
 6    similarly situated             )
      employees, known and           )
 7    unknown,                       )
                                     )
 8                   Plaintiff,      )
                                     )
 9         vs.                       )  No. 2019 CH 14368
                                     )
10    JOSAM ACQUISITIONS,  d/b/a     )
      Good 2 Go Food,                )
11                                   )
                     Defendant.      )
12                                   )

13           REPORT OF PROCEEDINGS had via Zoom at the

14    hearing of the above-entitled cause, before the Honorable

15    MICHAEL T. MULLEN, Judge of said court, on Monday, the

16    29th day of March, 2021, at the hour of approximately

17    11:00 o'clock a.m.

18           PRESENT VIA ZOOM:

19               RAISE THE FLOOR ALLIANCE,
                 BY:  MS. MIRANDA HUBER,
20               BY:  MS. ADA SANDOVAL, and
                 NATIONAL LEGAL ADVOCACY NETWORK,
21               BY: MR. CHRIS WILLIAMS,
                     On behalf of the Plaintiff;
22
                 SHOOK, HARDY, & BACON, LLP.,
23               BY:  MS. KATHARINE R. PAINE,
                     On behalf of the Defendant.
24
      Laurel E. Laudien, RMR, RPR, CSR #084-001871
```

Transcript of Proceedings - 3/29/2021
Xiomara Navarrete, et al. Vs. Josam Acquisitions, d/b/a Good 2 Go Food

Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 3 of 34 PageID #:3854

FILED DATE: 4/8/2024 1:43 PM    2023L008588

```
 1          THE COURT:  So this is Navarrete versus Josam

 2   Acquisitions.

 3               If everyone would identify themselves as well

 4   as who they represent starting with Plaintiff's Counsel,

 5   and, Counsel, just you so know, you are on mute.

 6          MS. HUBER:  Good morning, your Honor.

 7               Miranda Huber on behalf of the Plaintiff.

 8               I'm joined today by Ada Sandoval, a new

 9   attorney in our office, and my Co-Counsel, Chris

10   Williams, from the National Legal Advocacy Network has

11   also joined this morning.

12          THE COURT:  Very good.

13               Good morning.

14          MS. HUBER:  Good morning.

15          MS. PAINE:  Morning, your Honor.

16               This is Kate Paine from Shook, Hardy, and Bacon

17   on behalf of the Defendant, Josam Acquisitions, who I'll

18   probably mostly be referring to today as Good 2 Go or

19   Good 2 Go Food.

20               And it's just me today, your Honor.

21          THE COURT:  Okay.  Well, that's enough, right?

22               Good morning to you.

23          MS. PAINE:  Good morning.

24          THE COURT:  So the motion that I have in front of me
```

Transcript of Proceedings  -  3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 4 of 34 PageID #:3855
Xiomara Navarrete, et al. Vs. Josam Acquisitions, d/b/a Good 2 Go Food

1   is fully briefed, and it's brought pursuant to Section

2   619.1.  It's directed at the Complaint, and it

3   incorporates -- it's actually a first amended complaint.

4   It incorporates two parts.  One is a 615 motion directed

5   at the legal sufficiency of the Complaint itself, as well

6   as a 619 motion.

7           I have reviewed the submissions, and I do want

8   argument, but I'm going to structure this so that the

9   parties can focus their arguments on issues that I think

10  the parties should highlight.

11          So I'm just going through some rulings right

12  now, and there is a 615 motion directed at Count 1, and

13  in the initial motion, which I do not need argument on,

14  the motion seeks to strike the enhanced damages, if you

15  will, being sought in terms of $5,000 per violation which

16  is for intentional or reckless conduct as opposed to

17  $1,000 in damages for essentially what would be referred

18  to as negligent conduct, and this is a tort that goes

19  into a separate issue; but in terms of the way I view it,

20  the factual allegations are insufficient to allow the

21  Plaintiff to proceed with a request for enhanced damages.

22  The motion to strike is granted as to that.

23          I do want argument as to the state contractor

24  exclusion, but not until I am done with my further

FILED DATE: 4/8/2024 1:43 PM  2023L008588



Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 5 of 34 PageID #:3856
Xiomara Navarrete, et al. Vs. Josam Acquisitions, d/b/a Good 2 Go Food

FILED DATE: 4/8/2024 1:43 PM    2023L008588

1    rulings.

2              There is a 619 argument directed at this count,

3    and this deals with the exclusivity of the remedy as an

4    employee.  If an employee is injured, the employee's

5    exclusive remedy, this is how the argument goes, should

6    be brought before the Illinois Industrial Commission as

7    it is an injury that occurred while in the employ of the

8    Defendant.

9              This argument has been advanced.  I have ruled

10   on this in the past.  Foolish consistency, of course,

11   being the hobgoblin of little minds could be one

12   argument, but at the other end of this, I think the

13   reasoning in the McDonald case, not only at the Trial

14   Court level but also the Appellate Court level is

15   persuasive.  I recognize that a PLA has been taken on

16   this case, has been granted in this case, and when I say

17   this case, I'm referring to the McDonald versus

18   Bronzeville Park case, but that motion is denied.

19             There is a separate argument under 619.  This

20   deals with the statute of limitations, and is it a

21   one-year, two-year, five-year.  Here the argument is that

22   it's a cause of action most similar to a privacy

23   violation, right to privacy, if you will, and that is a

24   one-year statute of limitations.



Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 6 of 34 PageID #:3857

FILED DATE: 4/8/2024 1:43 PM   2023L008588

1        There is no specific statute of limitations

2   incorporated within the cause of action, so one may

3   argue, and it has been argued, that a five-year statute

4   of limitations would apply.  I think a closer call would

5   be whether or not the two-year statute of limitations

6   would be appropriate.  However, I'm concluding that a

7   five-year statute of limitations does apply to this

8   action.

9        I recognize that this matter, or that there is

10   a case that is before the Appellate Court as to the

11   applicable statute of limitations, but I'm concluding

12   that a five-year statute of limitations does apply and

13   that motion is denied as well.

14        I do want to hear argument as to the 619

15   assumption of risk argument that has been advanced.

16        I am also very interested in the Chicago Earned

17   Sick Leave Ordinance, but I don't believe argument would

18   be all that helpful because it does not seem to be

19   well-pled at this juncture.

20        The Plaintiff does not allege that she worked

21   for the Defendant within the geographic boundaries of the

22   City of Chicago.  Instead, the Plaintiff alleges she

23   worked for the Defendant in this judicial district which

24   covers all of Cook County, not just the City of Chicago

Transcript of Proceedings - 3/29/2021
Xiomara Navarrete, et al. Vs. Josani Acquisitions, d/b/a Good 2 Go Food

Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 7 of 34 PageID #:3858

FILED DATE: 4/8/2024 1:43 PM    2023L008588

1  boundaries, and that's the limit of the boundary that may

2  apply.

3         It is also alleged by the Plaintiff, I believe

4  in Paragraph 24, that the City of Chicago passed the

5  ordinance to provide a right to paid sick leave to

6  employees of employers in Cook County, and then refers to

7  the ordinance as a county ordinance.

8         So it's inconsistent.  It's one or the other.

9  I don't know if it even applies, but I don't know how one

10  could conclude that the Plaintiff is a covered employee

11  at this juncture, so that motion is granted.  The 615

12  motion is granted.

13         That is without prejudice, as is my prior

14  ruling as to Count 1 in terms of the enhanced damages.

15         So with that being said as a structure,

16  Counsel, you may highlight your arguments relative to the

17  contractor exclusion argument.

18     MS. PAINE:  Yes, your Honor.

19         Just before I proceed, I was also prepared to

20  discuss our pending motion to strike the class

21  allegations today, so I just want to make sure I leave

22  time for that if we will be discussing that.

23     THE COURT:  All right.

24     MS. PAINE:  So should I -- I'll proceed with



Transcript of Proceedings  -  3/29/2021
Xiomara Navarrete, et al. Vs. Josam Acquisitions, d/b/a Good 2 Go Food

Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 8 of 34 PageID #:3859

1  arguments on the motion to dismiss, and then let my

2  opposing Counsel respond, and then maybe we can proceed

3  to the motion to strike.

4      THE COURT:  That's a good plan.

5      MS. PAINE:  Thank you, your Honor.

6          I'm sorry.  And just one more question.

7          I know you ruled on the enhanced damages.  Did

8  you make a ruling on enhanced damages for the $1,000

9  negligence?  We argue that they fail to adequately plead

10  that as well.

11     THE COURT:  My view is that it is well pled at this

12  stage.  I don't know how else it can be asserted, so I

13  believe that viewing liberally the allegations, your

14  motion is denied as to the $1,000.

15     MS. PAINE:  Okay.  Thank you, your Honor.

16          All right.  So the government contractor or

17  state contractor exemption is actually a very straight

18  forward textual argument that we are advancing.  When the

19  the legislator -- Legislature was drafting that law, it

20  said that it only applies to private entities.  Excluded

21  from the definition of private entities are governmental

22  entities, governmental agencies.

23          The Legislature could easily have stopped

24  there, but instead it included near the end of the



FILED DATE: 4/8/2024 1:43 PM  2023L008588

Transcript of Proceedings   –   3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 9 of 34 PageID #:3860
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

1  statute a carve-out saying nothing in the statute shall

2  be applied to contractors and subcontractors that are

3  doing work for governmental agencies.  So really it's

4  like a two-prong test.  You have a governmental

5  contractor, and you have a contractor that actually does

6  work for governmental agencies.

7           And before I continue to apply that to this

8  case, I just want to frame a little why that makes sense

9  that the Legislature would have drafted it this way.  You

10 know, the context of BIPA is the Pay By Touch bankruptcy

11 which is referenced in the statement from Representative

12 Rye that we attached as an exhibit to the motion to

13 dismiss, and in that, he mentions that, you know, when

14 Pay By Touch declared bankruptcy, all these customers

15 that were using finger-swipe technology at local grocery

16 stores like Jewel Osco, Dominick's, et cetera, they were

17 unaware that the company that was actually collecting --

18 that was in control of that data wasn't Jewel, it wasn't

19 Dominick's, it was Pay By Touch.

20          So the concern there was really the consumers

21 in this setting, whereas when you take somebody like a

22 government contractor, somebody like Josam Good 2 Go,

23 they have already been vetted.  They are a certified

24 government contractor under two different programs, and


FILED DATE: 4/8/2024 1:43 PM   2023L008588

Transcript of Proceedings  -  3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 10 of 34 PageID #:3861
Xiomara Navarrete, et al. vs. Josam Acquisitions, s/b/a Good 2 Go Food

FILED DATE: 4/8/2024 1:43 PM    2023L008588

1    not only have they been vetted that first time, they have

2    met the second prong too.  They're doing the work for

3    governmental agencies on a daily basis.  Every day they

4    are providing their prepackaged food, you know, to these

5    state agencies, and it makes sense then that the

6    government would want -- wouldn't want its contractors

7    that it's twice vetted to then be subject to not just the

8    rigors of the government, but really the crushing

9    liability that can follow with these things like enhanced

10   damages, and, you know, it's on appeal now to the

11   7th Circuit what each damage means, issues like this.

12        So when you come at it from both a textual,

13   and, you know, a policy standpoint, it's really clear

14   that it applies, that the exemption applies in a case

15   like this where you have an entity that is twice

16   certified and is consistently doing work for governmental

17   agencies.

18        It wouldn't make sense to say that you have to

19   do work exclusively as a governmental contractor for I

20   think at least two reasons.  One, there then wouldn't

21   have been that second clause, doing work for a

22   governmental agency, because you're always doing work for

23   a governmental agency if you're an exclusive governmental

24   contractor, but also, I mean, this isn't Virginia.  This



Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 11 of 34 PageID #:3862
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

1    isn't northern Virginia where governmental contractor

2    work is, you know, par for the course with a lot of

3    entities there make up their sole business.  It's been a

4    few years since I've lived in Illinois, but, you know,

5    the industry there is not one necessarily of companies

6    that are government contractors exclusively.

7           So with that frame of reference in mind, it

8    just doesn't make sense that this could only apply to

9    companies that exclusively contract with governmental

10   entities.  But by the same --

11       THE COURT:  So in your argument, Counsel, you're

12   suggesting that if an employer such as Josam has one

13   percent of its contracts with the government, it's one

14   hundred percent immune from cases such as this?

15       MS. PAINE:  Well, luckily we don't have to decide

16   that one percent today, because we have at least a

17   quarter of Josam's work being done for governmental

18   entities, but what I would suggest is that if every --

19       THE COURT:  Well, wait a minute now.

20          Now so the problem is, it's an all or nothing.

21   That's how you're approaching this; so -- and I know

22   you're not conceding anything in terms of your positions

23   as to other issues and other arguments as you may have as

24   it pertains to defenses, but the reality is you either



Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 12 of 34 PageID #:3863
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

1   have a toe in the water or not.  So if your toe is wet,

2   what you're saying is we are fully exempt.

3        MS. PAINE:  I think if your toe is wet in the sense

4   that it stays wet every day, then yes, your Honor, where

5   every day you are doing work for governmental entities,

6   you are, you know, a crucial -- maybe you're a huge

7   company and you have a lot of business, but you're

8   crucial to some governmental work.

9            It makes sense from the perspective of the

10  background of BIPA and the text itself that this would

11  have been a carve-out that the Legislature saw fit and,

12  you know, was able to do that.

13           And they could have easily, you know, upon

14  further reflection, excised that from the text of BIPA as

15  they did with Section 1430 which was -- actually had

16  proposed a 27-member committee to go and study the way

17  that governmental entities actually use biometric data,

18  but they decided to strike that, but they kept in the

19  provision with respect to governmental contractors.

20           And again, I think, you know, it really does

21  make sense when you come back to the purpose here of, you

22  know, and we've seen some in my experience in BIPA

23  litigation, we have seen Judges comment on the crushing,

24  you know, the crushing financial burden that eventually



FILED DATE: 4/8/2024 1:43 PM   2023L008588

Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 13 of 34 PageID #:3864
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

FILED DATE: 4/8/2024 1:43 PM  2023L008588

1    may befall on companies because depending on how each of

2    these violation provisions are interpreted.

3            So, you know, whether the Legislature was

4    correct in the way it drafted the language, or could it

5    have been a little bit clearer in that language, sure,

6    that's usually the case, but I think the most reasonable

7    reading here is that as long as you have an entity that

8    has been vetted as a governmental contractor, it is

9    indeed doing work regularly for governmental entities,

10   then yes, your Honor, they would fall within this

11   exclusion, and Josam certainly fits that definition on

12   both prongs as the evidence we have submitted

13   demonstrates.

14        THE COURT:  Thank you, Counsel.

15            Do you want to respond to that argument,

16   Counsel?

17        MS. HUBER:  Yes, your Honor.

18            One of the most important aspects of the

19   statutory provision to which my opposing Counsel is

20   referencing is that BIPA doesn't apply to government

21   contractors, subcontractors, or agents of state agency or

22   local government when working for that state agency or

23   local unit of government.  By Defendant's own admission,

24   they do not do exclusively government work.



Transcript of Proceedings  -  3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 14 of 34 PageID #:3865
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

FILED DATE: 4/8/2024 1:43 PM     2023L008588

1          Your Honor correctly notes that allowing a full

2    exemption from BIPA regardless of how much government

3    work someone is doing, does open the door for entities

4    doing one percent of government work to be fully

5    exempted, to be a hundred immune, and that doesn't square

6    with the plain language of Section 25.

7          We would seek discovery at a very minimum to

8    understand the extent to which they truly are a

9    government contractor.  At this time, we have two of the

10   government contracts that have been filed under seal, one

11   of which notably is with another private entity, and the

12   private entity with which Defendant contracts is

13   allegedly a parent company to potentially a government

14   entity.

15         So what's being proposed hasn't been tested

16   through the means of discovery, and I would argue that

17   the connection there is too attenuated to support a

18   government contractor exemption in full.

19         The language is clear.  An exemption is only

20   applicable when an entity is doing work for the state

21   agency or local unit of government.  To the extent that

22   the Court agrees with Defendant that this law sometimes

23   does not apply even when an entity isn't doing

24   exclusively government work, that still means that there

Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 15 of 34 PageID #:3866
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

1   are sometimes where it does apply, and it makes a

2   dismissal inappropriate at this time.

3       MS. PAINE:  May I respond, your Honor?

4       THE COURT:  Miss Paine, go ahead.

5       MS. PAINE:  The system opposing Counsel proposes is

6   entirely unworkable.  I can't imagine a single situation

7   in which an employer or an entity would be able to create

8   distinct systems under which it does comply with BIPA and

9   it doesn't unless it roped off employees that would only

10  do government contract work, and those who didn't, and

11  then undertook the administrative burden of establishing

12  different privacy, you know, compliance systems with

13  that.  That's not workable in the world of data privacy.

14  That's not what companies do.

15      So under either position advanced by opposing

16  Counsel, I don't see a single entity ever meeting, you

17  know, either they can't ever come within the definition,

18  or they always do because they always do government

19  contract work, but for the reason I mentioned before,

20  then we're reading words right out of the statute.  The

21  Legislature easily could have said for exclusive

22  government contractors and it did not.

23      THE COURT:  Anything else, Counsel.   Miss Huber?

24      MS. HUBER:  Judge, I would just add that this



Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 16 of 34 PageID #:3867
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

1  argument being advanced by my opposing Counsel is

2  unsupported by any case law interpreting BIPA.  This is

3  entirely new.

4       And further, the argument that my opposing

5  Counsel is advancing would make when working for that

6  state agency or local unit of government, that language

7  in Section 25 entirely superfluous.

8     THE COURT:  Thank you both for your arguments as to

9  this motion.

10      Section 14/25(e) of BIPA states that the Act

11  does not apply to a government contractor "when working

12  for that state agency or local unit of government."

13  Subsection 14/25(e) does not exclude an employer like the

14  Defendant who only does some work for government via

15  contractual obligations.  Instead it appears to limit the

16  scope of a possible recovery for Plaintiff such as in

17  this case who did work for an employer when working on a

18  government contract.  The language of the limitation that

19  has been cited as well as Mr. Kagan's affidavit are

20  insufficient to warrant a dismissal under a Section 619

21  at this point.  The motion is denied.

22      Certainly is something that can be asserted as

23  an affirmative defense, and the Court, of course, will

24  look forward to that on a future date.  Motion is denied.


(312) 528-9111 | info@worldwidelit.com
Worldwide Litigation Services

FILED DATE: 4/8/2024 1:43 PM      2023L008588

Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 17 of 34 PageID #:3868
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

FILED DATE: 4/8/2024 1:43 PM   2023L008588

1          In terms of the assumption of risk argument,

2     Counsel, I'd like to hear argument as to that.

3          MS. PAINE:  Yes, your Honor.

4          The idea here is that, you know, we don't have

5     a situation like we had, for example, with the

6     supermarket customers that every once in a while were

7     using a finger to, you know, to check out with their

8     groceries.

9          We have an employee that for at least about a

10    year and a half, day in and day out, was scanning her, I

11    believe in this case it was her hand, so that her time

12    could be checked.  This was clear from the beginning when

13    she began employment that this was the way that the

14    employer chose to follow how its employees were checking

15    in and out of work, and it was clear from the beginning,

16    you know, what the risks could have been with this.

17          So, you know, we stand mostly on our briefing

18    in this sense, but in doing this day in and day out for a

19    year and a half, Miss Navarrete assumed the risk of, you

20    know, of her actions in that sense.

21         THE COURT:  Counsel.

22         MS. HUBER:  Thank you, Judge.

23          Assumption of the risk, Judge, is applicable

24    when the risk is known to Plaintiff and inherent to



Transcript of Proceedings  -  3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 18 of 34 PageID #:3869
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

1    Plaintiff's employment.

2          I'll point out a case in our briefing,

3    Vanderlay.  The assumption of the risk doctrine applied

4    there because the Plaintiff there was a horseshoer who

5    later filed suit because he was kicked by a horse.  That

6    is inherent and known to the horseshoer.  It's in the

7    name.  It's a known risk inherent to the job.

8          By contrast, having biometric information

9    taken, possibly misused, is not at all inherent to Miss

10   Navarette's job packaging food.  There's nothing about

11   her job that requires that.

12         The entire purpose of BIPA is to promote

13   understanding and minimization of the risk attendant to

14   biometric timekeeping.  It doesn't impose any sort of

15   requirement or legal fiction that individuals are

16   presumed to be aware of all the risks.  Indeed, the fact

17   that the law exists implies that individuals are not

18   presumed to be aware of those risks.

19       THE COURT:  Thank you, Counsel.

20          Miss Paine.

21       MS. PAINE:  Just one brief point in response, and

22   I'll return, you know, to the language I mentioned before

23   from Representative Rye's statement.  Nothing about BIPA

24   indicates that it's meant to encompass this type of



FILED DATE: 4/8/2024 1:43 PM    2023L008588

Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 19 of 34 PageID #:3870
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

1   collection of, you know, we don't agree that this is

2   biometric data within the definition of the statute, but

3   this type of collection of hand-scan data in terms of

4   being able to track your employees.  This was framed in

5   the context of the, you know, of a situation where you

6   had consumers that every once in a while would check out

7   from a grocery store and were unaware of the way that

8   technology worked.

9              Here it is clear to employees as the Hough case

10  that we cite in our brief states that any reasonable

11  employee would understand what they are were doing and

12  why.

13     THE COURT:  Just at the pleading stage, I recognize

14  the argument, and actually it could be compelling.  The

15  motion is denied.

16             Which brings me to the end of the proceedings,

17  unless you wanted to go forward, Counsel, with your

18  motion.

19     MS. PAINE:  Yes, your Honor.

20             And before I do that, I just want to briefly

21  raise a request to either move orally now or to brief a

22  stay, since your Honor has denied the request to dismiss

23  the case outright.

24             You know, as your Honor knows, the Supreme


FILED DATE: 4/8/2024 1:43 PM   2023L008588

Transcript of Proceedings  -  3/29/2021

Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 20 of 34 PageID #:3871

Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

```
 1  Court is taking up the issue of the Illinois Workers'

 2  Compensation Act.  I know your Honor has granted stays in

 3  some other BIPA cases, and we would just add that last

 4  week, I'm not sure if your Honor is aware, but the Third

 5  District actually stayed its own appeal in the Ring

 6  Container case, and we're of the opinion that that's

 7  binding on this Court as indicative of the fact that

 8  stays should be granted; or even if your Honor does not

 9  agree, we believe that a stay is appropriate here because

10  we are going to have the final word.

11          I understand your Honor's position on this

12  argument, and perhaps, I don't want to say scepticism

13  that it may prevail, but we believe it's best to let the

14  Illinois Supreme Court decide before we proceed with

15  continued litigation, especially considering your Honor

16  has dismissed a few -- has granted a few of our arguments

17  and dismissed without prejudice, so we may be proceeding

18  then, you know, I'm not sure to an amended complaint

19  stage and kind of revisit some of these procedures.  We

20  believe it makes the most sense and perhaps may be

21  compelled under the Third District's order to stay the

22  case on the BIPA claim.

23       THE COURT:  So before I hear any argument, whatever

24  the decision was in the Third District, of course,
```

FILED DATE: 4/8/2024 1:43 PM  2023L008588



Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 21 of 34 PageID #:3872
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

1    there's only one Appellate Court, five districts, right?

2        MS. PAINE:  Correct.

3        THE COURT:  So if it's a case that was clearly on

4    all fours, and there was a stay of that case, of course,

5    I would be compelled to follow it.  However, I don't know

6    the circumstances of that case.

7           Simply because a stay may have been granted in

8    that case is not binding on this case.  However, I am

9    somewhat persuaded.

10          Miss Huber, what's your position?

11       MS. HUBER:  Your Honor, our position is that at this

12   time, the motion to stay has already been denied.

13   Defendants have already moved for a motion to stay.  This

14   Court denied it.

15          I understand this to be an oral motion to

16   reconsider, and to reconsider, there must being a change

17   in the law, and that simply has not occurred.  The fact

18   that the Illinois Supreme Court has taken this up on a

19   PLA does not mean that the law has changed.  The law is

20   still the same, and there is no reason at this point for

21   the Court to change course.

22       THE COURT:  I agree the law has not changed.

23   However, there are three factors in any motion to

24   reconsider, or the Court certainly can on its own revisit


FILED DATE: 4/8/2024 1:43 PM    2023L008588

Transcript of Proceedings  -  3/29/2021
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 22 of 34 PageID #:3873

FILED DATE: 4/8/2024 1:43 PM   2023L008588

1   any decision as all my decisions are interlocutory in

2   nature, and that's what I am doing.

3            I have given this issue a great deal of thought

4   with other cases similar to this case, and although I

5   think the decision that is being cited to was correctly

6   decided both at the Trial Court level as well as the

7   Appellate Court level, I don't see any prejudice to the

8   Plaintiff in waiting for a decision from the Supreme

9   Court.

10           In fact, that may assist if there is an

11  affirmance, but I think it's prudent, and wise, and

12  judicious use of court resources as well as a recognition

13  of the litigation costs that are attendant to any

14  litigation including a proposed class action case.

15           Consequently I'm granting your motion over

16  objection, and I am staying the proceedings, and I am

17  staying any obligation to amend your complaint and/or

18  answer any of the counts that are up and running until we

19  are back together again.

20           I'm going to give you a status date in about

21  90 days.  That may be ambitious, it may be delusional, I

22  don't know, but that's what we're going to do.  That's

23  how we're proceeding, and we'll see where we're at.

24           The parties, of course, can discuss a potential



Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 23 of 34 PageID #:3874
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

1  resolution between now and the next status date.  That is

2  up to the parties.  I am not going to get involved with

3  that issue at this point for sure.

4      So I'm going to stay the matter until the end

5  of June.  I suspect that if there is no decision, just so

6  the parties are aware, if there is no decision from the

7  Supreme Court, most likely I will extend this stay

8  further.

9      So I'm going to give you a date.

10     Haley, do we have a date maybe around June 30th

11 available?

12     THE CLERK:  We can do June 30th at 9:30.

13     THE COURT:  Does that work for both of you?

14     MS. HUBER:  That would work for me, your Honor.

15     I do have a question though in terms of the

16 Chicago Earned Sick Leave Ordinance.  Is the statute of

17 limitations then to be tolled then during the stay?

18     THE COURT:  Well, you have already filed the action,

19 so what are you saying?

20     MS. HUBER:  I ask because my understanding was that

21 our CESLO count was dismissed without prejudice, and so I

22 want to make sure that we amend if we -- if the statute

23 of limitations for the Chicago Earned Sick Leave

24 Ordinance is not tolled.



FILED DATE: 4/8/2024 1:43 PM   2023L008588

Transcript of Proceedings  -  3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 24 of 34 PageID #:3875
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

1        THE COURT:  Do you have any position on that,

2   Miss Paine?

3        MS. PAINE:  Not at this time.  I would ask for

4   perhaps a bit of time to prepare an opposition if that's

5   what the law supports.

6        THE COURT:  Well, here, there's a couple ways we can

7   do this, and I didn't get into this, but maybe I need to.

8             So I can stay the proceedings as to all

9   discovery, I can stay it as to all issues, or in light of

10   the decision that I have made, give you leave to amend

11   any counts that have been stricken with leave to replead.

12             I'm not going to compel the Defendant to in any

13   way respond to what potentially would be a second amended

14   complaint.

15             So, Miss Huber, I'm going to throw it back to

16   you.  How do you want to proceed?

17        MS. HUBER:  Judge, I would support a stay as to all

18   issues, including the dismissal.

19        THE COURT:  Well, I struck that second count without

20   prejudice, so I am giving you leave.  Just so it's clear,

21   it's without prejudice.

22             I'm staying the proceedings, if that's how you

23   want to proceed, or I can give you a specific date to

24   replead.



FILED DATE: 4/8/2024 1:43 PM   2023L008588

Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 25 of 34 PageID #:3876
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

FILED DATE: 4/8/2024 1:43 PM   2023L008588

1      MS. PAINE:  Your Honor -- oh, sorry.

2      MS. HUBER:  Sorry.

3         We can get a date to replead.  That would be

4   fine, your Honor.

5      THE COURT:  Okay.  So let's do this.

6      MS. PAINE:  Sorry.  May I just ask a question real

7   quickly, your Honor?

8      THE COURT:  Certainly.

9      MS. PAINE:  Because so I understand that the stay is

10  because there's at least an individual BIPA claim

11  surviving.  However, I would like an opportunity before

12  we adjourn to argue the motion to strike because I do

13  believe there are grounds to strike the class allegations

14  now, and then we'll understand whether when repleading

15  occurs, whether if there's been a dismissal with or

16  without prejudice, how opposing Counsel can proceed with

17  that repleading.

18     THE COURT:  That motion will be entered and

19  continued to the next date.  I'm not suggesting that I'm

20  going to decide it at that time, but I think it's

21  premature at this point.  Without a proper complaint

22  before me, I don't see why I would rule on it at this

23  point and I'm not going to do that.

24         So 28 days to replead is April 26th, Counsel,

Transcript of Proceedings - 3/29/2021
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 26 of 34 PageID #:3877

FILED DATE: 4/8/2024 1:43 PM   2023L008588

```
 1   and we're still going to have that next date around

 2   June 30th, Haley?

 3          Did you already give me a date on that?

 4      THE CLERK:  Yes, June 30th at 9:30.

 5      THE COURT:  June 30th at 9:30.  Does that work for

 6   everyone?

 7      MS. HUBER:  Yes, Judge.

 8      MS. PAINE:  Yes, your Honor.

 9      THE COURT:  All right.  Miss Paine, if you would

10   prepare the order of today's date, and make sure it's in

11   Word format, send that to Counsel, send that to Haley.

12          Anything else this morning?

13      MS. PAINE:  I don't believe so, your Honor.

14      THE COURT:  All right.  Thank you both.

15          And thank you, Miss Reporter.

16          Have a good day.

17          We're in recess until 1:00 o'clock.

18      MS. HUBER:  Thank you.

19      MS. PAINE:  Thank you.

20              (WHEREUPON, THE PROCEEDINGS WERE

21              ADJOURNED TO BE RECONVENED ON JUNE 30,

22              2021, AT 9:30 O'CLOCK A.M.)

23

24
```

Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 27 of 34 PageID #:3878

Transcript of Proceedings - 3/29/2021
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

1          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT - CHANCERY DIVISION

2

3

4          I, Laurel E. Laudien, a Certified Shorthand

5     Reporter in the Circuit Court of Cook County, County

6     Department - Chancery Division, do hereby certify that I

7     reported in shorthand the proceedings had at the hearing

8     in the above-entitled cause; that I thereafter caused the

9     foregoing to be transcribed into typewriting, which I

10    hereby certify to be a true and accurate transcript of the

11    proceedings had before the Honorable MICHAEL T. MULLEN,

12    Judge of said court.

13

14

15

16    _____

17    Certified Shorthand Reporter
      RMR, RPR, CSR #084.001871

18

19

20

21

22

23    Dated this 6th day

24    of April, 2021.



**Transcript of Proceedings - 3/29/2021**
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 28 of 34 PageID #:3879
Xiomara Navarrete, et al. vs. Josam Acquisitions, d/b/a Good 2 Go Food

## WORD INDEX

**< $ >**
**$1,000** 3:*17* 7:*8, 14*
**$5,000** 3:*15*

**< 0 >**
**084.001871** 26:*17*
**084-001871** 1:*23*

**< 1 >**
**1** 3:*12* 6:*14*
**1:00** 25:*17*
**11:00** 1:*17*
**14/25(e** 15:*10, 13*
**1430** 11:*15*
**14368** 1:*9*

**< 2 >**
**2** 1:*10* 2:*18, 19*
8:*22*
**2019** 1:*9*
**2021** 1:*16* 25:*22*
26:*24*
**24** 6:*4*
**25** 13:*6* 15:*7*
**26th** 24:*24*
**27-member** 11:*16*
**28** 24:*24*
**29th** 1:*16*

**< 3 >**
**30** 25:*21*
**30th** 22:*10, 12*
25:*2, 4, 5*

**< 6 >**
**615** 3:*4, 12* 6:*11*
**619** 3:*6* 4:*2, 19*
5:*14* 15:*20*
**619.1** 3:*2*
**6th** 26:*23*

**< 7 >**
**7th** 9:*11*

**< 9 >**
**9:30** 22:*12* 25:*4, 5,*
*22*
**90** 21:*21*

**< A >**
**a.m** 1:*17* 25:*22*
**able** 11:*12* 14:*7*
18:*4*
**above-entitled** 1:*14*
26:*8*
**accurate** 26:*10*
**ACQUISITIONS**
1:*10* 2:*2, 17*
**Act** 15:*10* 19:*2*
**action** 4:*22* 5:*2, 8*
21:*14* 22:*18*
**actions** 16:*20*
**ADA** 1:*20* 2:*8*
**add** 14:*24* 19:*3*
**adequately** 7:*9*
**adjourn** 24:*12*
**ADJOURNED**
25:*21*
**administrative**
14:*11*
**admission** 12:*23*
**advanced** 4:*9* 5:*15*
14:*15* 15:*1*
**advancing** 7:*18*
15:*5*
**ADVOCACY** 1:*20*
2:*10*
**affidavit** 15:*19*
**affirmance** 21:*11*
**affirmative** 15:*23*
**agencies** 7:*22* 8:*3,*
*6* 9:*3, 5, 17*
**agency** 9:*22, 23*
12:*21, 22* 13:*21*
15:*6, 12*
**agents** 12:*21*
**agree** 18:*1* 19:*9*
20:*22*
**agrees** 13:*22*
**ahead** 14:*4*
**allegations** 3:*20*
6:*21* 7:*13* 24:*13*
**allege** 5:*20*
**alleged** 6:*3*
**allegedly** 13:*13*
**alleges** 5:*22*
**ALLIANCE** 1:*19*
**allow** 3:*20*

**allowing** 13:*1*
**ambitious** 21:*21*
**amend** 21:*17*
22:*22* 23:*10*
**amended** 3:*3*
19:*18* 23:*13*
**and/or** 21:*17*
**answer** 21:*18*
**appeal** 9:*10* 19:*5*
**appears** 15:*15*
**Appellate** 4:*14*
5:*10* 20:*1* 21:*7*
**applicable** 5:*11*
13:*20* 16:*23*
**applied** 8:*2* 17:*3*
**applies** 6:*9* 7:*20*
9:*14*
**apply** 5:*4, 7, 12*
6:*2* 8:*7* 10:*8*
12:*20* 13:*23* 14:*1*
15:*11*
**approaching** 10:*21*
**appropriate** 5:*6*
19:*9*
**approximately** 1:*16*
**April** 24:*24* 26:*24*
**argue** 5:*3* 7:*9*
13:*16* 24:*12*
**argued** 5:*3*
**argument** 3:*8, 13,*
*23* 4:*2, 5, 9, 12, 19,*
*21* 5:*14, 15, 17*
6:*17* 7:*18* 10:*11*
12:*15* 15:*1, 4* 16:*1,*
*2* 18:*14* 19:*12, 23*
**arguments** 3:*9*
6:*16* 7:*1* 10:*23*
15:*8* 19:*16*
**aspects** 12:*18*
**asserted** 7:*12* 15:*22*
**assist** 21:*10*
**assumed** 16:*19*
**assumption** 5:*15*
16:*1, 23* 17:*3*
**attached** 8:*12*
**attendant** 17:*13*
21:*13*
**attenuated** 13:*17*
**attorney** 2:*9*
**available** 22:*11*

**aware** 17:*16, 18*
19:*4* 22:*6*

**< B >**
**back** 11:*21* 21:*19*
23:*15*
**background** 11:*10*
**BACON** 1:*21* 2:*16*
**bankruptcy** 8:*10, 14*
**basis** 9:*3*
**befall** 12:*1*
**began** 16:*13*
**beginning** 16:*12, 15*
**behalf** 1:*5, 21, 23*
2:*7, 17*
**believe** 5:*17* 6:*3*
7:*13* 16:*11* 19:*9,*
*13, 20* 24:*13* 25:*13*
**best** 19:*13*
**binding** 19:*7* 20:*8*
**biometric** 11:*17*
17:*8, 14* 18:*2*
**BIPA** 8:*10* 11:*10,*
*14, 22* 12:*20* 13:*2*
14:*8* 15:*2, 10*
17:*12, 23* 19:*3, 22*
24:*10*
**bit** 12:*5* 23:*4*
**boundaries** 5:*21*
6:*1*
**boundary** 6:*1*
**brief** 17:*21* 18:*10,*
*21*
**briefed** 3:*1*
**briefing** 16:*17* 17:*2*
**briefly** 18:*20*
**brings** 18:*16*
**Bronzeville** 4:*18*
**brought** 3:*1* 4:*6*
**burden** 11:*24*
14:*11*
**business** 10:*3* 11:*7*

**< C >**
**call** 5:*4*
**carve-out** 8:*1* 11:*11*
**case** 4:*13, 16, 17, 18*
5:*10* 8:*8* 9:*14*
12:*6* 15:*2, 17*
16:*11* 17:*2* 18:*9,*

FILED DATE: 4/8/2024 1:43 PM 2023L008588

23 19:6, 22 20:3, 4, 6, 8 21:4, 14
**cases** 10:14 19:3 21:4
**cause** 1:14 4:22 5:2 26:8
**caused** 26:8
**certainly** 12:11 15:22 20:24 24:8
**certified** 8:23 9:16 26:4, 16
**certify** 26:6, 10
**CESLO** 22:21
**cetera** 8:16
**CH** 1:9
**CHANCERY** 1:3 26:1, 6
**change** 20:16, 21
**changed** 20:19, 22
**check** 16:7 18:6
**checked** 16:12
**checking** 16:14
**Chicago** 5:16, 22, 24 6:4 22:16, 23
**chose** 16:14
**CHRIS** 1:21 2:9
**CIRCUIT** 1:3 9:11 26:1, 5
**circumstances** 20:6
**cite** 18:10
**cited** 15:19 21:5
**City** 5:22, 24 6:4
**claim** 19:22 24:10
**class** 6:20 21:14 24:13
**clause** 9:21
**clear** 9:13 13:19 16:12, 15 18:9 23:20
**clearer** 12:5
**clearly** 20:3
**CLERK** 22:12 25:4
**closer** 5:4
**Co-Counsel** 2:9
**collecting** 8:17
**collection** 18:1, 3
**come** 9:12 11:21 14:17
**comment** 11:23
**Commission** 4:6
**committee** 11:16
**companies** 10:5, 9 12:1 14:14
**company** 8:17 11:7 13:13
**compel** 23:12
**compelled** 19:21 20:5
**compelling** 18:14
**Compensation** 19:2
**Complaint** 3:2, 3, 5 19:18 21:17 23:14 24:21
**compliance** 14:12
**comply** 14:8
**conceding** 10:22
**concern** 8:20
**conclude** 6:10
**concluding** 5:6, 11
**conduct** 3:16, 18
**connection** 13:17
**Consequently** 21:15
**considering** 19:15
**consistency** 4:10
**consistently** 9:16
**consumers** 8:20 18:6
**Container** 19:6
**context** 8:10 18:5
**continue** 8:7
**continued** 19:15 24:19
**contract** 10:9 14:10, 19 15:18
**contractor** 3:23 6:17 7:16, 17 8:5, 22, 24 9:19, 24 10:1 12:8 13:9, 18 15:11
**contractors** 8:2 9:6 10:6 11:19 12:21 14:22
**contracts** 10:13 13:10, 12
**contractual** 15:15
**contrast** 17:8
**control** 8:18
**COOK** 1:3 5:24 6:6 26:1, 5
**correct** 12:4 20:2
**correctly** 13:1 21:5
**costs** 21:13
**Counsel** 2:4, 5 6:16 7:2 10:11 12:14, 16, 19 14:5, 16, 23 15:1, 5 16:2, 21 17:19 18:17 24:16, 24 25:11
**Count** 3:12 4:2 6:14 22:21 23:19
**counts** 21:18 23:11
**COUNTY** 1:2, 3 5:24 6:6, 7 26:1, 5
**couple** 23:6
**course** 4:10 10:2 15:23 19:24 20:4, 21 21:24
**COURT** 1:3, 15 2:1, 12, 21, 24 4:14 5:10 6:23 7:4, 11 10:11, 19 12:14 13:22 14:4, 23 15:8, 23 16:21 17:19 18:13 19:1, 7, 14, 23 20:1, 3, 14, 18, 21, 22, 24 21:6, 7, 9, 12 22:7, 13, 18 23:1, 6, 19 24:5, 8, 18 25:5, 9, 14 26:1, 5, 12
**covered** 6:10
**covers** 5:24
**create** 14:7
**crucial** 11:6, 8
**crushing** 9:8 11:23, 24
**CSR** 1:23 26:17
**customers** 8:14 16:6

**< D >**
**d/b/a** 1:10
**daily** 9:3
**damage** 9:11
**damages** 3:14, 17, 21 6:14 7:7, 8 9:10
**data** 8:18 11:17 14:13 18:2, 3
**date** 15:24 21:20 22:1, 9, 10 23:23 24:3, 19 25:1, 3, 10
**Dated** 26:23
**day** 1:16 9:3 11:4, 5 16:10, 18 25:16 26:23
**days** 21:21 24:24
**deal** 21:3
**deals** 4:3, 20
**decide** 10:15 19:14 24:20
**decided** 11:18 21:6
**decision** 19:24 21:1, 5, 8 22:5, 6 23:10
**decisions** 21:1
**declared** 8:14
**Defendant** 1:11, 23 2:17 4:8 5:21, 23 13:12, 22 15:14 23:12
**Defendants** 20:13
**Defendant's** 12:23
**defense** 15:23
**defenses** 10:24
**definition** 7:21 12:11 14:17 18:2
**delusional** 21:21
**demonstrates** 12:13
**denied** 4:18 5:13 7:14 15:21, 24 18:15, 22 20:12, 14
**DEPARTMENT** 1:3 26:1, 6
**depending** 12:1
**different** 8:24 14:12
**directed** 3:2, 4, 12 4:2
**discovery** 13:7, 16 23:9
**discuss** 6:20 21:24
**discussing** 6:22
**dismiss** 7:1 8:13 18:22
**dismissal** 14:2 15:20 23:18 24:15
**dismissed** 19:16, 17 22:21
**distinct** 14:8
**district** 5:23 19:5, 24
**districts** 20:1
**District's** 19:21

Transcript of Proceedings - 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 30 of 34 PageID #:3881
Xiomara Navarrete, et al vs. Josam Acquisitions, d/b/a Good 2 Go Food

**DIVISION** 1:*3*
26:*1, 6*
**doctrine** 17:*3*
**doing** 8:*3* 9:*2, 16,*
*21, 22* 11:*5* 12:*9*
13:*3, 4, 20, 23*
16:*18* 18:*11* 21:*2*
**Dominick's** 8:*16, 19*
**door** 13:*3*
**drafted** 8:*9* 12:*4*
**drafting** 7:*19*

**< E >**
**Earned** 5:*16* 22:*16,*
*23*
**easily** 7:*23* 11:*13*
14:*21*
**either** 10:*24* 14:*15,*
*17* 18:*21*
**employ** 4:*7*
**employee** 4:*4* 6:*10*
16:*9* 18:*11*
**employees** 1:*6* 6:*6*
14:*9* 16:*14* 18:*4, 9*
**employee's** 4:*4*
**employer** 10:*12*
14:*7* 15:*13, 17*
16:*14*
**employers** 6:*6*
**employment** 16:*13*
17:*1*
**encompass** 17:*24*
**enhanced** 3:*14, 21*
6:*14* 7:*7, 8* 9:*9*
**entered** 24:*18*
**entire** 17:*12*
**entirely** 14:*6* 15:*3,*
*7*
**entities** 7:*20, 21, 22*
10:*3, 10, 18* 11:*5,*
*17* 12:*9* 13:*3*
**entity** 9:*15* 12:*7*
13:*11, 12, 14, 20, 23*
14:*7, 16*
**especially** 19:*15*
**essentially** 3:*17*
**establishing** 14:*11*
**et** 8:*16*
**eventually** 11:*24*
**evidence** 12:*12*

**example** 16:*5*
**excised** 11:*14*
**exclude** 15:*13*
**Excluded** 7:*20*
**exclusion** 3:*24*
6:*17* 12:*11*
**exclusive** 4:*5* 9:*23*
14:*21*
**exclusively** 9:*19*
10:*6, 9* 12:*24* 13:*24*
**exclusivity** 4:*3*
**exempt** 11:*2*
**exempted** 13:*5*
**exemption** 7:*17*
9:*14* 13:*2, 18, 19*
**exhibit** 8:*12*
**exists** 17:*17*
**experience** 11:*22*
**extend** 22:*7*
**extent** 13:*8, 21*

**< F >**
**fact** 17:*16* 19:*7*
20:*17* 21:*10*
**factors** 20:*23*
**factual** 20:*3*
**fail** 7:*9*
**fall** 12:*10*
**fiction** 17:*15*
**filed** 13:*10* 17:*5*
22:*18*
**final** 19:*10*
**financial** 11:*24*
**fine** 24:*4*
**finger** 16:*7*
**finger-swipe** 8:*15*
**first** 3:*3* 9:*1*
**fit** 11:*11*
**fits** 12:*11*
**five** 20:*1*
**five-year** 4:*21* 5:*3,*
*7, 12*
**FLOOR** 1:*19*
**focus** 3:*9*
**follow** 9:*9* 16:*14*
20:*5*
**Food** 1:*10* 2:*19*
9:*4* 17:*10*
**Foolish** 4:*10*
**foregoing** 26:*9*
**format** 25:*11*

**forward** 7:*18*
15:*24* 18:*17*
**fours** 20:*4*
**frame** 8:*8* 10:*7*
**framed** 18:*4*
**front** 2:*24*
**full** 13:*1, 18*
**fully** 3:*1* 11:*2* 13:*4*
**further** 3:*24* 11:*14*
15:*4* 22:*8*
**future** 15:*24*

**< G >**
**geographic** 5:*21*
**give** 21:*20* 22:*9*
23:*10, 23* 25:*3*
**given** 21:*3*
**giving** 23:*20*
**Go** 1:*10* 2:*18, 19*
8:*22* 11:*16* 14:*4*
18:*17*
**goes** 3:*18* 4:*5*
**going** 3:*8, 11* 19:*10*
21:*20, 22* 22:*2, 4, 9*
23:*12, 15* 24:*20, 23*
25:*1*
**Good** 1:*10* 2:*6, 12,*
*13, 14, 18, 19, 22, 23*
7:*4* 8:*22* 25:*16*
**government** 7:*16*
8:*22, 24* 9:*6, 8*
10:*6, 13* 12:*20, 22,*
*23, 24* 13:*2, 4, 9, 10,*
*13, 18, 21, 24* 14:*10,*
*18, 22* 15:*6, 11, 12,*
*14, 18*
**governmental** 7:*21,*
*22* 8:*3, 4, 6* 9:*3, 16,*
*19, 22, 23* 10:*1, 9,*
*17* 11:*5, 8, 17, 19*
12:*8, 9*
**granted** 3:*22* 4:*16*
6:*11, 12* 19:*2, 8, 16*
20:*7*
**granting** 21:*15*
**great** 21:*3*
**groceries** 16:*8*
**grocery** 8:*15* 18:*7*
**grounds** 24:*13*

**< H >**

**Haley** 22:*10* 25:*2,*
*11*
**half** 16:*10, 19*
**hand** 16:*11*
**hand-scan** 18:*3*
**HARDY** 1:*21* 2:*16*
**hear** 5:*14* 16:*2*
19:*23*
**hearing** 1:*14* 26:*7*
**helpful** 5:*18*
**highlight** 3:*10* 6:*16*
**hobgoblin** 4:*11*
**Honor** 2:*6, 15, 20*
6:*18* 7:*5, 15* 11:*4*
12:*10, 17* 13:*1*
14:*3* 16:*3* 18:*19,*
*22, 24* 19:*2, 4, 8, 15*
20:*11* 22:*14* 24:*1,*
*4, 7* 25:*8, 13*
**Honorable** 1:*14*
26:*11*
**Honor's** 19:*11*
**horse** 17:*5*
**horseshoer** 17:*4, 6*
**Hough** 18:*9*
**hour** 1:*16*
**HUBER** 1:*19* 2:*6,*
*7, 14* 12:*17* 14:*23,*
*24* 16:*22* 20:*10, 11*
22:*14, 20* 23:*15, 17*
24:*2* 25:*7, 18*
**huge** 11:*6*
**hundred** 10:*14*
13:*5*

**< I >**
**idea** 16:*4*
**identify** 2:*3*
**ILLINOIS** 1:*1, 3*
4:*6* 10:*4* 19:*1, 14*
20:*18* 26:*1*
**imagine** 14:*6*
**immune** 10:*14* 13:*5*
**implies** 17:*17*
**important** 12:*18*
**impose** 17:*14*
**inappropriate** 14:*2*
**included** 7:*24*
**including** 21:*14*
23:*18*



FILED DATE: 4/8/2024 1:43 PM    2023L008588

Transcript of Proceedings – 3/29/2021
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 31 of 34 PageID #:3882
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

inconsistent 6:8
incorporated 5:2
incorporates 3:3, 4
indicates 17:24
indicative 19:7
individual 24:10
individuals 17:15, 17
Industrial 4:6
industry 10:5
information 17:8
inherent 16:24 17:6, 7, 9
initial 3:13
injured 4:4
injury 4:7
insufficient 3:20 15:20
intentional 3:16
interested 5:16
interlocutory 21:1
interpreted 12:2
interpreting 15:2
involved 22:2
issue 3:19 19:1 21:3 22:3
issues 3:9 9:11 10:23 23:9, 18
its 9:6 10:13 16:14 19:5 20:24

**< J >**
Jewel 8:16, 18
job 17:7, 10, 11
joined 2:8, 11
JOSAM 1:10 2:1, 17 8:22 10:12 12:11
Josam's 10:17
Judge 1:15 14:24 16:22, 23 23:17 25:7 26:12
Judges 11:23
judicial 5:23
judicious 21:12
juncture 5:19 6:11
June 22:5, 10, 12 25:2, 4, 5, 21

**< K >**

Kagan's 15:19
Kate 2:16
KATHARINE 1:23
kept 11:18
kicked 17:5
kind 19:19
know 2:5 6:9 7:7, 12 8:10, 13 9:4, 10, 13 10:2, 4, 21 11:6, 12, 13, 20, 22, 24 12:3 14:12, 17 16:4, 7, 16, 17, 20 17:22 18:1, 5, 24 19:2, 18 20:5 21:22
known 1:6 16:24 17:6, 7
knows 18:24

**< L >**
language 12:4, 5 13:6, 19 15:6, 18 17:22
Laudien 1:23 26:4
Laurel 1:23 26:4
law 7:19 13:22 15:2 17:17 20:17, 19, 22 23:5
Leave 5:17 6:5, 21 22:16, 23 23:10, 11, 20
LEGAL 1:20 2:10 3:5 17:15
legislator 7:19
Legislature 7:19, 23 8:9 11:11 12:3 14:21
level 4:14 21:6, 7
liability 9:9
liberally 7:13
light 23:9
limit 6:1 15:15
limitation 15:18
limitations 4:20, 24 5:1, 4, 5, 7, 11, 12 22:17, 23
litigation 11:23 19:15 21:13, 14
little 4:11 8:8 12:5
lived 10:4
LLP 1:21

local 8:15 12:22, 23 13:21 15:6, 12
long 12:7
look 15:24
lot 10:2 11:7
luckily 10:15

**< M >**
March 1:16
matter 5:9 22:4
McDonald 4:13, 17
mean 9:24 20:19
means 9:11 13:16, 24
meant 17:24
meeting 14:16
mentioned 14:19 17:22
mentions 8:13
met 9:2
MICHAEL 1:15 26:11
mind 10:7
minds 4:11
minimization 17:13
minimum 13:7
minute 10:19
MIRANDA 1:19 2:7
misused 17:9
Monday 1:15
morning 2:6, 11, 13, 14, 15, 22, 23 25:12
motion 2:24 3:4, 6, 12, 13, 14, 22 4:18 5:13 6:11, 12, 20 7:1, 3, 14 8:12 15:9, 21, 24 18:15, 18 20:12, 13, 15, 23 21:15 24:12, 18
move 18:21
moved 20:13
MULLEN 1:15 26:11
mute 2:5

**< N >**
name 17:7
NATIONAL 1:20 2:10

nature 21:2
NAVARETTE 1:5
Navarrete's 17:10
Navarrete 2:1 16:19
near 7:24
necessarily 10:5
need 3:13 23:7
negligence 7:9
negligent 3:18
NETWORK 1:20 2:10
new 2:8 15:3
northern 10:1
notably 13:11
notes 13:1

**< O >**
objection 21:16
obligation 21:17
obligations 15:15
occurred 4:7 20:17
occurs 24:15
o'clock 1:17 25:17, 22
office 2:9
oh 24:1
Okay 2:21 7:15 24:5
once 16:6 18:6
one-year 4:21, 24
open 13:3
opinion 19:6
opportunity 24:11
opposed 3:16
opposing 7:2 12:19 14:5, 15 15:1, 4 24:16
opposition 23:4
oral 20:15
orally 18:21
order 19:21 25:10
Ordinance 5:17 6:5, 7 22:16, 24
Osco 8:16
outright 18:23

**< P >**
packaging 17:10
paid 6:5

FILED DATE: 4/8/2024 1:43 PM    2023L008588



**Transcript of Proceedings – 3/29/2021**
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 32 of 34 PageID #:3883
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

**PAINE** 1:*23* 2:*15, 16, 23* 6:*18, 24* 7:*5, 15* 10:*15* 11:*3 14:3, 4, 5* 16:*3 17:20, 21* 18:*19 20:2* 23:*2, 3* 24:*1, 6, 9* 25:*8, 9, 13, 19*
**par** 10:*2*
**Paragraph** 6:*4*
**parent** 13:*13*
**Park** 4:*18*
**parties** 3:*9, 10 21:24* 22:*2, 6*
**parts** 3:*4*
**passed** 6:*4*
**Pay** 8:*10, 14, 19*
**pending** 6:*20*
**percent** 10:*13, 14, 16* 13:*4*
**perspective** 11:*9*
**persuaded** 20:*9*
**persuasive** 4:*15*
**pertains** 10:*24*
**PLA** 4:*15* 20:*19*
**plain** 13:*6*
**Plaintiff** 1:*8, 21 2:7* 3:*21* 5:*20, 22 6:3, 10* 15:*16 16:24* 17:*4* 21:*8*
**Plaintiff's** 2:*4* 17:*1*
**plan** 7:*4*
**plead** 7:*9*
**pleading** 18:*13*
**pled** 7:*11*
**point** 15:*21* 17:*2, 21* 20:*20* 22:*3 24:21, 23*
**policy** 9:*13*
**position** 14:*15 19:11* 20:*10, 11 23:1*
**positions** 10:*22*
**possible** 15:*16*
**possibly** 17:*9*
**potential** 21:*24*
**potentially** 13:*13 23:13*
**prejudice** 6:*13 19:17* 21:*7* 22:*21 23:20, 21* 24:*16*

**premature** 24:*21*
**prepackaged** 9:*4*
**prepare** 23:*4* 25:*10*
**prepared** 6:*19*
**PRESENT** 1:*18*
**presumed** 17:*16, 18*
**prevail** 19:*13*
**prior** 6:*13*
**privacy** 4:*22, 23 14:12, 13*
**private** 7:*20, 21 13:11, 12*
**probably** 2:*18*
**problem** 10:*20*
**procedures** 19:*19*
**proceed** 3:*21* 6:*19, 24* 7:*2* 19:*14 23:16, 23* 24:*16*
**proceeding** 19:*17 21:23*
**PROCEEDINGS** 1:*13* 18:*16* 21:*16 23:8, 22* 25:*20 26:7, 11*
**programs** 8:*24*
**promote** 17:*12*
**prong** 9:*2*
**prongs** 12:*12*
**proper** 24:*21*
**proposed** 11:*16 13:15* 21:*14*
**proposes** 14:*5*
**provide** 6:*5*
**providing** 9:*4*
**provision** 11:*19 12:19*
**provisions** 12:*2*
**prudent** 21:*11*
**purpose** 11:*21 17:12*
**pursuant** 3:*1*

**< Q >**
**quarter** 10:*17*
**question** 7:*6* 22:*15 24:6*
**quickly** 24:*7*

**< R >**
**RAISE** 1:*19* 18:*21*

**reading** 12:*7* 14:*20*
**real** 24:*6*
**reality** 10:*24*
**really** 8:*3, 20* 9:*8, 13* 11:*20*
**reason** 14:*19* 20:*20*
**reasonable** 12:*6 18:10*
**reasoning** 4:*13*
**reasons** 9:*20*
**recess** 25:*17*
**reckless** 3:*16*
**recognition** 21:*12*
**recognize** 4:*15* 5:*9 18:13*
**reconsider** 20:*16, 24*
**RECONVENED** 25:*21*
**recovery** 15:*16*
**reference** 10:*7*
**referenced** 8:*11*
**referencing** 12:*20*
**referred** 3:*17*
**referring** 2:*18* 4:*17*
**refers** 6:*6*
**reflection** 11:*14*
**regardless** 13:*2*
**regularly** 12:*9*
**relative** 6:*16*
**remedy** 4:*3, 5*
**replead** 23:*11, 24 24:3, 24*
**repleading** 24:*14, 17*
**REPORT** 1:*13*
**reported** 26:*7*
**Reporter** 25:*15 26:5, 16*
**represent** 2:*4*
**Representative** 8:*11 17:23*
**request** 3:*21* 18:*21, 22*
**requirement** 17:*15*
**requires** 17:*11*
**resolution** 22:*1*
**resources** 21:*12*
**respect** 11:*19*
**respond** 7:*2* 12:*15 14:3* 23:*13*
**response** 17:*21*

**return** 17:*22*
**reviewed** 3:*7*
**revisit** 19:*19* 20:*24*
**right** 2:*21* 3:*11 4:23* 6:*5, 23* 7:*16 14:20* 20:*1* 25:*9, 14*
**rigors** 9:*8*
**Ring** 19:*5*
**risk** 5:*15* 16:*1, 19, 23, 24* 17:*3, 7, 13*
**risks** 16:*16* 17:*16, 18*
**RMR** 1:*23* 26:*17*
**roped** 14:*9*
**RPR** 1:*23* 26:*17*
**rule** 24:*22*
**ruled** 4:*9* 7:*7*
**ruling** 6:*14* 7:*8*
**rulings** 3:*11* 4:*1*
**running** 21:*18*
**Rye** 8:*12*
**Rye's** 17:*23*

**< S >**
**SANDOVAL** 1:*20 2:8*
**saw** 11:*11*
**saying** 8:*1* 11:*2 22:19*
**scanning** 16:*10*
**scepticism** 19:*12*
**scope** 15:*16*
**seal** 13:*10*
**second** 9:*2, 21 23:13, 19*
**Section** 3:*1* 11:*15 13:6* 15:*7, 10, 20*
**see** 14:*16* 21:*7, 23 24:22*
**seek** 13:*7*
**seeks** 3:*14*
**seen** 11:*22, 23*
**send** 25:*11*
**sense** 8:*8* 9:*5, 18 10:8* 11:*3, 9, 21 16:18, 20* 19:*20*
**separate** 3:*19* 4:*19*
**setting** 8:*21*
**SHOOK** 1:*21* 2:*16*
**Shorthand** 26:*4, 7, 16*

**Transcript of Proceedings  –  3/29/2021**
Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 33 of 34 PageID #:3884
Xiomara Navarrete, et al. vs. Josam Acquisitions, a/b/a Good 2 Go Food

**Sick** 5:*17* 6:*5* 22:*16, 23*
**similar** 4:*22* 21:*4*
**similarly** 1:*6*
**Simply** 20:*7, 17*
**single** 14:*6, 16*
**situated** 1:*6*
**situation** 14:*6* 16:*5* 18:*5*
**sole** 10:*3*
**somebody** 8:*21, 22*
**somewhat** 20:*9*
**sorry** 7:*6* 24:*1, 2, 6*
**sort** 17:*14*
**sought** 3:*15*
**specific** 5:*1* 23:*23*
**square** 13:*5*
**SS** 1:*1*
**stage** 7:*12* 18:*13* 19:*19*
**stand** 16:*17*
**standpoint** 9:*13*
**starting** 2:*4*
**STATE** 1:*1* 3:*23* 7:*17* 9:*5* 12:*21, 22* 13:*20* 15:*6, 12*
**statement** 8:*11* 17:*23*
**states** 15:*10* 18:*10*
**status** 21:*20* 22:*1*
**statute** 4:*20, 24* 5:*1, 3, 5, 7, 11, 12* 8:*1* 14:*20* 18:*2* 22:*16, 22*
**statutory** 12:*19*
**stay** 18:*22* 19:*9, 21* 20:*4, 7, 12, 13* 22:*4, 7, 17* 23:*8, 9, 17* 24:*9*
**stayed** 19:*5*
**staying** 21:*16, 17* 23:*22*
**stays** 11:*4* 19:*2, 8*
**stopped** 7:*23*
**store** 18:*7*
**stores** 8:*16*
**straight** 7:*17*
**stricken** 23:*11*
**strike** 3:*14, 22* 6:*20* 7:*3* 11:*18*

24:*12, 13*
**struck** 23:*19*
**structure** 3:*8* 6:*15*
**study** 11:*16*
**subcontractors** 8:*2* 12:*21*
**subject** 9:*7*
**submissions** 3:*7*
**submitted** 12:*12*
**Subsection** 15:*13*
**sufficiency** 3:*5*
**suggest** 10:*18*
**suggesting** 10:*12* 24:*19*
**suit** 17:*5*
**superfluous** 15:*7*
**supermarket** 16:*6*
**support** 13:*17* 23:*17*
**supports** 23:*5*
**Supreme** 18:*24* 19:*14* 20:*18* 21:*8* 22:*7*
**sure** 6:*21* 12:*5* 19:*4, 18* 22:*3, 22* 25:*10*
**surviving** 24:*11*
**suspect** 22:*5*
**system** 14:*5*
**systems** 14:*8, 12*

**< T >**
**take** 8:*21*
**taken** 4:*15* 17:*9* 20:*18*
**technology** 8:*15* 18:*8*
**terms** 3:*15, 19* 6:*14* 10:*22* 16:*1* 18:*3* 22:*15*
**test** 8:*4*
**tested** 13:*15*
**text** 11:*10, 14*
**textual** 7:*18* 9:*12*
**Thank** 7:*5, 15* 12:*14* 15:*8* 16:*22* 17:*19* 25:*14, 15, 18, 19*
**things** 9:*9*

**think** 3:*9* 4:*12* 5:*4* 9:*20* 11:*3, 20* 12:*6* 21:*5, 11* 24:*20*
**Third** 19:*4, 21, 24*
**thought** 21:*3*
**three** 20:*23*
**throw** 23:*15*
**time** 6:*22* 9:*1* 13:*9* 14:*22* 16:*11* 20:*12* 23:*3, 4* 24:*20*
**timekeeping** 17:*14*
**today** 2:*8, 18, 20* 6:*21* 10:*16*
**today's** 25:*10*
**toe** 11:*1, 3*
**tolled** 22:*17, 24*
**tort** 3:*18*
**Touch** 8:*10, 14, 19*
**track** 18:*4*
**transcribed** 26:*9*
**transcript** 26:*10*
**Trial** 4:*13* 21:*6*
**true** 26:*10*
**truly** 13:*8*
**twice** 9:*7, 15*
**two** 3:*4* 8:*24* 9:*20* 13:*9*
**two-prong** 8:*4*
**two-year** 4:*21* 5:*5*
**type** 17:*24* 18:*3*
**typewriting** 26:*9*

**< U >**
**unaware** 8:*17* 18:*7*
**understand** 13:*8* 18:*11* 19:*11* 20:*15* 24:*9, 14*
**understanding** 17:*13* 22:*20*
**undertook** 14:*11*
**unit** 12:*23* 13:*21* 15:*6, 12*
**unknown** 1:*7*
**unsupported** 15:*2*
**unworkable** 14:*6*
**use** 11:*17* 21:*12*
**usually** 12:*6*

**< V >**
**Vanderlay** 17:*3*
**versus** 2:*1* 4:*17*

**vetted** 8:*23* 9:*1, 7* 12:*8*
**view** 3:*19* 7:*11*
**viewing** 7:*13*
**violation** 3:*15* 4:*23* 12:*2*
**Virginia** 9:*24* 10:*1*
**vs** 1:*9*

**< W >**
**wait** 10:*19*
**waiting** 21:*8*
**want** 3:*7, 23* 5:*14* 6:*21* 8:*8* 9:*6* 12:*15* 18:*20* 19:*12* 22:*22* 23:*16, 23*
**wanted** 18:*17*
**warrant** 15:*20*
**water** 11:*1*
**way** 3:*19* 8:*9* 11:*16* 12:*4* 16:*13* 18:*7* 23:*13*
**ways** 23:*6*
**week** 19:*4*
**well** 2:*3, 21* 3:*5* 5:*13* 7:*10, 11* 10:*15, 19* 15:*19* 21:*6, 12* 22:*18* 23:*6, 19*
**well-pled** 5:*19*
**we're** 14:*20* 19:*6* 21:*22, 23* 25:*1, 17*
**wet** 11:*1, 3, 4*
**we've** 11:*22*
**WILLIAMS** 1:*21* 2:*10*
**wise** 21:*11*
**word** 19:*10* 25:*11*
**words** 14:*20*
**work** 8:*3, 6* 9:*2, 16, 19, 21, 22* 10:*2, 17* 11:*5, 8* 12:*9, 24* 13:*3, 4, 20, 24* 14:*10, 19* 15:*14, 17* 16:*15* 22:*13, 14* 25:*5*
**workable** 14:*13*
**worked** 5:*20, 23* 18:*8*
**Workers** 19:*1*

FILED DATE: 4/8/2024 1:43 PM    2023L008588

Case: 1:24-cv-00153 Document #: 75-3 Filed: 03/07/25 Page 34 of 34 PageID #:3885

FILED DATE: 4/8/2024 1:43 PM   2023L008588

**working**  12:*22*
 15:*5, 11, 17*
**world**   14:*13*

**< X >**
**XIOMARA**  1:*5*

**< Y >**
**year**  16:*10, 19*
**years**  10:*4*

**< Z >**
**Zoom**  1:*13, 18*