# EXHIBIT D

FILED DATE: 12/22/2023 1:11 PM   2023L008588



# Transcript of Proceedings had in
# Lucia Miranda v. Pexco, LLC

**Taken On:** August 23, 2023

Royal Reporting Services, Inc.
Phone: 312.361.8851
Email: info@royalreportingservices.com
Website: royalreportingservices.com

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, CHANCERY DIVISION

LUCIA MIRANDA, Individually and      )
for Others Similarly Situated,       )
                                     )
                    Plaintiff,       )
                                     )
       vs.                           )  No. 2021 CH 02127
                                     )
PEXCO, LLC, a Delaware limited       )
liability company,                   )
                                     )
                    Defendant.       )

     REPORT OF PROCEEDINGS had at the hearing via videoconference in the above-entitled cause before the HONORABLE PAMELA MCLEAN MEYERSON, Judge of said Court, commencing at 2:11 p.m. on August 23rd, 2023.

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 2

1   APPEARANCES (via videoconference):

2       EDELSON, PC
        MS. ZOE E. SEAMAN-GRANT
3       350 North LaSalle Street
        14th Floor
4       Chicago, Illinois 60654
        Phone:  312.589.6370
5       E-mail:  zseaman-grant@edelson.com

6           On behalf of the Plaintiff;

7       SEYFARTH SHAW, LLP
        MS. DANIELLE M. KAYS
8       233 South Wacker Drive
        Suite 8000
9       Chicago, Illinois 60606
        Phone:  312.460.5000
10      E-mail:  dkays@seyfarth.com

11          On behalf of the Defendant.

12
                    *   *   *   *   *
13

14

15

16

17

18

19

20

21

22

23

24

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

## Page 3

1  (Whereupon, proceedings were had via
2  videoconference.)
3  THE COURT: We are here on Miranda vs. Pexco, LLC,
4  2021 CH 2127. We're here for argument on the motion to
5  dismiss.
6  Who do we have with us?
7  MS. SEAMAN-GRANT: Good morning -- or good
8  afternoon, I guess, Your Honor. Zoe Seaman-Grant for
9  plaintiff.
10  THE COURT: Okay. You're muted.
11  MS. KAYS: Good afternoon. Danielle Kays on behalf
12  of defendant.
13  THE COURT: All right. So I took a look at your
14  briefs, and I'm ready to hear your arguments, starting
15  with the movant, defendant.
16  MS. KAYS: Thank you, Your Honor.
17  We move to dismiss because, under the language
18  of the statutes, government contractors are exempted.
19  The query is whether the defendant was a contractor. The
20  statute says nothing in this act shall apply to a
21  contractor, subcontractor, or agent of the state agency
22  or local unit of government when working for that state
23  agency or local unit of government.
24  The only case that decided this issue was the

## Page 4

1  First Circuit Court of Appeals, Enriquez vs. Navy Pier.
2  And in that decision, they interpret it as we suggest,
3  that the inquiry is whether the entity was performing
4  services for the contract.
5  Nothing in the act says that the plaintiff had
6  to work for the government contract. Nothing in the act
7  even references the individual at all. The exemption is
8  on behalf of the entity; and, therefore, we're moving to
9  dismiss based on this exemption under BIPA. As we stated
10  in our briefs, Pexco, beginning in 2013, including in
11  2016, when the plaintiff worked at Pexco and through the
12  present, has been a government contractor. Specifically
13  with respect to the local unit of government, as stated
14  in the -- in the BIPA exemption, they had a contract with
15  Chicago Surface Mount Flexible Tubular Markets [sic].
16  We've provided evidence from a declaration on
17  behalf of defendants that shows that contract shows that
18  they were continuing to do work and issued invoices on
19  behalf of that contract throughout, but including, in
20  2016. And because of that status as a government
21  contractor, they're exempt.
22  In addition, we've also cited that they were a
23  federal contractor. And under the law again, the
24  difference between federal contractors and state and

## Page 5

1  local government contractors should be the same. But,
2  regardless, again, it's very clear that they are a local
3  unit government contractor and have been since 2013.
4  So we move to dismiss on that basis.
5  We also move to dismiss and strike the --
6  THE COURT: That's a 2-619 motion, right?
7  MS. KAYS: Yes, correct.
8  THE COURT: Okay.
9  MS. KAYS: Per our 2 -- our 5/2-615 motion, we also
10  move to strike for failure to state a claim for damages.
11  You know, in a nutshell, there is no evidence at all that
12  distinguishes this from any other -- I'm sorry. Strike
13  that.
14  There's no assertions and there's no claims --
15  there's no pleading at all that distinguishes this from
16  any other BIPA case. It's just a conclusory statement
17  that the plaintiff is entitled to damages for reckless
18  conduct, and there's no statement in there of why -- or
19  facts to support the claim that damages are -- or should
20  be awarded under the reckless damages provision.
21  THE COURT: Did you cite any case that said that
22  that is an element that has to be pled in a BIPA claim?
23  MS. KAYS: We cited a number of cases, Your Honor,
24  the Rogers vs. CSX. We also cited --

## Page 6

1  THE COURT: I'm talking about specifically not --
2  not what we have to plead to show the heightened damages,
3  the $5,000. But does there have to be -- is there any
4  case that you've cited that says it is an element of the
5  claim that you have to plead to the claim, the $1,000 in
6  damages?
7  MS. KAYS: Both cases that we've cited have stated
8  that in order to plead and seek damages for reckless
9  conduct --
10  THE COURT: No. Reckless would be the enhanced
11  damages, would be the 5,000. I'm talking about the
12  $1,000.
13  MS. KAYS: Oh, we have not cited -- well, I think
14  what we're moving to strike, I believe, is the
15  recklessness portion of the damages.
16  THE COURT: You're not asking to strike the request
17  for a thousand dollars in damages?
18  MS. KAYS: They haven't cited facts to suggest
19  negligence either, and I believe that the case --
20  THE COURT: My question is whether there are any
21  cases that say that, in order to seek the thousand-dollar
22  damages, you'd have to allege in the complaint that there
23  was negligence.
24  MS. KAYS: I don't believe I've seen negligence -- I

3 (Pages 3 to 6)

Royal Reporting Services, Inc.
312.361.8851

FILED DATE: 12/22/2023 1:11 PM   2023L008588

Page 7

1 don't have a case offhand that says that negligence has
2 been stricken for failure to plead that. It's the
3 heightened recklessness damages.
4     THE COURT: Okay. Anything else?
5     MS. KAYS: No, Your Honor. Thank you.
6     THE COURT: All right. Ms. Grant.
7     MS. SEAMAN-GRANT: Your Honor, on this government
8 contractor argument, Pexco raises two government
9 contracts, a federal contract as well as a contract with
10 the City of Chicago. The problem for Pexco is that they
11 don't show that they were working for those contractors
12 when they collected plaintiff's and the proposed class's
13 fingerprints.
14     So we completely agree with defendant that the
15 correct inquiry is whether an entity was working for a
16 government contractor. The problem is, Pexco interprets
17 the language "when working for" to simply mean that an
18 entity has a government contract. Pexco doesn't provide
19 any evidence that the fingerprinting was related to its
20 fulfillment of those plastic contracts. They don't argue
21 that they were required to collect employee fingerprints.
22 They don't even argue that they were required to collect
23 employee time pursuant to those contracts.
24     So what Pexco is effectively asking for is a

Page 8

1 mass of expansion of the subcontractor exception. They
2 cite to the Enriquez case, which the First District
3 decided. But Enriquez doesn't have anything to say about
4 this case because in Enriquez, the defendant -- their
5 entire existence was premised on fulfilling obligations
6 for a public entity. So everything they did was pursuant
7 to that government contract, which included direct
8 delegation to do things like track employee time, you
9 know, set working hours, and set employee policies.
10     Here, Pexco hasn't provided similar evidence
11 that it was -- delegated that authority or even told that
12 it needed to collect employee time. The one piece of
13 evidence they do cite --
14     THE COURT: Would it make a difference if they were
15 required to or not if they were, in fact, doing it?
16     MS. SEAMAN-GRANT: Your Honor, I believe so because
17 in that case, then, it would be an explicit requirement
18 of the government contract.
19     The whole point of the government contractor
20 exception is, presumably, that the legislature didn't
21 want to interfere with contracts between government
22 entities and private parties. So in the case where the
23 government contract explicitly says, "You need to track
24 employee time; you need to, for instance, track it

Page 9

1 accurately," then it makes sense that the private entity
2 would be permitted to, for instance, use biometric time
3 tracking because that's an explicit requirement of the
4 contract.
5     But in contrast to this situation, where --
6 that's really tangential, right? That's an internal
7 Pexco policy that they've decided to implement. It's not
8 something that the City of Chicago or the federal
9 government required as part of their contract.
10     So it's just a difference of opinion of what
11 the "when working for" language itself means, because if
12 you take Pexco's argument about "when working for" --
13 that merely having a government contract gives a blanket
14 exemption to BIPA, that would mean that any entity with a
15 government contract would be universally exempt from BIPA
16 in every circumstance, no matter how attenuated it is,
17 from the government contract itself.
18     It makes much more sense to embrace a more
19 narrow reading of "when working for" that means the
20 alleged BIPA violations arose out of or related to the
21 contract itself. And that's entirely consistent with
22 federal law on derivative immunity; for instance, in
23 Campbell-Ewald v. Gomez, which we cite in our brief,
24 which says that the derivative immunity is only limited

Page 10

1 to when an entity is fulfilling roles and functions
2 pursuant to that government contract.
3     So a reading of BIPA "when working for" is
4 highly consistent with the derivative immunity that
5 already exists for federal contractors, and we think
6 that's a much more appropriate understanding of the word.
7     THE COURT: Just so I understand this argument, so
8 you -- the statute says the exemption says that an entity
9 is exempt under Section 25(e) if its contractor, unit --
10 a unit of government and was working for that unit of
11 government at the time it collected or disseminated
12 biometric information. So is your argument that -- that
13 at the time is not just related to -- that there needs to
14 be a showing other than that there was a contract in
15 place? What more are you looking for?
16     MS. SEAMAN-GRANT: Yes, Your Honor. And I think
17 maybe a hypothetical would help here.
18     So, for example, law enforcement agencies
19 frequently use private fingerprinting companies to
20 perform fingerprinting for them. In that case, that
21 would be clearly when working for the government agency.
22 So if the private fingerprinting company, for instance,
23 collected biometric fingerprints as part of that, we
24 would say they were exempt from BIPA because it was part

Page 11

of their government contract. They were clearly working for the government when they collected that biometric data.

In contrast, this is super dissimilar from that. You know, Pexco was not in any way collecting fingerprint data in order to produce plastic parts for the City of Chicago. So I think there are pretty clear instances; for instance, Navy Pier, when they delegate all decision-making authority, all employee timekeeping authority to the private entity itself.

So, yes, our view is that the "when working for" exemption needs to be related to the government contract. It's not satisfied by merely having a government contract.

THE COURT: Okay. Go ahead.

MS. SEAMAN-GRANT: Your Honor, I want to briefly touch on -- before I move on from the government contract argument, in defendant's response to plaintiff's sur-reply, they raise this Prevailing Wage Act argument, where they say that the Prevailing Wage Act required them to report wage and hour time tracking to the City of Chicago. But the portion of the contract that they cite says the Prevailing Wage Act only applies to contractors who are performing public work construction within the

Page 12

meaning of the Illinois Prevailing Wage Act.

And, Your Honor, creating plastic tubes for the City of Chicago, Pexco makes no argument that that's a public work or that's construction for the City of Chicago. They don't make any argument that the Prevailing Wage Act actually applied in this case. They don't make any argument that the contract actually required them to collect wage and timekeeping for the City of Chicago. This is just not a case where there's any contractual obligation on Pexco to perform time tracking for either the federal or the local unit of government.

But on to Pexco's argument that there is some pleading standard that we have to meet regarding liquidated damages, Your Honor, almost every Court who has considered this have said that is not a substantive pleading requirement.

When the Supreme Court decided Rosenbach, the Supreme Court said that the only allegation that a plaintiff needs to prove is a violation of the act to show entitlement to seek liquidated damages. So Rosenbach simply says, If you can establish that an entity violated the act, then you are entitled to liquidated damages, should you be able to prove later on

Page 13

that the entity negligently or recklessly violated the act, but it is not, at the pleading stage, a substantive pleading requirement.

And as Your Honor pointed out, Pexco doesn't cite to cases that say that that pleading requirement is necessary at the pleading stage.

But further on, Pexco's argument that there's some sort of standard of care for BIPA, much of Pexco's argument is that there must be a reasonableness standard, and they essentially impose the common law negligence standard on BIPA. But a statute fixes its own standard of care, whereas here, it defines what a violation looks like and what a violation of the act constitutes.

BIPA simply does not incorporate a common law negligence standard because BIPA itself fixes the standard of care that entities need to follow. So to the extent that Pexco has any argument that it acted reasonably or that it used reasonable care, that's simply not relevant to evaluating whether an entity violated BIPA. It might be relevant in determining damages at a later stage, but at this stage, it has simply no relevance to the question.

And that's all, Your Honor.

THE COURT: Any rebuttal?

Page 14

MS. KAYS: Yes, Your Honor.

So in plaintiff's opposition argument, she said that if we were required to track time under our agreement, then this exemption would apply. Not only does the provision about the prevailing wage rates say very roundly that the contractor is supposed to comply with all requirements of the act, that it's supposed to pay laborers, workers, and mechanics and all wages, the prevailing rate of wages, it also says that it's supposed to comply broadly, if you look at Section 3.3 and then 3.3.1, with all ordinances, laws, rules, regulations, whether they are asserted in the contract and whether or not they appear in that.

It specifically says in this contract that we are required to track the hours of the workers. And given plaintiff's admission that if that were the case, then this would fall under their exemption, I think that, you know, their argument fails.

On top of it, they are presuming legislative intents --

THE COURT: It doesn't say that you have to track them using a biometric system, right?

MS. KAYS: No, but how it's being tracked -- and I think the plaintiff did not distinguish that it had to

Page 15

say that it was being tracked via a biometric system. And the Court even asked if we were required to track time under this agreement, would the exemption apply?

And it specifically does talk about tracking the agreement. But, regardless, none of that is in the language of the statute. There's no -- plaintiff cited to no legislative intent. That's purely their argument.

And they can't cite, you know, that there's any implication that a government contractor needs to prove things in order to be deemed a government contractor under this exception. The language is very simple, and it simply says that -- excuse me. It simply says that it applies to an entity that is a contractor, subcontractor, or agent of the state or local unit of government, and it says when working for that state or local unit of government.

The appellate court has spoken that the inquiry is whether they're performing services. There's, again, nothing that says that we have to jump through hoops and say that this certain employee was working on the contract, that we were -- you know, their analogy about a fingerprinter working for a unit of government is no different than any other contractor that performs services for a government.

Page 16

Those are not -- that's not working for. That's simply a service agreement the way they describe it. And, again, there's nothing in here that says that there are all these additional requirements to exempt an entity under BIPA.

THE COURT: So summarize for me in terms of the time requirement that you say is the requirement that applies here that was working for that unit of government. The allegation is that this plaintiff worked for Pexco during what period, and your affidavit or other proof says that they were a government subcontractor during what period? What are the dates we're talking about?

MS. KAYS: Yes. So the government contract that we've cited to, that began in 2013.

THE COURT: When you say "government contract," which one? Federal or the City?

MS. KAYS: I'm talking about the City right now.

THE COURT: Okay.

MS. KAYS: So Pexco contracted with Chicago Surface Mount Flexible Tubular Markets that began in 2013. It continued. It was still in effect in 2016 per the declaration. And it's --

THE COURT: For the record, the declaration was attached to the reply?

Page 17

MS. KAYS: Correct. And --

THE COURT: Okay. That is Exhibit what?

MS. KAYS: That is Exhibit 1. No. Sorry. Excuse me. So it's Exhibit A. And Exhibit A also has an Exhibit 1 and 2 attached to it. Actually, excuse me. Yes.

And just to clarify, Your Honor, during the course of -- after filing our motion, we attached this declaration to our reply because we had discovered information from our clients. We asked to refile the motion before plaintiff opposed it. They declined and said that they were okay with us raising this in our reply, which is --

THE COURT: Then we had the sur-reply?

MS. KAYS: Correct, yes.

THE COURT: Okay.

MS. KAYS: So that contract has continued as of the dates of the declaration, which -- excuse me -- it was right before we filed this, so April 2023. The contract was still in effect. There was also --

THE COURT: But the allegation is that the plaintiff left in 2016?

MS. KAYS: She worked there in -- I believe she -- in 2016, correct. So this government contract that we

Page 18

are referring to was in place when she was employed.

THE COURT: All right. And what is the -- we don't have a -- we don't have any class certified yet, but what was the proposed class definition?

Ms. Seaman-Grant, people who worked at defendants through what?

MS. SEAMAN-GRANT: In 2016.

THE COURT: 2016?

MS. SEAMAN-GRANT: Yes.

THE COURT: And that was the cutoff?

MS. SEAMAN-GRANT: Yes. I'm just confirming, but --

MS. KAYS: The lawsuit was filed April 30th, 2021.

THE COURT: All right. I guess it doesn't have -- it doesn't have a time built into the damages, it looks like, in the complaint.

Okay. All right. Anything else in rebuttal?

MS. KAYS: No. I mean, one thing, again, that we raise in our briefs is that if we had to prove that a certain plaintiff was specifically performing work for a specific contract, which, again, we argue there's nothing in legislative intents that -- and there's nothing that plaintiff can cite to other than their own inferences, and there's nothing in the language that says that. But if we did, then we would have to treat this employee

Page 19

1  differently any day that they worked on a different
2  contract.
3      And so it's just -- it's not feasible. It's
4  not something that is indicated anywhere within the
5  statute or legislature that this is how this entity that
6  is a government contractor should be treated. It's a
7  broad exemption, and we ask that the Court find that the
8  plaintiff -- or that the defendant, my client, is exempt
9  under that.
10     And then with respect to the recklessness,
11 again, there's no indication here that plaintiff has done
12 anything other than -- the plaintiff -- excuse me.
13     There's nothing in the complaint that asserts
14 any facts to support a reckless damage. Rosenbach
15 doesn't address the recklessness pleading standard.
16 Instead, it says there does not need to be damages or
17 injury to a plaintiff. But that has nothing to do with
18 whether they can assert recklessness without supporting
19 any -- in providing any facts to support that claim and
20 just by simply parroting the statute alone.
21     THE COURT: Okay. I am going to give you an oral
22 ruling. I'm going to take a recess. You've got a court
23 reporter here. Why don't you come back in about
24 15 minutes. Okay? You can stay in the meeting. Just

Page 20

1  stop your video, mute yourself; and I'll come back and
2  give you a ruling on it. Okay?
3      MS. KAYS: Thank you, Your Honor.
4      THE COURT: Thank you. Court is in recess.
5          (A short break was had.)
6      THE COURT: Thank you for your arguments.
7      First of all, I will talk about the 2-619
8  argument. This is defendant's argument under
9  Section 2-619(a)(9), which says that there's other
10 affirmative matter that defeats the claim. Defendant has
11 the burden to plead and prove on the 2-619 that there is
12 this affirmative matter and that because of the
13 affirmative matter, plaintiff cannot prevail even if the
14 allegations of the complaint are all true.
15     So defendant argued that it is exempt from
16 BIPA under Section 25(e) of BIPA, which provides that
17 nothing in this act shall be construed by/to a
18 contractor, subcontractor, or agent of a state agency or
19 unit of local government, whether working for that state
20 agent or unit of local government.
21     So the key issue here is the phrase "when
22 working for." What does "when working for" mean? And my
23 finding is that that means that it is during the same
24 period of time that plaintiff was working for the

Page 21

1  defendant. It does not mean while defendant is actively
2  working on fulfilling the government contract or while
3  plaintiff is working on that contract. It's a temporal
4  question. The question is, was plaintiff working for
5  defendant during the same time that defendant had a
6  government contract and was a government contractor or
7  subcontractor?
8      And here, I find that defendant has proven,
9  with an uncontested affidavit, which was attached to the
10 reply, that defendant did have a government subcontract
11 with the company that was a contractor for the City of
12 Chicago during the time that plaintiff worked for
13 defendant.
14     So I am going to grant the motion to dismiss
15 under Section 2-619. And it does not appear to me that
16 there is a way that that can be cured, and so it's going
17 to be with prejudice, and we don't need to reach the
18 2-615 arguments.
19     So what I would like the movant to do, the
20 counsel for defendant, is to -- is to draft a simple
21 order that says, "For the reasons explained on the
22 record, the Court grants the motion to dismiss under
23 Section 2-619" and attach a copy of the -- not attach it,
24 but file a copy of the transcript sometime, let's say, in

Page 22

1  the next week.
2      Okay?
3      MS. SEAMAN-GRANT: Yes. Thank you, Your Honor.
4      THE COURT: Okay. So that will be -- I also want
5  the order to indicate that that's a final order disposing
6  of all matters.
7      MS. KAYS: Your Honor, should we write in there that
8  it grants the motion with prejudice?
9      THE COURT: Yes.
10     MS. KAYS: Thank you, Your Honor.
11     THE COURT: Okay. Good. And so we'll look for that
12 order, if not later this afternoon -- it shouldn't be
13 that difficult -- but by tomorrow morning, the latest,
14 okay, after you run that past plaintiff's counsel.
15     MS. KAYS: Thank you, Your Honor.
16     THE COURT: Thank you. Court is in recess.
17     MS. SEAMAN-GRANT: Thanks, Your Honor.
18         (Whereupon, the hearing concluded at
19         3:02 p.m.)
20         (Which were all the proceedings had
21         in the above-entitled cause on this
22         date.)
23
24

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 23

1   STATE OF ILLINOIS    )
2                        )  SS.
3   COUNTY OF COOK       )
4
5           Tina M. Hickey, being first duly sworn, on oath
6   says that she is a Certified Shorthand Reporter
7   doing business in the City of Chicago, County of Cook and
8   the State of Illinois;
9           That she reported in shorthand the proceedings
10  had at the foregoing hearing via videoconference;
11          And that the foregoing is a true and correct
12  transcript of her shorthand notes so taken as aforesaid
13  and contains all the proceedings had at the said hearing.
14          Witness my official signature as a Certified
15  Shorthand Reporter in the State of Illinois on
16  September 11th, 2023.
17
18          _____
            TINA M. HICKEY, CSR
19          161 North Clark Street
            Suite 3050
20          Chicago, Illinois 60601
            Phone:  312.361.8851
21
22
23
    CSR No. 084-003858
24

Royal Reporting Services, Inc.
312.361.8851

**A**

**able** 12:24
**above-entitled** 1:12 22:21
**accurately** 9:1
**act** 3:20 4:5,6 11:19,20,23 12:1,6,20,23 13:2,13 14:7 20:17
**acted** 13:17
**actively** 21:1
**addition** 4:22
**additional** 16:4
**address** 19:15
**admission** 14:16
**affidavit** 16:10 21:9
**affirmative** 20:10,12,13
**aforesaid** 23:12
**afternoon** 3:8,11 22:12
**agencies** 10:18
**agency** 3:21,23 10:21 20:18
**agent** 3:21 15:14 20:18,20
**agree** 7:14
**agreement** 14:4 15:3,5 16:2
**ahead** 11:15
**allegation** 12:19 16:9 17:21
**allegations** 20:14
**allege** 6:22
**alleged** 9:20
**analogy** 15:21
**Appeals** 4:1
**appear** 14:13 21:15
**APPEARAN...** 2:1

**appellate** 15:17
**applied** 12:6
**applies** 11:23 15:13 16:7
**apply** 3:20 14:4 15:3
**appropriate** 10:6
**April** 17:19 18:12
**argue** 7:20,22 18:20
**argued** 20:15
**argument** 3:4 7:8 9:12 10:7 10:12 11:18,19 12:3,5,7,13 13:7,9,17 14:2 14:18 15:7 20:8,8
**arguments** 3:14 20:6 21:18
**arose** 9:20
**asked** 15:2 17:10
**asking** 6:16 7:24
**assert** 19:18
**asserted** 14:12
**assertions** 5:14
**asserts** 19:13
**attach** 21:23,23
**attached** 16:24 17:5,8 21:9
**attenuated** 9:16
**August** 1:14
**authority** 8:11 11:9,10
**awarded** 5:20

**B**

**back** 19:23 20:1
**based** 4:9
**basis** 5:4
**began** 16:14,20
**beginning** 4:10

**behalf** 2:6,11 3:11 4:8,17,19
**believe** 6:14,19 6:24 8:16 17:23
**biometric** 9:2 10:12,23 11:2 14:22 15:1
**BIPA** 4:9,14 5:16,22 9:14 9:15,20 10:3 10:24 13:8,11 13:14,15,20 16:5 20:16,16
**blanket** 9:13
**break** 20:5
**brief** 9:23
**briefly** 11:16
**briefs** 3:14 4:10 18:18
**broad** 19:7
**broadly** 14:10
**built** 18:14
**burden** 20:11
**business** 23:7
**by/to** 20:17

**C**

**Campbell-Ew...** 9:23
**care** 13:8,12,16 13:18
**case** 3:24 5:16 5:21 6:4,19 7:1 8:2,4,17,22 10:20 12:6,9 14:16
**cases** 5:23 6:7 6:21 13:5
**cause** 1:12 22:21
**certain** 15:20 18:19
**certified** 18:3 23:6,14
**CH** 1:6 3:4

**CHANCERY** 1:2
**Chicago** 2:4,9 4:15 7:10 9:8 11:7,22 12:3,5 12:9 16:19 21:12 23:7,20
**Circuit** 1:1 4:1
**circumstance** 9:16
**cite** 5:21 8:2,13 9:23 11:22 13:5 15:8 18:22
**cited** 4:22 5:23 5:24 6:4,7,13 6:18 15:6 16:14
**City** 7:10 9:8 11:7,21 12:3,4 12:9 16:16,17 21:11 23:7
**claim** 5:10,19,22 6:5,5 19:19 20:10
**claims** 5:14
**clarify** 17:7
**Clark** 23:19
**class** 18:3,4
**class's** 7:12
**clear** 5:2 11:7
**clearly** 10:21 11:1
**client** 19:8
**clients** 17:10
**collect** 7:21,22 8:12 12:8
**collected** 7:12 10:11,23 11:2
**collecting** 11:5
**come** 19:23 20:1
**commencing** 1:14
**common** 13:10 13:14

**companies** 10:19
**company** 1:8 10:22 21:11
**complaint** 6:22 18:15 19:13 20:14
**completely** 7:14
**comply** 14:6,10
**concluded** 22:18
**conclusory** 5:16
**conduct** 5:18 6:9
**confirming** 18:11
**considered** 12:16
**consistent** 9:21 10:4
**constitutes** 13:13
**construction** 11:24 12:4
**construed** 20:17
**contains** 23:13
**continued** 16:21 17:17
**continuing** 4:18
**contract** 4:4,6 4:14,17,19 7:9 7:9,18 8:7,18 8:23 9:4,9,13 9:15,17,21 10:2,14 11:1 11:13,14,17,22 12:7 14:12,14 15:21 16:13,15 17:17,19,24 18:20 19:2 21:2,3,6
**contracted** 16:19
**contractor** 3:19 3:21 4:12,21 4:23 5:3 7:8,16 8:19 10:9 14:6

15:9,11,13,23 19:6 20:18 21:6,11
**contractors** 3:18 4:24 5:1 7:11 10:5 11:23
**contracts** 7:9,20 7:23 8:21
**contractual** 12:10
**contrast** 9:5 11:4
**Cook** 1:1 23:3,7
**copy** 21:23,24
**correct** 5:7 7:15 17:1,15,24 23:11
**counsel** 21:20 22:14
**County** 1:1,2 23:3,7
**course** 17:8
**court** 1:1,14 3:3 3:10,13 4:1 5:6 5:8,21 6:1,10 6:16,20 7:4,6 8:14 10:7 11:15 12:15,18 12:19 13:24 14:21 15:2,17 16:6,15,18,23 17:2,14,16,21 18:2,8,10,13 19:7,21,22 20:4,4,6 21:22 22:4,9,11,16 22:16
**creating** 12:2
**CSR** 23:18,23
**CSX** 5:24
**cured** 21:16
**cutoff** 18:10

### D
**damage** 19:14
**damages** 5:10 5:17,19,20 6:2 6:6,8,11,15,17 6:22 7:3 12:15 12:21,24 13:20 18:14 19:16
**Danielle** 2:7 3:11
**data** 11:3,6
**date** 22:22
**dates** 16:12 17:18
**day** 19:1
**decided** 3:24 8:3 9:7 12:18
**decision** 4:2
**decision-maki...** 11:9
**declaration** 4:16 16:22,23 17:9 17:18
**declined** 17:11
**deemed** 15:10
**defeats** 20:10
**defendant** 1:9 2:11 3:12,15 3:19 7:14 8:4 19:8 20:10,15 21:1,1,5,5,8,10 21:13,20
**defendant's** 11:18 20:8
**defendants** 4:17 18:6
**defines** 13:12
**definition** 18:4
**Delaware** 1:7
**delegate** 11:8
**delegated** 8:11
**delegation** 8:8
**DEPARTME...** 1:2
**derivative** 9:22 9:24 10:4
**describe** 16:2
**determining** 13:20
**difference** 4:24 8:14 9:10
**different** 15:23 19:1
**differently** 19:1
**difficult** 22:13
**direct** 8:7
**discovered** 17:9
**dismiss** 3:5,17 4:9 5:4,5 21:14 21:22
**disposing** 22:5
**disseminated** 10:11
**dissimilar** 11:4
**distinguish** 14:24
**distinguishes** 5:12,15
**District** 8:2
**DIVISION** 1:2
**dkays@seyfar...** 2:10
**doing** 8:15 23:7
**dollars** 6:17
**draft** 21:20
**Drive** 2:8
**duly** 23:5

### E
**E** 2:2
**E-mail** 2:5,10
**EDELSON** 2:2
**effect** 16:21 17:20
**effectively** 7:24
**either** 6:19 12:11
**element** 5:22 6:4
**embrace** 9:18
**employed** 18:1
**employee** 7:21 7:23 8:8,9,12
8:24 11:9 15:20 18:24
**enforcement** 10:18
**enhanced** 6:10
**Enriquez** 4:1 8:2,3,4
**entire** 8:5
**entirely** 9:21
**entities** 8:22 13:16
**entitled** 5:17 12:23
**entitlement** 12:21
**entity** 4:3,8 7:15 7:18 8:6 9:1,14 10:1,8 11:10 12:23 13:1,19 15:13 16:5 19:5
**essentially** 13:10
**establish** 12:22
**evaluating** 13:19
**evidence** 4:16 5:11 7:19 8:10 8:13
**example** 10:18
**exception** 8:1,20 15:11
**excuse** 15:12 17:3,5,18 19:12
**exempt** 4:21 9:15 10:9,24 16:4 19:8 20:15
**exempted** 3:18
**exemption** 4:7,9 4:14 9:14 10:8 11:12 14:4,17 15:3 19:7
**Exhibit** 17:2,3,4 17:4,5
**existence** 8:5
**exists** 10:5
**expansion** 8:1
**explained** 21:21
**explicit** 8:17 9:3
**explicitly** 8:23
**extent** 13:17

### F
**fact** 8:15
**facts** 5:19 6:18 19:14,19
**fails** 14:18
**failure** 5:10 7:2
**fall** 14:17
**feasible** 19:3
**federal** 4:23,24 7:9 9:8,22 10:5 12:11 16:16
**file** 21:24
**filed** 17:19 18:12
**filing** 17:8
**final** 22:5
**find** 19:7 21:8
**finding** 20:23
**fingerprint** 11:6
**fingerprinter** 15:22
**fingerprinting** 7:19 10:19,20 10:22
**fingerprints** 7:13,21 10:23
**first** 4:1 8:2 20:7 23:5
**fixes** 13:11,15
**Flexible** 4:15 16:20
**Floor** 2:3
**follow** 13:16
**foregoing** 23:10 23:11
**frequently** 10:19
**fulfilling** 8:5

10:1 21:2
**fulfillment** 7:20
**functions** 10:1
**further** 13:7

---
**G**
---
**give** 19:21 20:2
**given** 14:16
**gives** 9:13
**Go** 11:15
**going** 19:21,22
   21:14,16
**Gomez** 9:23
**good** 3:7,7,11
   22:11
**government**
   3:18,22,23 4:6
   4:12,13,20 5:1
   5:3 7:7,8,16,18
   8:7,18,19,21
   8:23 9:9,13,15
   9:17 10:2,10
   10:11,21 11:1
   11:2,12,14,17
   12:12 15:9,10
   15:15,16,22,24
   16:8,11,13,15
   17:24 19:6
   20:19,20 21:2
   21:6,6,10
**grant** 7:6 21:14
**grants** 21:22
   22:8
**guess** 3:8 18:13

---
**H**
---
**hear** 3:14
**hearing** 1:11
   22:18 23:10,13
**heightened** 6:2
   7:3
**help** 10:17
**Hickey** 23:5,18
**highly** 10:4
**Honor** 3:8,16

5:23 7:5,7 8:16
10:16 11:16
12:2,15 13:4
13:23 14:1
17:7 20:3 22:3
22:7,10,15,17
**HONORABLE**
1:13
**hoops** 15:20
**hour** 11:21
**hours** 8:9 14:15
**hypothetical**
10:17

---
**I**
---
**Illinois** 1:1 2:4,9
   12:1 23:1,8,15
   23:20
**immunity** 9:22
   9:24 10:4
**implement** 9:7
**implication** 15:9
**impose** 13:10
**included** 8:7
**including** 4:10
   4:19
**incorporate**
13:14
**indicate** 22:5
**indicated** 19:4
**indication** 19:11
**individual** 4:7
**Individually** 1:4
**inferences** 18:22
**information**
10:12 17:10
**injury** 19:17
**inquiry** 4:3 7:15
   15:18
**instance** 8:24
   9:2,22 10:22
   11:8
**instances** 11:8
**intent** 15:7
**intents** 14:20

18:21
**interfere** 8:21
**internal** 9:6
**interpret** 4:2
**interprets** 7:16
**invoices** 4:18
**issue** 3:24 20:21
**issued** 4:18

---
**J**
---
**Judge** 1:13
**jump** 15:19

---
**K**
---
**Kays** 2:7 3:11
   3:11,16 5:7,9
   5:23 6:7,13,18
   6:24 7:5 14:1
   14:23 16:13,17
   16:19 17:1,3
   17:15,17,23
   18:12,17 20:3
   22:7,10,15
**key** 20:21
**know** 5:11 8:9
   11:5 14:18
   15:8,21

---
**L**
---
**laborers** 14:8
**language** 3:17
   7:17 9:11 15:6
   15:11 18:23
**LaSalle** 2:3
**latest** 22:13
**law** 4:23 9:22
   10:18 13:10,14
**laws** 14:11
**lawsuit** 18:12
**left** 17:22
**legislative** 14:19
   15:7 18:21
**legislature** 8:20
   19:5
**let's** 21:24

**liability** 1:8
**limited** 1:7 9:24
**liquidated** 12:15
   12:21,24
**LLC** 1:7 3:3
**LLP** 2:7
**local** 3:22,23
   4:13 5:1,2
   12:11 15:14,16
   20:19,20
**look** 3:13 14:10
   22:11
**looking** 10:15
**looks** 13:12
   18:14
**LUCIA** 1:4

---
**M**
---
**M** 2:7 23:5,18
**Markets** 4:15
   16:20
**mass** 8:1
**matter** 9:16
   20:10,12,13
**matters** 22:6
**MCLEAN** 1:13
**mean** 7:17 9:14
   18:17 20:22
   21:1
**meaning** 12:1
**means** 9:11,19
   20:23
**mechanics** 14:8
**meet** 12:14
**meeting** 19:24
**merely** 9:13
   11:13
**MEYERSON**
1:13
**minutes** 19:24
**Miranda** 1:4 3:3
**morning** 3:7
   22:13
**motion** 3:4 5:6,9
   17:8,11 21:14

21:22 22:8
**Mount** 4:15
   16:20
**movant** 3:15
   21:19
**move** 3:17 5:4,5
   5:10 11:17
**moving** 4:8 6:14
**mute** 20:1
**muted** 3:10

---
**N**
---
**narrow** 9:19
**Navy** 4:1 11:8
**necessary** 13:6
**need** 8:23,24
   13:16 19:16
   21:17
**needed** 8:12
**needs** 10:13
   11:12 12:20
   15:9
**negligence** 6:19
   6:23,24 7:1
   13:10,15
**negligently** 13:1
**North** 2:3 23:19
**notes** 23:12
**number** 5:23
**nutshell** 5:11

---
**O**
---
**oath** 23:5
**obligation** 12:10
**obligations** 8:5
**offhand** 7:1
**official** 23:14
**Oh** 6:13
**okay** 3:10 5:8
   7:4 11:15
   16:18 17:2,12
   17:16 18:16
   19:21,24 20:2
   22:2,4,11,14
**opinion** 9:10

FILED DATE: 12/22/2023 1:11 PM   2023L008588

opposed 17:11
opposition 14:2
oral 19:21
order 6:8,21
　11:6 15:10
　21:21 22:5,5
　22:12
ordinances
　14:11

**P**

p.m 1:14 22:19
PAMELA 1:13
parroting 19:20
part 9:9 10:23
　10:24
parties 8:22
parts 11:6
pay 14:8
PC 2:2
people 18:5
perform 10:20
　12:10
performing 4:3
　11:24 15:18
　18:19
performs 15:23
period 16:10,11
　20:24
permitted 9:2
Pexco 1:7 3:3
　4:10,11 7:8,10
　7:16,18,24
　8:10 9:7 11:5
　12:3,10 13:4
　13:17 16:9,19
Pexco's 9:12
　12:13 13:7,8
Phone 2:4,9
　23:20
phrase 20:21
piece 8:12
Pier 4:1 11:8
place 10:15 18:1
plaintiff 1:5 2:6

3:9 4:5,11 5:17
　12:20 14:24
　15:6 16:9
　17:11,21 18:19
　18:22 19:8,11
　19:12,17 20:13
　20:24 21:3,4
　21:12
plaintiff's 7:12
　11:18 14:2,16
　22:14
plastic 7:20 11:6
　12:2
plead 6:2,5,8 7:2
　20:11
pleading 5:15
　12:14,17 13:2
　13:3,5,6 19:15
pled 5:22
point 8:19
pointed 13:4
policies 8:9
policy 9:7
portion 6:15
　11:22
prejudice 21:17
　22:8
premised 8:5
present 4:12
presumably
　8:20
presuming
　14:19
pretty 11:7
prevail 20:13
prevailing 11:19
　11:20,23 12:1
　12:6 14:5,9
private 8:22 9:1
　10:19,22 11:10
problem 7:10,16
proceedings
　1:11 3:1 22:20
　23:9,13
produce 11:6

proof 16:10
proposed 7:12
　18:4
prove 12:20,24
　15:10 18:18
　20:11
proven 21:8
provide 7:18
provided 4:16
　8:10
provides 20:16
providing 19:19
provision 5:20
　14:5
public 8:6 11:24
　12:4
purely 15:7
pursuant 7:23
　8:6 10:2

**Q**

query 3:19
question 6:20
　13:22 21:4,4

**R**

raise 11:19
　18:18
raises 7:8
raising 17:12
rate 14:9
rates 14:5
reach 21:17
reading 9:19
　10:3
ready 3:14
really 9:6
reasonable
　13:18
reasonableness
　13:9
reasonably
　13:18
reasons 21:21
rebuttal 13:24

18:16
recess 19:22
　20:4 22:16
reckless 5:17,20
　6:8,10 19:14
recklessly 13:1
recklessness
　6:15 7:3 19:10
　19:15,18
record 16:23
　21:22
references 4:7
referring 18:1
refile 17:10
regarding 12:14
regardless 5:2
　15:5
regulations
　14:11
related 7:19
　9:20 10:13
　11:12
relevance 13:22
relevant 13:19
　13:20
reply 16:24 17:9
　17:13 21:10
report 1:11
　11:21
reported 23:9
reporter 19:23
　23:6,15
request 6:16
required 7:21
　7:22 8:15 9:9
　11:20 12:8
　14:3,15 15:2
requirement
　8:17 9:3 12:17
　13:3,5 16:7,7
requirements
　14:7 16:4
respect 4:13
　19:10
response 11:18

right 3:13 5:6
　7:6 9:6 14:22
　16:17 17:19
　18:2,13,16
Rogers 5:24
roles 10:1
Rosenbach
　12:18,22 19:14
roundly 14:6
rules 14:11
ruling 19:22
　20:2
run 22:14

**S**

satisfied 11:13
says 3:20 4:5 6:4
　7:1 8:23 9:24
　10:8,8 11:23
　12:22 14:9,14
　15:12,13,15,19
　16:3,10 18:23
　19:16 20:9
　21:21 23:6
Seaman-Grant
　2:2 3:7,8 7:7
　8:16 10:16
　11:16 18:5,7,9
　18:11 22:3,17
Section 10:9
　14:10 20:9,16
　21:15,23
seek 6:8,21
　12:21
seen 6:24
sense 9:1,18
September
　23:16
service 16:2
services 4:4
　15:18,24
set 8:9,9
SEYFARTH 2:7
SHAW 2:7
short 20:5

shorthand 23:6
  23:9,12,15
show 6:2 7:11
  12:21
showing 10:14
shows 4:17,17
sic 4:15
signature 23:14
similar 8:10
Similarly 1:4
simple 15:12
  21:20
simply 7:17
  12:22 13:14,18
  13:21 15:12,12
  16:2 19:20
Situated 1:4
situation 9:5
sorry 5:12 17:3
sort 13:8
South 2:8
specific 18:20
specifically 4:12
  6:1 14:14 15:4
  18:19
spoken 15:17
SS 23:2
stage 13:2,6,21
  13:21
standard 12:14
  13:8,9,11,11
  13:15,16 19:15
starting 3:14
state 3:21,22
  4:24 5:10
  15:14,15 20:18
  20:19 23:1,8
  23:15
stated 4:9,13 6:7
statement 5:16
  5:18
status 4:20
statute 3:20 10:8
  13:11 15:6
  19:5,20

statutes 3:18
stay 19:24
stop 20:1
Street 2:3 23:19
stricken 7:2
strike 5:5,10,12
  6:14,16
subcontract
  21:10
subcontractor
  3:21 8:1 15:14
  16:11 20:18
  21:7
substantive
  12:16 13:2
suggest 4:2 6:18
Suite 2:8 23:19
summarize 16:6
super 11:4
support 5:19
  19:14,19
supporting
  19:18
supposed 14:6,7
  14:9
Supreme 12:18
  12:19
sur-reply 11:19
  17:14
Surface 4:15
  16:19
sworn 23:5
system 14:22
  15:1

——— T ———
take 9:12 19:22
taken 23:12
talk 15:4 20:7
talking 6:1,11
  16:12,17
tangential 9:6
temporal 21:3
terms 16:6
Thank 3:16 7:5

20:3,4,6 22:3
  22:10,15,16
Thanks 22:17
thing 18:17
things 8:8 15:10
think 6:13 10:5
  10:16 11:7
  14:17,24
thousand 6:17
thousand-dollar
  6:21
time 7:23 8:8,12
  8:24 9:2 10:11
  10:13 11:21
  12:10 14:3
  15:3 16:6
  18:14 20:24
  21:5,12
timekeeping
  11:9 12:8
Tina 23:5,18
told 8:11
tomorrow 22:13
top 14:19
touch 11:17
track 8:8,23,24
  14:3,15,21
  15:2
tracked 14:23
  15:1
tracking 9:3
  11:21 12:11
  15:4
transcript 21:24
  23:12
treat 18:24
treated 19:6
true 20:14 23:11
tubes 12:2
Tubular 4:15
  16:20
two 7:8

——— U ———
uncontested

21:9
understand 10:7
understanding
  10:6
unit 3:22,23
  4:13 5:3 10:9
  10:10,10 12:11
  15:14,16,22
  16:8 20:19,20
universally 9:15
use 9:2 10:19

——— V ———
v 9:23
video 20:1
videoconference
  1:12 2:1 3:2
  23:10
view 11:11
violated 12:23
  13:1,19
violation 12:20
  13:12,13
violations 9:20
vs 1:6 3:3 4:1
  5:24

——— W ———
Wacker 2:8
wage 11:19,20
  11:21,23 12:1
  12:6,8 14:5
wages 14:8,9
want 8:21 11:16
  22:4
way 11:5 16:2
  21:16
we'll 22:11
we're 3:4 4:8
  6:14 16:12
we've 4:16,22
  6:7 16:14
week 22:1
Witness 23:14
word 10:6

work 4:6,18
  11:24 12:4
  18:19
worked 4:11
  16:9 17:23
  18:5 19:1
  21:12
workers 14:8,15
working 3:22
  7:11,15,17 8:9
  9:11,12,19
  10:3,10,21
  11:1,11 15:15
  15:20,22 16:1
  16:8 20:19,22
  20:22,24 21:2
  21:3,4
write 22:7

——— X ———

——— Y ———

——— Z ———
Zoe 2:2 3:8
zseaman-gran...
  2:5

——— 0 ———
02127 1:6
084-003858
  23:23

——— 1 ———
1 17:3,5
1,000 6:5,12
11th 23:16
14th 2:3
15 19:24
161 23:19

——— 2 ———
2 5:9 17:5
2-615 21:18
2-619 5:6 20:7
  20:11 21:15,23

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 29

| | | | | |
|---|---|---|---|---|
| **2-619(a)(9)** 20:9 <br> **2:11** 1:14 <br> **2013** 4:10 5:3 <br>   16:14,20 <br> **2016** 4:11,20 <br>   16:21 17:22,24 <br>   18:7,8 <br> **2021** 1:6 3:4 <br>   18:12 <br> **2023** 1:14 17:19 <br>   23:16 <br> **2127** 3:4 <br> **233** 2:8 <br> **23rd** 1:14 <br> **25(e)** 10:9 20:16 <br> ─────── <br> **3** <br> ─────── <br> **3.3** 14:10 <br> **3.3.1** 14:11 <br> **3:02** 22:19 <br> **3050** 23:19 <br> **30th** 18:12 <br> **312.361.8851** <br>   23:20 <br> **312.460.5000** <br>   2:9 <br> **312.589.6370** <br>   2:4 <br> **350** 2:3 <br> ─────── <br> **4** <br> ─────── <br> **5** <br> ─────── <br> **5,000** 6:3,11 <br> **5/2-615** 5:9 <br> ─────── <br> **6** <br> ─────── <br> **60601** 23:20 <br> **60606** 2:9 <br> **60654** 2:4 <br> ─────── <br> **7** <br> ─────── <br> **8** <br> ─────── <br> **8000** 2:8 | | | | |

Royal Reporting Services, Inc.
312.361.8851