IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNEST PAYTON, TOMMY HILL, MARCUS WRIGHT, DAVID UTI, JORGE SANTOYO, MAURICE MADKINS, LLEWELLYN LENARD, TONY JOHNSON, JC JOHNSON II, PERISS CRAWFORD, SUNAIR RAMCHANDANI, and JEROME BUCKNER, <br><br> Plaintiffs, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant. | Case No. 24-cv-153 <br><br> District Judge Jorge L. Alonso <br><br> Magistrate Judge Heather K. McShain |

**JOINT STATUS REPORT**

In accordance with the Court's Order dated August 25, 2025 (Dkt. 90), Plaintiffs and Union Pacific Railroad Company ("Union Pacific" and, together with Plaintiffs, the "Parties") respectfully submit this joint status report regarding the following issues:

**a)** **Whether the parties wish to engage in settlement discussions:**

Plaintiffs made a settlement demand to Union Pacific on July 25, 2024, and Union Pacific responded on August 2, 2024. The Parties have not engaged in any further settlement discussions and agree that additional settlement discussions would not be fruitful at this time.

**b)** **A proposed schedule to resume and complete discovery:**

The parties disagree on whether the Court should enter a schedule to resume and complete discovery before resolution of Union Pacific's forthcoming motion to certify the August 25, 2025 summary judgment order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Appellate Rule 5(a)(3) and, if permitted, Seventh Circuit appeal.

On February 10, 2025, Union Pacific moved for summary judgment. Dkt. 65. Union Pacific argued it is exempt from liability under Section 25(e) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), because it is and was a government contractor and subcontractor at all pertinent times. Union Pacific's motion thus raised a dispositive issue—whether BIPA applies to Union Pacific at all.

On February 14, 2025, the Parties jointly moved for entry of an order (a) setting a briefing schedule for Union Pacific's summary judgment motion, (b) staying discovery pending a ruling on that motion, and (c) vacating the March 6, 2025 fact discovery deadline. Dkt. 71. On February 14, 2025, the Court granted the Parties' joint motion. Dkt. 73.

On August 25, 2025, the Court denied Union Pacific's summary judgment motion and ordered the Parties to propose a schedule to resume and complete discovery. Dkt. 90.

Union Pacific's Position:

By September 10, 2025, Union Pacific will move to certify the August 25, 2025 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Appellate Rule 5(a)(3). If Union Pacific is permitted to appeal the August 25, 2025 order, a ruling in its favor on appeal would dispose of this case. As a result, concurrently with its motion seeking certification of the August 25, 2025 order, Union Pacific will move to stay discovery pending (a) a ruling on its Section 1292(b) motion and, if that motion granted, (b) the Seventh Circuit's resolution of Union Pacific's 1292(b) petition and (if permitted) appeal.

In the alternative, should the Court deny Union Pacific's Section 1292(b) motion and/or motion to stay discovery, Union Pacific's position is that fact discovery should be completed within ninety (90) days of the Court's order denying either or both motions. Expert discovery should proceed as follows:

2

- Reports from retained experts under Rule 26(a)(2) to be due from Plaintiffs twenty-one (21) days after the close of fact discovery;

- Reports from retained experts under Rule 26(a)(2) to be due from Union Pacific forty-five (45) days after deadline for Plaintiffs' expert reports;

- The Parties' rebuttal expert reports due forty-five (45) days after deadline for Union Pacific's expert reports; and

- Expert discovery to be completed forty-five (45) days after deadline for rebuttal expert reports.

Union Pacific proposes that dispositive motions be due forty-five (45) days after the close of expert discovery.

Plaintiffs' Position:

Plaintiffs' position is that discovery should resume and be completed within ninety (90) days of the Court's entry of a new scheduling order, and that dispositive motions shall be due within forty-five (45) days of the completion of discovery.

Dated: September 5, 2025	Respectfully submitted,

*/s/* David M. Bizar *(with consent)*	*/s/* Johanna Spellman
David M. Bizar, One of the Attorneys	Johanna Spellman, One of the Attorneys for
for Plaintiffs	Defendant Union Pacific Railroad Company

David M. Bizar	Sean M. Berkowitz (Illinois Bar No. 6209701)
DJC LAW, PLLC	   sean.berkowitz@lw.com
1012 W. Anderson Lane	Johanna Spellman (Illinois Bar No. 6293851)
Austin, Texas 78757	   johanna.spellman@lw.com
Telephone: 512.220.1800	Kathryn A. Running (Illinois Bar No. 6330369)
Email: dbizar@teamjustice.com	   kathryn.running@lw.com
	LATHAM & WATKINS LLP
Samuel L. Eirinberg	330 N. Wabash Avenue, Suite 2800
DJC LAW, PLLC	Chicago, Illinois 60611
140 S. Dearborn Street, Suite 1610	Telephone:  (312) 876-7700
Chicago, Illinois 60602	Facsimile:  (312) 993-9767
Telephone: 872.804.3400
Email: sam@teamjustice.com

	*Counsel for Union Pacific Railroad Company*
*Counsel for Plaintiffs*