**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERNEST PAYTON, TOMMY HILL, MARCUS WRIGHT, DAVID UTI, JORGE SANTOYO, MAURICE MADKINS, LLEWELLYN LENARD, TONY JOHNSON, JC JOHNSON II, PERISS CRAWFORD, SUNAIR RAMCHANDANI, and JEROME BUCKNER,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | Case No. 24-cv-153<br><br>District Judge Jorge L. Alonso<br><br>Magistrate Judge Heather K. McShain |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S OPPOSED MOTION TO CERTIFY AUGUST 25, 2025 ORDER FOR INTERLOCUTORY APPEAL**

Pursuant to 28 U.S.C. § 1292(b) and Appellate Rule 5(a)(3), Defendant Union Pacific Railroad Company respectfully moves the Court to certify for interlocutory appeal its order denying Union Pacific's motion for summary judgment. Dkt. 90.

## I. INTRODUCTION

Union Pacific seeks certification of the August 25, 2025 order so that the Seventh Circuit can address the following pure legal question: Whether Section 25(e) of BIPA requires only a temporal nexus—meaning that government contractors are exempt from BIPA during the same time that they maintain active government contracts—or whether it requires some further substantive nexus between government contracts and a contractor's alleged collection of biometric information. This Court held that Section 25(e) does not impose a purely temporal test, and that it instead "require[s] a nexus between the BIPA violation and the scope of the defendant's work with the government." Dkt. 90 at 5. Interlocutory appellate review of this contestable question

would promote the efficient resolution of this case because if the Seventh Circuit were to agree with Union Pacific that Section 25(e) requires only a temporal nexus, this case will end because Union Pacific indisputably had active government contracts throughout the relevant time period. Dkt. 65 at 8-12; Dkt. 76 at 8-21 (admitting to the existence of Union Pacific's government contracts).

The order satisfies Section 1292(b)'s criteria for interlocutory review. *First*, the question whether Section 25(e) imposes a purely temporal test is a question of law. *Second*, that question is controlling because, if answered in the affirmative, it would determine the outcome of this case. *Third*, the question is contestable, as demonstrated by the split of authority, thus presenting a substantial ground for difference of opinion. *Fourth*, certifying the order for interlocutory appeal, and allowing the Seventh Circuit the opportunity to definitively resolve the Section 25(e) question, would materially advance the ultimate termination of this litigation if the question is resolved in Union Pacific's favor.

## II. ARGUMENT

Section 1292(b) allows certification of interlocutory orders for immediate appeal if "four statutory criteria" are met: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000); *see also Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014) ("[W]hen the statutory criteria are met, the District Court has a duty to allow the appeal."). *First*, a "question of law" is a question about "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. *Second*, such a question "may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushi-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). *Third*, a question is

"contestable" if "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b); *see Clay v. Union Pac. R.R. Co.*, 2025 WL 1651529, at *3 (N.D. Ill. June 10, 2025). *Fourth*, certification is warranted when "an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), including by forestalling costly discovery and judicial proceedings, *see Sterk v. Path, Inc.*, 2014 WL 8813657, at *3 (N.D. Ill. Aug. 8, 2014).

### A. Whether Section 25(e) of BIPA Imposes A Purely Temporal Test Is A Controlling Question Of Law

The first two statutory criteria look to whether there is a controlling question of law. *Ahrenholz*, 219 F.3d at 677. The Section 25(e) question presented here qualifies.

In its summary judgment motion, Union Pacific argued that Section 25(e) imposes a purely temporal test for determining whether a government contractor is exempt from BIPA liability. Dkt. 65 at 13-16. And in its response to a brief filed by *amici* David Fleury and Alvin Turner (Dkt. 88), Union Pacific demonstrated that Illinois legislative drafting principles set forth in the Illinois Bill Drafting Manual show that Section 25(e) imposes a straightforward temporal test, and the Supreme Court's recent decision in *Feliciano v. Department of Transportation*, 145 S. Ct. 1284 (2025), confirms as much. Dkt. 88 at 9-12. In denying Union Pacific's motion, this Court's order rejected the purely temporal approach, reasoning that the General Assembly "intended to require a nexus between the BIPA violation and the scope of the defendant's work with the government"—that is, a substantive nexus, and not only a temporal one. Dkt. 90 at 5.

The Court's holding rests on "a controlling question of law." 28 U.S.C. § 1292(b). A "question of law" means "a question of the meaning of a statutory or constitutional provision." *Ahrenholz*, 219 F.3d at 676; *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010) ("abstract legal question[s]" are controlling under § 1292(b)). Whether Section 25(e)

imposes a purely temporal test is a pure question of statutory interpretation, turning solely on Illinois law, that "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677.

That purely legal question is also controlling because its resolution could "put an end to this litigation." *In re Potash Antitrust Litig.*, 2010 WL 11583542, at *2 (N.D. Ill. Jan. 13, 2010); *see also A.D. by and through Serrano v. Credit One Bank, N.A.*, 2016 WL 10612609, at *1 (N.D. Ill. Dec. 11, 2016) (similar). If the Seventh Circuit agrees with Union Pacific that Section 25(e) exempts from liability any entity that allegedly violates BIPA during the same time that the entity maintained active government contracts, that would bar Plaintiffs' claims in their entirety. Dkt. 65 at 13 (explaining that Union Pacific was a government contractor "at all relevant times"). As a result, the resolution of this pure legal question is "quite likely to affect the further course of the litigation," and is therefore controlling within the meaning of Section 1292(b). *Sokaogon*, 86 F.3d at 656.

**B. There Exists A Substantial Ground For Difference Of Opinion As To Whether Section 25(e) Imposes A Purely Temporal Test**

There is substantial ground for a difference of opinion on the question whether Section 25(e) imposes a purely temporal test; that is, "there [is a] contestable controlling legal question[] raised by the [Court's] order[]." *FTC v. Walmart Inc.*, 2024 WL 5054916, at *1 (N.D. Ill. Oct. 18, 2024); *see also In re Turkey Antitrust Litig.*, 2024 WL 5440057, at *1 (N.D. Ill. Oct. 16, 2024) (certifying an issue for interlocutory review that was "a valid contestable question, hotly debated by both parties"); *Sterk*, 2014 WL 8813657, at *2 (similar).

There is no controlling precedent from the Supreme Court of Illinois or the Seventh Circuit on the question and, as this Court acknowledged, there is an actual conflict of authority regarding whether Section 25(e) imposes a purely temporal test. One Illinois trial court read Section 25(e)

as requiring solely a temporal nexus, concluding "that any government contractor [is] categorically exempt" so long as it maintained an active government contract during the same period that it allegedly violated BIPA. Dkt. 90 at 5 (citing *Miranda v. Pexco, LLC*, No. 2021 CH 02127 (Ill. Cir. Ct. Aug. 23, 2023)). And this Court read other Illinois decisions as adopting a different approach, requiring that there be a substantive nexus between the government contract and the alleged BIPA violations as well. *See id.*

The Seventh Circuit could agree that *Miranda* correctly held that Section 25(e) imposes a purely temporal test. The Illinois Bill Drafting Manual carefully differentiates the word "if" from the word "when," instructing Illinois legislators that "'when' indicates a time" and "'if' indicates a condition." Dkt. 88 at 9-10. Thus, the Seventh Circuit could reasonably conclude that by using the word "when," Section 25(e) imposes a test that focuses on a defendant's status as a government contractor *at the time* that it allegedly violates BIPA. *Id.* (presenting this argument based on the Illinois Bill Drafting Manual).

The Supreme Court's recent decision in *Feliciano* offers further support for reading the word "when" to impose "a temporal condition alone." 145 S. Ct. at 1290-91; *see* Dkt. 88 at 10-12 (analyzing *Feliciano*). Plaintiffs and *Amici* proposed three different formulations of a substantive nexus that purportedly would satisfy Section 25(e), one of which this Court adopted in part. Dkt. 88 at 7-8; Dkt. 90 at 7. But none of those formulations is grounded in Section 25(e)'s text. And just as in *Feliciano*, there is "no principled way to determine what kind of substantive connection is necessary" under Section 25(e), which is "yet another sign that the law does not require any such connection" and instead imposes a temporal test alone. 145 S. Ct. at 1292.

Adopting the contrary interpretation of Section 25(e), this Court stated that "a categorical exemption would lead to absurd results in which a large company with a single government

contract would be categorically exempt from BIPA even when the company's BIPA violations were entirely unrelated to the contract." Dkt. 90 at 6. But the Illinois Supreme Court—in the context of analyzing BIPA—has explained that "where statutory language is clear, it must be given effect, 'even though the consequences may be harsh, unjust, absurd, or unwise.'" *Cothron v. White Castle Sys., Inc.*, 216 N.E.3d 918, 928 (Ill. 2023) (quoting *Petersen v. Wallach*, 764 N.E.2d 19, 24 (Ill. 2002)); *see* Dkt. 88 at 13-14. In *Cothron*, the Illinois Supreme Court adopted a statutory reading of BIPA that exposed private entities to "annihilative liability" and explained that it fell on the General Assembly, not courts, to address any "policy concerns" arising from the Supreme Court's reading of the statutory text. *Id.* at 929. As this Court explained in its summary judgment order, federal courts must give effect to "'Illinois' statutory interpretation rules.'" Dkt. 90 at 3 (quoting *Duerr v. Bradley Univ.*, 590 F. Supp. 3d 1160, 1168 (C.D. Ill. 2002)). The Seventh Circuit could reasonably hold that those rules require affording BIPA's provisions their plain meaning, any perceived absurdity aside.

This Court need not be "convinced that it came this/close to getting the wrong answer" for a question to be contestable for purposes of Section 1292(b). *Clay*, 2025 WL 1651529, at *3 (quotations and citation omitted); *see also id.* (disclaiming that a court must "change [its] mind" in order to "certify an interlocutory appeal"). Given the "novelty and complexity of the legal issue" here, and the differing views adopted by Illinois trial courts, there is substantial ground for disagreement regarding the proper statutory construction of Section 25(e). *Id.* In other words, because the Seventh Circuit may "reasonably side" with Union Pacific, certification is appropriate. *In re Lion Air Flight JT 610 Crash*, 2023 WL 3653217, at *6 (N.D. Ill. May 25, 2023).

### C. An Immediate Appeal Will Materially Advance the Termination Of This Litigation

Finally, certification is appropriate because "an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original). Here, the Section 25(e) question is likely the entire ballgame. If, as Union Pacific contends, Section 25(e) exempts defendants that allegedly violate BIPA's substantive provisions during the time they serve as a government contractor, the case will be over. *See In re Potash Antitrust Litig.*, 2010 WL 11583542, at *2 (explaining that resolving the legal issue would "speed up the litigation" by ending the case entirely).

What is more, the Seventh Circuit has repeatedly granted petitions for interlocutory appeal in BIPA cases. In *Cothron v. White Castle System, Inc.*, the Seventh Circuit granted a Section 1292(b) petition to address whether a claim accrues under BIPA for each and every scan of a person's biometric identifier. 20 F.4th 1156, 1159 (7th Cir. 2021). In *Svoboda v. Amazon.com Inc.*, the Seventh Circuit granted Amazon's Rule 23(f) petition for permission to appeal a class certification order raising critical legal issues regarding the appropriateness of class certification in BIPA cases, including whether the availability of large damages awards for individual class members and the discretionary nature of such awards defeats predominance and superiority under Rule 23(b)(3). *See* Order, Mar. 3, 2025, No. 25-8001 (7th Cir.); *Svoboda v. Amazon.com Inc.*, No. 25-1361 (7th Cir.) (argument set Sept. 9, 2025). And in *Union Pacific Railroad Co. v. Clay*, the Seventh Circuit granted another Section 1292(b) petition in a BIPA case, this time concerning whether Illinois retroactivity principles require applying retroactively a recent BIPA amendment that curtails the availability of statutory damages under the Act. *See* Order, July 10, 2025, No. 25-8011 (7th Cir.); *Clay v. Union Pac. R.R. Co.*, No. 25-2185 (7th Cir.).

These recent decisions reflect the Seventh Circuit's attentiveness to the novel and important legal questions involved in scores of BIPA cases pending throughout the Circuit. This case raises yet another novel legal question regarding BIPA's proper interpretation, one that is potentially case dispositive. Whether Section 25(e) imposes a purely temporal test will have ramifications not just for this case, but for every other BIPA case in which the defendant is a government contractor. And just as the Seventh Circuit has determined that interlocutory resolution of critical legal questions was appropriate in *Cothron*, *Amazon*, and *Clay*, the case dispositive legal question presented here likewise favors certification under Section 1292(b).

## III. CONCLUSION

This Court should certify its August 25, 2025 order (Dkt. 90) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Appellate Rule 5(a)(3).

Dated: September 10, 2025

Respectfully submitted,

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for Defendant Union Pacific Railroad Company

Sean M. Berkowitz (Illinois Bar No. 6209701)
sean.berkowitz@lw.com
Johanna Spellman (Illinois Bar No. 6293851)
johanna.spellman@lw.com
Kathryn A. Running (Illinois Bar No. 6330369)
kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Counsel for Defendant Union Pacific Railroad Company*

**CERTIFICATE OF SERVICE**

I, Johanna Spellman, hereby certify that on September 10, 2025, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which provides service to all counsel of record.

Dated: September 10, 2025

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for Defendant Union Pacific Railroad Company

Johanna Spellman (Illinois Bar No. 6293851)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: johanna.spellman@lw.com