IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ernest Payton, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 24 C 153 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| Union Pacific Railroad Company, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs contend that Defendant Union Pacific Railroad Company collected their fingerprints in violation of the Illinois Biometric Information Privacy Act ("BIPA"). Union Pacific moved for summary judgment on the basis that it is exempt from BIPA claims. The Court denied Union Pacific's motion at R. 90 ("Decision"). Union Pacific now moves for the Court to certify the Decision for interlocutory appeal. The motion to certify is granted.

**Discussion**

A district may certify an otherwise non-appealable order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has explained that § 1292(b) provides "four statutory criteria" as follows: 1) there must be a question of law; 2) it must be controlling; 3) it must be contestable; and 4) its resolution must promise to speed up the litigation. *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). The district court has a "duty . . . to allow an intermediate appeal to be taken when the statutory criteria are met." *Id.* at 677.

I.  **Question of Law**

As used in § 1292(b), a "question of law" refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. In other words, it must be a "pure" question of law which the court of appeals can decide "quickly and cleanly without having to study the record." *Id.* at 677. Here, in relevant part, BIPA provides: "Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e). Union Pacific argues that the language of § 25(e) imposes a "purely temporal test for determining whether a government contractor is exempt from BIPA liability." R. 93 at 3. In ruling on summary judgment, however, the Court rejected the purely temporal test and found that for a government contractor to be exempt, the BIPA violation must have occurred "within the scope" of a government contract. R. 90 at 6. The issue for interlocutory appeal does not concern whether or not the BIPA violations in this case were within the scope of any particular government contracts. Rather, the issue remains abstracted from the facts as a pure question of law: Does § 25(e) impose a purely temporal test or must the BIPA violation occur within the scope of a government contract?

II.  **Controlling**

"For an issue to be controlling, it must be likely to affect the course of the litigation that save time and expense for the district court." *Lysengen v. Argent Tr. Co.*, 2024 WL 2032927, at *3 (C.D. Ill. May 6, 2024). Certainly, an issue is controlling if its resolution "could put an end to [the] litigation." *In re Potash Antitrust Litig.*, 2010 WL 11583542, at *2 (N.D. Ill. Jan. 13, 2010). Here, if the Seventh Circuit affirms that § 25(e) requires a nexus, the case would return to this Court to determine if Union Pacific's BIPA violations occurred within the scope of Union Pacific's

2

government contracts. If the Seventh Circuit finds, however, that § 25(e) imposes a purely temporal test, that would immediately end the litigation as Union Pacific would be categorically exempt from BIPA. The issue is thus controlling.

### III. Contestable

"A question is contestable when substantial grounds for a difference of opinion exist." *In re Lion Air Flight JT 610 Crash*, 2023 WL 3653217, at *4 (N.D. Ill. May 25, 2023). It must be a "difficult central question of law which is not settled by controlling authority," and there must exist a "substantial likelihood" that the district court's ruling will be reversed. *Id.* (citations omitted). First, there is no controlling authority that decides this question. Neither the Seventh Circuit nor the Illinois Supreme Court has weighed in. As the Court described in its opinion, the question has been addressed by just one Illinois appellate court and three Illinois trial courts, and these courts were divided. R. 90 at 4–5. Second, though the Court believes its opinion was rightly decided, the Court recognizes that both parties offer reasonable interpretations of the statutory language at issue. The issue is thus contestable.

### IV. Impact on Speed of the Litigation

The final element is satisfied if "an immediate appeal may materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2013). As stated above, if the Seventh Circuit agrees with Union Pacific's interpretation of the statute, then Defendants would be entitled to summary judgment, and the case would be over. Such a result would materially advance the litigation.[1]

---

[1] The Court notes that a decision on this issue would streamline future BIPA cases as well. The Court also notes that the Seventh Circuit has previously granted petitions for interlocutory appeals in other BIPA cases where the parties have raised novel issues of BIPA's interpretation. *See, e.g., Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156 (7th Cir. 2021).

**Conclusion**

For the foregoing reasons, Union Pacific's motion [93] is granted, and the Court certifies its Decision [90] for interlocutory appeal. The case is stayed pending resolution of the interlocutory appeal, and the parties shall file a joint status report within 10 days of that resolution.

**SO ORDERED.**  ENTERED: October 28, 2025

**HON. JORGE L. ALONSO**
**United States District Judge**